# EXHIBIT A

FILED
7/8/2026 3:18 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00079
Calendar, 15
38920434

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| MARCY LUCCHESI, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALIZED EDUCATION OF ILLINOIS, INC., SPECIALIZED EDUCATION SERVICES, INC., and FB TOPCO, INC.,<br><br>Defendants. | ) | Case No. 2024-CH-00079<br><br>Hon. William B. Sullivan<br><br>Calendar 15 |

**DEFENDANTS' SECTION 2-619.1 COMBINED MOTION FOR INVOLUNTARY DISMISSAL UNDER SECTION 2-619(A)(9) AND FOR SUMMARY JUDGMENT UNDER SECTION 2-1005**

Defendants Specialized Education of Illinois, Inc. ("SEI"), Specialized Education Services, Inc. ("SESI"), and FB Topco, Inc. d/b/a FullBloom ("FullBloom") (collectively, "Defendants"), pursuant to 735 ILCS 5/2-619(a)(9) and 735 ILCS 5/2-1005(b), respectfully request that the Court dismiss Plaintiff's Second Amended Complaint (the "SAC") with prejudice and/or grant summary judgment in Defendants' favor.

## I. INTRODUCTION

Plaintiff Marcy Lucchesi ("Plaintiff") should never have brought this case. Plaintiff claims that Defendants violated the Illinois Genetic Information Privacy Act (the "GIPA"), 410 ILCS 513/25(c)(1), on July 29, 2021, by requiring as a condition of employment that she disclose her family medical history during a pre-employment physical examination. After undergoing the physical exam, Plaintiff filed a Chapter 7 bankruptcy petition without disclosing the present GIPA claim to the bankruptcy court. Instead, she affirmatively represented to the bankruptcy court, under penalty of perjury, that she had no claims against third parties. The bankruptcy court ultimately

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

discharged her debt on January 17, 2023, but her undisclosed GIPA claim was never scheduled, administered, or abandoned by the bankruptcy trustee and remains the property of the bankruptcy estate. Therefore, this Court should not let Plaintiff continue litigating this case for two reasons.

***First***, Plaintiff is not the real party in interest to this lawsuit, and she lacks standing to pursue it. It is undisputed that the facts giving rise to Plaintiff's GIPA claim occurred ***before*** she filed her bankruptcy petition in October 2022, that the bankruptcy trustee knew nothing about the GIPA claim and thus did not abandon it, and that the bankruptcy court discharged Plaintiff's debts without knowledge of the claim. Accordingly, the claim remains estate property, and the Chapter 7 trustee holds exclusive authority to prosecute the claim.

***Second***, the doctrine of judicial estoppel independently bars Plaintiff from maintaining this action. Plaintiff took two factually inconsistent positions in separate judicial proceedings, intending for the triers of fact to accept the truth of the facts alleged, and she received a benefit in the first proceeding by obtaining a discharge in bankruptcy. Plaintiff's decision to take these inconsistent positions was not inadvertent, as evidenced by (i) Plaintiff having previously encountered the doctrine of judicial estoppel after she failed to disclose a legal claim in one of her prior bankruptcy cases and (ii) Plaintiff failing to disclose at least two further claims (in addition to her GIPA claim) to the bankruptcy court in connection with her 2022 bankruptcy case. Plaintiff, having sworn that she had no claims against third parties to obtain the benefit of a discharge in bankruptcy, cannot now reverse course and assert the very claim she concealed.

For these reasons and those set forth below, Defendants respectfully request that the Court grant their combined Motion for Involuntary Dismissal and for Summary Judgment and dismiss Plaintiff's SAC with prejudice.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

## II. BACKGROUND

### A. Plaintiff's Allegations And Procedural History

Plaintiff alleges that she applied and was hired for a position with SEI in or around June 2021. SAC ¶ 36. She claims that, as part of the hiring process, she had to submit to a physical examination on July 29, 2021, during which she was questioned about her family medical history. *Id.* ¶¶ 37, 39. Based on these allegations, Plaintiff asserts that Defendants directly or indirectly solicited, requested, or required her to disclose her genetic information "as a condition of employment" in violation of Section 25(c)(1) of the GIPA. *Id.* ¶¶ 41, 45.

Defendants moved to dismiss Plaintiff's SAC on September 29, 2025, arguing that Plaintiff (i) failed to adequately allege that Defendants "directly or indirectly" solicited her family medical history, (ii) failed to allege that Defendants conditioned Plaintiff's employment on any request for her family medical history, and (iii) failed to satisfy Illinois's fact-pleading standard relative to any alleged violation of Section 25(c)(1) of the GIPA. The Court denied the motion to dismiss on May 6, 2026, after which Defendants filed their Answer and Affirmative Defenses to Plaintiff's SAC on June 3, 2026.

On or around June 16, 2026, and in connection with counsel's pre-discovery fact investigation, Defendants' counsel first learned of the Chapter 7 bankruptcy case that Plaintiff filed on October 4, 2022, in Case No. 22-11481. *See* Aff. of Tyler Zmick ¶ 3 (attached as **Exhibit A**).

### B. Undisputed Facts

On October 4, 2022 – over 14 months after the pre-employment physical at issue in the SAC – Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois. *See* Aff. Of Tyler Zmick. **Ex. 1**, *In re Lucchesi*, Case No. 22-11481, Doc. 1, Voluntary Petition for Individuals Filing for Bankruptcy

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

(Bankr. N.D. Ill. Oct. 4, 2022).[1] Plaintiff listed $10,856 in total assets and $51,309.10 in total liabilities on her bankruptcy petition filed in Case No. 22-11481 (the "2022 Bankruptcy"). *Id.* at 9. When asked whether she had any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment," Plaintiff checked "No." *Id.* at 15. When asked whether she had any "[o]ther contingent and unliquidated claims," Plaintiff only disclosed an unspecified potential consumer-protection claim. *Id.* (describing claim as "[a]ny cause of action available to Debtor for violation of any consumer protection laws, the Fair Credit Reporting Act, or any other potential cause of action against any creditor reporting information on Debtor's credit report"). When asked if she had any other financial assets or property that she had not listed, Plaintiff checked "No." *Id.* Plaintiff did not identify any GIPA claim, any employment-related claim, any genetic privacy-related claim, or any claim whatsoever against Defendants. *See id.* Plaintiff affirmed under penalty of perjury that the information provided in the petition, including the various schedules and the Statement of Financial Affairs, was "true and correct." *Id.* at 46, 55.

Based on Plaintiff's representations to the trustee and the bankruptcy court and her testimony provided during the creditors' meeting held on November 14, 2022, *see* **Ex. 2** at 2 (PACER Docket Report for *In Re Lucchesi*, Case No. 22-11481 (Bankr. N.D. Ill.)), the bankruptcy court discharged Plaintiff's debts on January 17, 2023. **Ex. 3**, *In Re Lucchesi*, Case No. 22-11481, Doc. 13, Order of Discharge (Bankr. N.D. Ill. Jan. 17, 2023). The case was then closed. Plaintiff's GIPA claim was never scheduled, never administered, and never abandoned by the Chapter 7 trustee. As of the filing of this Motion, there is no indication that Plaintiff ever informed the trustee or the bankruptcy court of the existence of her alleged pre-petition GIPA claim against Defendants. After receiving her bankruptcy discharge, Plaintiff filed this putative class action in 2024, asserting

[1] Exhibits identified by number (as opposed to letter) refer to Exhibits 1-12 of the Affidavit of Tyler Zmick.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

a single GIPA count against Defendants based on the pre-employment physical exam she underwent in July 2021. *See, e.g.*, SAC ¶ 37.

In her 2022 Bankruptcy petition, Plaintiff identified four bankruptcy cases she had previously filed in the U.S. Bankruptcy Court for the Northern District of Illinois: Case No. 92-18459 (filed Aug. 18, 1992); Case No. 94-13632 (filed July 7, 1995); Case No. 02-21571 (filed June 3, 2002); and Case No. 11-31149 (filed July 29, 2011). Ex. 1 at 8. While the latter case, Case No. 11-31149 (the "2011 Bankruptcy"), was pending before the bankruptcy court, Plaintiff filed a lawsuit against David J. Axelrod & Associates, Ltd. ("Axelrod") on October 12, 2011, for an alleged violation of the Fair Debt Collection Practices Act (the "FDCPA") that she did not disclose to the bankruptcy court. **Ex. 4**, *In re Lucchesi*, Case No. 11-31149, Doc. 1, Voluntary Petition (Bankr. N.D. Ill. July 29, 2011); **Ex. 5**, *Lucchesi v. David J. Axelrod & Assocs.*, Case No. 11-cv-07213, ECF No. 1, Compl. (N.D. Ill. Oct. 12, 2011). On October 19, 2011, the bankruptcy court discharged Plaintiff's debts. **Ex. 6**, *In Re Lucchesi*, Case No. 11-31149, Doc. 18, Discharge of Debtor (Bankr. N.D. Ill.). On December 13, 2011, Axelrod moved to dismiss Plaintiff's FDCPA lawsuit under the doctrine of judicial estoppel based on Plaintiff's failure to disclose her FDCPA claim to the bankruptcy court in connection with the 2011 Bankruptcy. **Ex. 7**, *Lucchesi v. David J. Axelrod & Assocs.*, Case No. 11-cv-07213, ECF No. 8, Mem. In Supp. of Mot. to Dismiss (N.D. Ill.). Later that same day, Plaintiff voluntarily dismissed her FDCPA lawsuit with prejudice. **Ex. 8**, *Lucchesi v. David J. Axelrod & Assocs.*, Case No. 11-cv-07213, ECF No. 10, Notice of Dismissal With Prejudice (N.D. Ill. Dec. 13, 2011).

## III. LEGAL STANDARD

### A. Involuntary Dismissal

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Section 2-619(a)(9) of the Illinois Code of Civil Procedure permits a defendant to move for dismissal when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9). "Lack of standing is an 'affirmative matter' that is properly raised under section 2–619(a)(9)." *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). In ruling on a Section 2-619 motion, the Court may "take judicial notice of facts contained in public records where such notice will aid in the efficient disposition of the case." *Advoc. Health & Hosps. Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004). Courts may judicially notice public court records, including bankruptcy filings and discharge orders. *Deweese v. Stratford Career Institute, Inc.*, 2014 IL App (1st) 140074, ¶ 14 ("The court records of plaintiffs' federal bankruptcy filings … are among the readily verifiable facts of which we may properly take judicial notice.").

**B. Summary Judgment**

Courts must grant summary judgment where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c). Summary judgment should "be encouraged as an aid in the expeditious disposition of a lawsuit." *Adams v. N. Ill. Gas Co.*, 211 Ill.2d 32, 43 (2004). Therefore, motions for summary judgment should be granted "when the right of the moving party is clear and free from doubt." *Id.*

## IV. ARGUMENT

### A. The Court Should Dismiss The SAC Because Plaintiff Lacks Standing To Prosecute Her GIPA Claim, Which Belongs To The Bankruptcy Estate (Sections 2-619(a)(9) And 2-1005)

The Court should dismiss the SAC because Plaintiff lacks standing to bring her GIPA claim. That claim – which accrued in July 2021 – belongs to the bankruptcy estate that was created

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

when Plaintiff filed her Chapter 7 bankruptcy petition on October 4, 2022. "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit" and "thus ensures that only parties who have 'a sufficient stake in the outcome of the controversy' are presenting the issues to a court." *Colon v. Illinois Cent. R.R. Co.*, 2024 IL App (1st) 221841, ¶ 49 (citations omitted).

Under 11 U.S.C. § 541(a)(1), the filing of a bankruptcy petition creates an estate comprising "all legal or equitable interests of the debtor in property as of the commencement of the case." These "interests" include all pre-petition causes of action, whether or not the debtor has filed suit. *See Bd. of Managers of 1120 Club Condo. Ass'n v. 1120 Club, LLC*, 2016 IL App (1st) 143849, ¶ 41 ("[O]nce a bankruptcy action is instituted, all unliquidated lawsuits become part of the bankruptcy estate and only the bankruptcy trustee has standing to pursue them."). Therefore, once the debtor files a petition, the "debtor is divested of standing to pursue [the claims]." *Id.*

A debtor has an affirmative duty to disclose all assets, including legal claims, to the bankruptcy court. 11 U.S.C. § 521(a). When a debtor fails to disclose assets to the bankruptcy court (like Plaintiff in this case), the undisclosed assets become property of the estate; any such property that is not scheduled, administered, or abandoned remains the property of the estate even after the bankruptcy matter concludes. *See* 11 U.S.C. § 554(d); *Barnes v. Lolling*, 2017 IL App (3d) 150157, ¶ 15 ("Undisclosed assets, including undisclosed legal claims accruing while the bankruptcy is ongoing, remain property of the estate even after the bankruptcy case is closed.").

State and federal courts in Illinois consistently apply this analysis to dismiss claims brought by plaintiffs who did not disclose their claims in prior bankruptcy proceedings. In *Barnes v. Lolling*, for example, the plaintiff failed to disclose a personal injury claim during Chapter 13 bankruptcy proceedings, received a debt discharge, and later filed his personal injury suit

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

individually. 2017 IL App (3d) 150157, ¶ 17. In affirming summary judgment for defendants based on the plaintiff's lack of standing to bring the personal injury claim, the Illinois Appellate Court explained that "a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf." *Id.* ¶ 16 (internal quotation marks omitted). Because the plaintiff's claim belonged to the bankruptcy estate, the plaintiff lacked standing to maintain her lawsuit. *Id.* ¶¶ 17-18.

Federal courts have ruled similarly. In *Ulysse v. Elgin Community College*, for instance, the plaintiff filed an employment discrimination complaint in November 2019 and subsequently filed for Chapter 7 bankruptcy in March 2020. 2021 U.S. Dist. LEXIS 215968, at *2-9 (N.D. Ill. Mar. 22, 2021). As here, the plaintiff never disclosed his employment claim to the bankruptcy court, and the bankruptcy court discharged his debts. *Id.* at *6-7. The court in the discrimination case dismissed the plaintiff's undisclosed claim with prejudice "because [p]laintiff never gave the trustee the opportunity to waive the claim" and it thus "remain[ed] property of the estate." *Id.* at *7-9; *see also Wendelken v. James Hardie Bldg. Prods.*, 2018 U.S. Dist. LEXIS 101062, at *5-6 (N.D. Ill. June 18, 2018) ("Although Wendelken had not yet sued James Hardie when he filed for bankruptcy, the events that formed the basis for his legal claim had already occurred. … And the trustee could not have abandoned a claim that she did not know about."); *Branson v. Caterpillar, Inc.*, 2026 U.S. Dist. LEXIS 72670, at *4-7 (N.D. Ill. Apr. 2, 2026) (granting judgment on the pleadings for defendant because plaintiff's GIPA claim remained property of bankruptcy estate).

Here, Plaintiff's GIPA claim accrued on July 29, 2021 – the date of the alleged pre-employment physical during which she was purportedly asked to disclose her family medical history. *See* SAC ¶ 37. Plaintiff later filed for Chapter 7 bankruptcy on October 4, 2022, without

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

disclosing the GIPA claim to the bankruptcy court. *See* Ex. 1 at 15. The trustee never administered the claim, abandoned it, or dismissed it. Plaintiff's GIPA claim has therefore belonged to the estate ever since Plaintiff filed her 2022 Bankruptcy petition, and it has remained the estate's property even after the bankruptcy court discharged Plaintiff's debt on January 17, 2023. *See* Ex. 3. Only the Chapter 7 trustee, not Plaintiff, can prosecute the GIPA claim asserted in this case. Accordingly, this Court should dismiss Plaintiff's SAC with prejudice for lack of standing. *See Dlugi v. GPM Midwest, LLC*, 2024 IL App (4th) 240080-U, ¶ 14 (affirming summary judgment for defendants where "plaintiff lacked standing to pursue his personal injury claim because the claim belonged to the bankruptcy estate").

**B. Plaintiff's Claim Is Also Barred By Judicial Estoppel (Section 2-1005)**

Even if Plaintiff had standing to assert her GIPA claim in this case (she does not), the claim would still be subject to dismissal under the doctrine of judicial estoppel. Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from 'deliberately changing positions' according to the exigencies of the moment." *People v. Palmer*, 2021 IL 125621, ¶ 74 (quoting *Seymour v. Collins*, 2015 IL 118432, ¶ 26). Illinois courts determine whether to dismiss claims based on judicial estoppel using a two-step analysis. First, "the trial court must … determine whether the prerequisites for application of judicial estoppel have been met." *Barnes*, 2017 IL App (3d) 150157, ¶ 20. Specifically, the party to be estopped must have "(1) taken two positions (2) that are factually inconsistent (3) in separate judicial or quasi-judicial administrative proceedings (4) intending for the trier of fact to accept the truth of the facts alleged and (5) … succeeded in the first proceeding and received some benefit from it." *Smith v. Integrated Mgmt. Servs., LLC*, 2019 IL App (3d) 180576, ¶ 16. If all five elements are satisfied, courts then consider whether the party's inconsistent positions reflect an "intent to deceive and/or manipulate." *Seymour*, 2015 IL 118432,

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

¶ 64. Here, all five prerequisites are satisfied, and the facts show that Plaintiff's inconsistent positions taken before the bankruptcy court and this Court did not result from "inadvertence or mistake."

**1. The Five Prerequisites For Judicial Estoppel Are Satisfied**

***First***, the initial two requirements are easily satisfied because Plaintiff has taken two factually inconsistent positions. In her 2022 Bankruptcy case, Plaintiff swore under penalty of perjury that she had no claims against third parties. *See* Ex. 1 at 15. In this lawsuit, Plaintiff asserts a GIPA claim against Defendants that is allegedly worth up to $15,000 per statutory violation arising from events that predated her bankruptcy case by over one year. *See* SAC at p. 14. These positions are irreconcilable. *See Barnes*, 2017 IL App (3d) 150157, ¶ 22 ("Barnes took inconsistent positions by: (1) failing to inform the bankruptcy court of her new asset of a personal injury cause of action, thus representing that no claim existed, and (2) filing this cause of action."); *Shoup v. Gore*, 2014 IL App (4th) 130911, ¶ 18 (holding that plaintiff took two inconsistent positions "by impliedly representing to the bankruptcy court he had no pending lawsuit while, at the same time, pursuing damages in a lawsuit in state court").

***Second***, Plaintiff took these conflicting positions in two separate judicial proceedings. The first position (*i.e.*, that she had no legal claims against any third parties as of the filing of her 2022 Bankruptcy) was taken in the U.S. Bankruptcy Court for the Northern District of Illinois, *see* Ex. 1 at 15; the second position (*i.e.*, that she has a colorable GIPA claim) was taken by filing her GIPA complaint in this Court. *See Smith*, 2019 IL App (3d) 180576 ¶ 17 ("Plaintiff satisfied the third prerequisite by taking these inconsistent positions in two separate judicial proceedings: the bankruptcy case and the personal injury action.").

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

***Third***, Plaintiff intended for the courts to accept the inconsistent positions. Plaintiff signed her bankruptcy schedules under penalty of perjury, *see* Ex. 1 at 46, 55, intending for the bankruptcy court to accept her representation that she held no third-party claims. The bankruptcy court relied on that representation in administering the case and granting the requested discharge. *See* Ex. 3. Plaintiff then filed her GIPA claim in this Court, requesting relief for a claim that she previously represented did not exist. *See* SAC at p. 14 (seeking relief in the form of, *inter alia*, "statutory damages of $15,000 for each reckless or intentional violation of GIPA"). This Court has relied on Plaintiff's allegation that she has a viable GIPA claim and that she has an interest in that claim.

***Fourth***, Plaintiff succeeded in and received a benefit from her bankruptcy case – namely, a Chapter 7 discharge order extinguishing over $35,000 in unsecured debt. *See* Ex. 3. That discharge was premised on the completeness of her disclosures and constitutes a substantial benefit. *See Barnes*, 2017 IL App (3d) 150157, ¶ 22 ("[Plaintiff] received a benefit from the bankruptcy proceeding by having more than $92,000 of her unsecured debt discharged in bankruptcy without having to increase her payments to her creditors in light of the claim."). Accordingly, all five prerequisites for judicial estoppel are met.

**2. The Facts Show That Dismissal Under Judicial Estoppel Is Warranted**

Furthermore, Plaintiff's nondisclosure of her GIPA claim was intentional and/or not inadvertent, as evidenced by (i) Plaintiff failing to disclose her GIPA claim in her 2022 Bankruptcy, (ii) Plaintiff facing a judicial estoppel argument based on her failure to disclose an unasserted legal claim in a previous bankruptcy case that she filed, and (iii) Plaintiff failing to disclose at least two ***additional*** claims (apart from her GIPA claim) in her 2022 Bankruptcy.

As noted, bankruptcy form Schedule A/B requires petitioners to disclose claims against third parties, explicitly referencing "employment disputes" as examples. *See* Ex. 1 at 15. Plaintiff

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

represented that she had no such claims, despite her alleged GIPA claim arising directly from an employment-related event that predated the filing of her 2022 Bankruptcy. And Plaintiff failed to disclose the claim despite a demonstrated awareness of how to disclose contingent claims, as shown by her listing a consumer-protection claim in her bankruptcy petition. *See id.* Her selective disclosure of one legal claim while omitting another suggests deliberation, not inadvertence.

Moreover, Plaintiff's extensive bankruptcy experience establishes that her nondisclosure was not inadvertent. She filed four prior bankruptcy petitions (in 1992, 1995, 2002, and 2011) before filing her most recent bankruptcy case on October 4, 2022. Plaintiff also previously failed to disclose all contingent and unliquidated claims in connection with the petition she filed on July 29, 2011, in the 2011 Bankruptcy. *See* Ex. 7 at 1-2 (noting that Plaintiff did not disclose to the bankruptcy court or trustee the "pre-petition FDCPA claims she asserts in this case against Axelrod" and that Plaintiff falsely testified during creditors' meeting "that she had never filed bankruptcy before, in spite of the fact she had actually filed bankruptcy no less than three times prior"). Indeed, the *Axelrod* defendant moved to dismiss Plaintiff's FDCPA case on judicial estoppel grounds in a case Plaintiff filed in 2011, thereby establishing Plaintiff's knowledge of the need to disclose all existing legal claims in her bankruptcy filings. *See also* Ex. 8 (Plaintiff's voluntary dismissal of FDCPA lawsuit with prejudice, filed the same day that the *Axelrod* defendant moved to dismiss on judicial estoppel grounds). Simply put, a debtor with Plaintiff's familiarity with bankruptcy cannot plausibly claim ignorance of her duty to disclose legal claims or that her failure to disclose was inadvertent. *See Barnes*, 2017 IL App (3d) 150157, ¶ 24 (finding intent where debtor knew of basis for his claim before bankruptcy and only sought to file that claim after bankruptcy court discharged her debt); *cf. Smith*, 2019 IL App (3d) 180576, ¶ 26 ("No reasonable person would find these misrepresentations innocent.").

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Furthermore, Plaintiff's GIPA claim is not the only claim she failed to disclose in her 2022 Bankruptcy petition. Public records show that Plaintiff has asserted at least two additional claims that should have been (but were not) identified in her 2022 Bankruptcy petition. ***First***, Plaintiff was one of thousands of petitioners to assert claims against Epson America, Inc. ("Epson") under consumer protection laws and the federal Computer Fraud and Abuse Act. *See* **Ex. 9**, *Aaron v. Epson America, Inc.*, Case No. 24-CV-01712, ECF No. 28, Verified Sec. Am. Consolidated Petition to Compel Arbitration and for Sanctions at p. 1 n.1, ¶ 8 (Nov. 5, 2024); **Ex. 10**, *Aaron*, ECF No. 28-1 at 30 (Exhibit A to Consolidated Petition to Compel Arbitration identifying Plaintiff as petitioner who allegedly purchased a printer model at issue in *Aaron* case). Public records confirm that the claims Plaintiff asserted in *Aaron* accrued before her discharge in bankruptcy in January 2023 and thus should have been disclosed during the 2022 Bankruptcy. *See* **Ex. 11**, *Aaron*, ECF No. 28-31 at pp. 7, 28 (Complaint for Declaratory Injunctive Relief filed in the Superior Court for the County of Orange, California on March 10, 2023, identifying Plaintiff as individual who asserted various claims against Epson in 2022). ***Second***, Plaintiff was a named plaintiff in a putative class action filed against Hisamitsu America, Inc. in the U.S. District Court for the Northern District of California involving "over-the-counter and prescription products including transdermal patches and skin care products." **Ex. 12**, *Hrapoff v. Hisamitsu America, Inc.*, Case No. 21-cv-01943, ECF No. 100, Second Am. Compl. ¶¶ 1, 144-66 (N.D. Cal. Sept. 13, 2023) (identifying Plaintiff as proposed representative of Illinois subclass regarding claims asserted under Illinois Consumer Fraud and Deceptive Business Practices Act and Illinois Uniform Deceptive Trade Practices Act).

Plaintiff's omission of these claims impacted her 2022 Bankruptcy. Had she disclosed them, the claims would have been available for administration and distribution to creditors holding

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

over $35,000 in nonpriority unsecured debt. Instead, those creditors received nothing, while Plaintiff's debt was discharged. *See Barnes*, 2017 IL App (3d) 150157, ¶ 26 (concealment had a "significant impact" where claim worth over $50,000 was hidden from creditors and plaintiff had "more than $92,000 in unsecured debt discharged in bankruptcy").

Accordingly, because the five prerequisites for judicial estoppel are satisfied, and because the facts show that Plaintiff's failure to disclose her GIPA claim in her 2022 Bankruptcy petition was not inadvertent, the Court should grant summary judgment for Defendants under the doctrine of judicial estoppel.

## V. CONCLUSION

For these reasons, Defendants respectfully request that the Court (i) dismiss Plaintiff's GIPA claim and grant summary judgment in their favor; (ii) dismiss Plaintiff's SAC in its entirety and with prejudice; and (iii) grant any other relief the Court deems appropriate.

**Dated: July 8, 2026**

**SPECIALIZED EDUCATION OF ILLINOIS, INC.,** ***et al.***

By: */s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
(GMaatman@duanemorris.com)
Jennifer A. Riley
(JARiley@duanemorris.com)
Tyler Zmick
(TZmick@duanemorris.com)
Hayley Ryan
(HHRyan@duanemorris.com)
Brett Bohan
(BBohan@duanemorris.com)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 499-6700
Firm ID No. 38820

***Attorneys for Defendants***

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 8, 2026, he caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Circuit Court of Cook County, Illinois and to be served on the following counsel of record through the Court's filing system:

Paul T. Geske
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C.
55 West Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
pgeske@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff*

Under penalties as provided by law, pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the above certificate of service are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 15

FILED
7/8/2026 3:18 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00079
Calendar, 15
38920434

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT A

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| MARCY LUCCHESI, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALIZED EDUCATION OF ILLINOIS, INC., SPECIALIZED EDUCATION SERVICES, INC., and FB TOPCO, INC.,<br><br>Defendants. | ) | Case No. 2024-CH-00079<br><br>Hon. William B. Sullivan<br><br>Calendar 15 |

**AFFIDAVIT OF TYLER ZMICK**

I, Tyler Zmick, in accordance with 735 ILCS 5/1-109, state as follows:

1. I am over the age of 18 and competent to testify if called to do so. This affidavit is based on my personal knowledge and on publicly available court filings in the cases referenced below.

2. I am an attorney with Duane Morris LLP. I represent Defendants Specialized Education of Illinois, Inc., Specialized Education Services, Inc., and FB Topco, Inc. (collectively, “Defendants”) in the above-captioned litigation.

3. While conducting a pre-discovery fact investigation on or around June 16, 2026, I learned that Plaintiff Marcy Lucchesi (“Plaintiff”) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois on October 4, 2022, in Case No. 22-11481.

4. Attached hereto as **Exhibit 1** is a true and accurate copy of the Voluntary Petition for Individuals Filing for Bankruptcy filed by Plaintiff on October 4, 2022, in *In re Lucchesi*, Case No. 22-11481 (Bankr. N.D. Ill.).

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

5. Attached hereto as **Exhibit 2** is a true and accurate copy of the PACER Docket Report regarding *In re Lucchesi*, Case No. 22-11481 (Bankr. N.D. Ill.), as it appeared on June 24, 2026.

6. Attached hereto as **Exhibit 3** is a true and accurate copy of an Order of Discharge entered by the U.S. Bankruptcy Court for the Northern District of Illinois on January 17, 2023, in *In re Lucchesi*, Case No. 22-11481 (Bankr. N.D. Ill.).

7. Attached hereto as **Exhibit 4** is a true and accurate copy of a Voluntary Petition filed on July 29, 2011, in *In re Lucchesi*, Case No. 11-31149 (Bankr. N.D. Ill.).

8. Attached hereto as **Exhibit 5** is a true and accurate copy of a Complaint filed on October 12, 2011, in *Lucchesi v. David J. Axelrod & Assocs.*, Case No. 11-cv-07213 (N.D. Ill.).

9. Attached hereto as **Exhibit 6** is a true and accurate copy of a discharge order entered by the U.S. Bankruptcy Court for the Northern District of Illinois on October 19, 2011, in *In re Lucchesi*, Case No. 11-31149 (Bankr. N.D. Ill.).

10. Attached hereto as **Exhibit 7** are true and accurate copies of a Memorandum in Support of Defendant's Motion to Dismiss and accompanying Exhibits B-F filed on December 13, 2011, in *Lucchesi v. David J. Axelrod & Assocs.*, Case No. 11-cv-07213 (N.D. Ill.). Exhibit A of the Memorandum in Support of Defendant's Motion to Dismiss is a copy of the same Voluntary Petition identified above as Exhibit 4 and has therefore been omitted from Exhibit 7.

11. Attached hereto as **Exhibit 8** is a true and accurate copy of a Notice of Dismissal with Prejudice filed by Plaintiff on December 13, 2011, in *Lucchesi v. David J. Axelrod & Assocs.*, Case No. 11-cv-07213 (N.D. Ill.).

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

12. Attached hereto as **Exhibit 9** is a true and accurate copy of a Verified Amended Consolidated Petition to Compel Arbitration and for Sanctions filed on November 5, 2024, in *Aaron, et al. v. Epson America, Inc.*, Case No. 24-CV-01712 (C.D. Cal.).

13. Attached hereto as **Exhibit 10** is a true and accurate excerpt of Exhibit A to the Verified Amended Consolidated Petition to Compel Arbitration and for Sanctions filed on November 5, 2024, in *Aaron, et al. v. Epson America, Inc.*, Case No. 24-CV-01712 (C.D. Cal.).

14. Attached hereto as **Exhibit 11** is a true and accurate excerpt of Exhibit L to the Verified Amended Consolidated Petition to Compel Arbitration and for Sanctions filed on November 5, 2024, in *Aaron, et al. v. Epson America, Inc.*, Case No. 24-CV-01712 (C.D. Cal.).

15. Attached hereto as **Exhibit 12** is a true and accurate copy of a Second Amended Complaint filed on September 13, 2023, in *Hrapoff, Hessel, & Lucchesi v. Hisamitsu America, Inc.*, Case No. 21-CV-01943 (N.D. Cal.).

16. I obtained the documents attached hereto as Exhibits 1-12 using the PACER Case Locator tool.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed on July 8, 2026, in Chicago, Illinois.

By: ________________________________
TYLER ZMICK

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 1

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* ____________

Chapter you are filing under:

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

**06/22**

**The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Marcy**<br>First name<br><br>**L**<br>Middle name<br><br>**Lucchesi**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number** (ITIN) | **xxx-xx-0468** | |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br>Business name(s)<br>EIN | ☐ I have not used any business name or EINs.<br>Business name(s)<br>EIN |

| | | |
|---|---|---|
| **5. Where you live** | | **If Debtor 2 lives at a different address:** |
| | **1317 E Windham Circle, Unit 108**<br>**Palatine, IL 60074**<br>Number, Street, City, State & ZIP Code | Number, Street, City, State & ZIP Code |
| | **Cook**<br>County | County |
| | **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) | *Check one:*<br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

## Part 2: Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.
- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).
- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ☐ No.
- ■ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | **Northern District of Illinois** | When | **7/29/11** | Case number | **11-31149** |
| District | **Northern District of Illinois** | When | **6/03/02** | Case number | **02-21571** |
| District | **See Attachment** | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ No
- ☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| Debtor | | | | Relationship to you | |
| District | | When | | Case number, if known | |
| Debtor | | | | Relationship to you | |
| District | | When | | Case number, if known | |

**11. Do you rent your residence?**

- ☐ No. Go to line 12.
- ■ Yes. Has your landlord obtained an eviction judgment against you?
  - ■ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Part 3: Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

- ■ No. Go to Part 4.
- ☐ Yes. Name and location of business

Name of business, if any

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S. C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

- ■ No. I am not filing under Chapter 11.
- ☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.
- ☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.
- ☐ Yes. I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

**Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

- ■ No.
- ☐ Yes.

What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

Number, Street, City, State & Zip Code

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Part 5: Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of**:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

**Part 6: Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

- ☐ No. Go to line 16b.
- ■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

- ☐ No. Go to line 16c.
- ☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

☐ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

- ■ No
- ☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ■ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**Part 7: Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Marcy L Lucchesi**
**Marcy L Lucchesi**
Signature of Debtor 1

Signature of Debtor 2

Executed on **October 4, 2022**
MM / DD / YYYY

Executed on
MM / DD / YYYY

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Ronald P Strojny** Date **October 4, 2022**
Signature of Attorney for Debtor MM / DD / YYYY

**Ronald P Strojny**
Printed name

**Ronald P Strojny**
Firm name

**5839 W 35th Street**
**Cicero, IL 60804**
Number, Street, City, State & ZIP Code

Contact phone **708-652-2800** Email address **rpstrojny@yahoo.com**

**6282154 IL**
Bar number & State

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1 **Marcy L Lucchesi**
First Name Middle Name Last Name

Debtor 2
(Spouse if, filing) First Name Middle Name Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number
(if known)

☐ Check if this is an amended filing

# FORM 101. VOLUNTARY PETITION

## Prior Bankruptcy Cases Filed Attachment

| District | Case Number | Date Filed |
|---|---|---|
| **Northern District of Illinois** | **11-31149** | **7/29/11** |
| **Northern District of Illinois** | **02-21571** | **6/03/02** |
| **Northern District of Illinois** | **95-13632** | **7/07/95** |
| **Northern District of Illinois** | **92-18459** | **8/18/92** |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Marcy L Lucchesi** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ______

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information 12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

### Part 1: Summarize Your Assets

| | **Your assets**<br>Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B | $ **0.00** |
| 1b. Copy line 62, Total personal property, from Schedule A/B | $ **10,856.00** |
| 1c. Copy line 63, Total of all property on Schedule A/B | $ **10,856.00** |

### Part 2: Summarize Your Liabilities

| | **Your liabilities**<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ **15,366.00** |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* | $ **0.00** |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* | $ **35,943.10** |
| **Your total liabilities** | $ **51,309.10** |

### Part 3: Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I* | $ **3,795.20** |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J* | $ **3,758.00** |

### Part 4: Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■ Yes

7. **What kind of debt do you have?**

■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts**. You have nothing to report on this part of the form. *Check this box* and submit this form to

Case 22-11481 Doc 20-1 Filed 08/04/26 Entered 08/04/26 12:17:03 Desc Exhibit A - Defs Mtn to Summary Judgment Page 31 of 273

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14. $ **1,029.44**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| **From Part 4 on *Schedule E/F*, copy the following:** | **Total claim** |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ **0.00** |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ **0.00** |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ **0.00** |
| 9d. Student loans. (Copy line 6f.) | $ **0.00** |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ **0.00** |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | **+**$ **0.00** |
| 9g. **Total.** Add lines 9a through 9f. | $ **0.00** |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case and this filing:**

Debtor 1: **Marcy L Lucchesi**
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing):
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

**12/15**

**In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

■ No. Go to Part 2.
☐ Yes. Where is the property?

## Part 2: Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

3.1 Make: **Volkswagon**
Model: **Jetta**
Year: **2014**
Approximate mileage: **109,000**
Other information:
**Future Finance; Fair condition; Current value from NADA rough trade-in; SURRENDER Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074**

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $6,125.00 | $6,125.00 |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5 **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.............................................................................=>** **$6,125.00**

## Part 3: Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?** **Current value of the**

Case 22-11481 Doc 1 Filed 10/04/22 Entered 10/04/22 12:17:05 Desc Main Document Page 12 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

**portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Bed, Dresser, Sofa, Coffee Table, End Tables, Lamps, Kitchen Table & Chairs, Small Appliances, Flatware, Utensils<br>Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074** | **$750.00** |

7. **Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **TVs, Radio, DVD Player, Computer, Cell Phone<br>Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074** | **$750.00** |

8. **Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Books, Pictures, Family Photos, CDs, DVDs, Games<br>Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074** | **$100.00** |

9. **Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

10. **Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

11. **Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Necessary Wearing Apparel<br>Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074** | **$300.00** |

12. **Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Ring, Watch, Costume Jewelry<br>Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074** | **$100.00** |

Case 22-11481 Doc 1 Filed 08/04/22 Entered 08/04/22 15:18:53 Desc Main Document Page 13 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

13. **Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☐ No
■ Yes. Describe.....

**(2) Dogs**
**Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074** **$0.00**

14. **Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here .............................................................................** **$2,000.00**

**Part 4:** **Describe Your Financial Assets**

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes.................................................................................................................

17. **Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes........................ Institution name:

| | | Institution name | |
|---|---|---|---|
| 17.1. | **Checking** | **Huntington Bank checking account** | **$250.00** |
| 17.2. | **Savings** | **Huntingonton Bank savings account** | **$40.00** |

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
■ No
☐ Yes.................. Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
■ No
☐ Yes. Give specific information about them...................
Name of entity: % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
■ No
☐ Yes. Give specific information about them
Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
■ No
☐ Yes. List each account separately.

Case 22-11481 Doc 201 Filed 10/27/26 Entered 10/27/26 12:17:05 Desc Exhibit
A - Defs Mtn for Summary Judgment Page 35 of 273

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

Type of account: Institution name:

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. .................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes............ Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............ Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No
☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No
☐ Yes. Give specific information about them...

**Money or property owed to you?** — **Current value of the portion you own?** Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☐ No
■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| | | |
|---|---|---|
| **Anticipated 2022 Federal tax refund** | **Federal** | **$2,441.00** |

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No
☐ Yes. Name the insurance company of each policy and list its value.

Company name: Beneficiary: Surrender or refund value:

Case 22-11481 Doc 1 Filed 10/06/22 Entered 10/06/22 12:17:03 Desc Main Document Page 15 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
- ■ No
- ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
- ■ No
- ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
- ☐ No
- ■ Yes. Describe each claim.........

| | |
|---|---|
| **Any cause of action available to Debtor for violation of any consumer protection laws, the Fair Credit Reporting Act, or any other potential cause of action against any creditor reporting information on Debtor's credit report** | **Unknown** |

35. **Any financial assets you did not already list**
- ■ No
- ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.......................................................................................................................** **$2,731.00**

**Part 5: Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**
- ■ No. Go to Part 6.
- ☐ Yes. Go to line 38.

**Part 6: Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ■ No. Go to Part 7.
- ☐ Yes. Go to line 47.

**Part 7: Describe All Property You Own or Have an Interest in That You Did Not List Above**

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
- ■ No
- ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here ....................................** **$0.00**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number *(if known)*

**Part 8:** **List the Totals of Each Part of this Form**

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** | | **$0.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$6,125.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$2,000.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$2,731.00** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54** | + **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$10,856.00** | Copy personal property total **$10,856.00** |
| 63. | **Total of all property on Schedule A/B**. Add line 55 + line 62 | | **$10,856.00** |

Case 22-11481 Doc 1 Filed 08/04/22 Entered 08/04/22 12:17:05 Desc Main Document Page 17 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1 **Marcy L Lucchesi**
First Name Middle Name Last Name

Debtor 2
(Spouse if, filing) First Name Middle Name Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number
(if known)

☐ Check if this is an amended filing

# Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

■ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2014 Volkswagon Jetta 109,000 miles Future Finance; Fair condition; Current value from NADA rough trade-in; SURRENDER Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074**<br>Line from *Schedule A/B*: **3.1** | **$6,125.00** | ■ **$2,400.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(c)** |
| **Bed, Dresser, Sofa, Coffee Table, End Tables, Lamps, Kitchen Table & Chairs, Small Appliances, Flatware, Utensils Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074**<br>Line from *Schedule A/B*: **6.1** | **$750.00** | ■ **$750.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **TVs, Radio, DVD Player, Computer, Cell Phone Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074**<br>Line from *Schedule A/B*: **7.1** | **$750.00** | ■ **$750.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

| **Brief description of the property and line on *Schedule A/B* that lists this property** | **Current value of the portion you own**<br>Copy the value from *Schedule A/B* | **Amount of the exemption you claim**<br>*Check only one box for each exemption.* | **Specific laws that allow exemption** |
|---|---|---|---|
| **Books, Pictures, Family Photos, CDs, DVDs, Games**<br>**Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074**<br>Line from *Schedule A/B*: **8.1** | **$100.00** | ■ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **Necessary Wearing Apparel**<br>**Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074**<br>Line from *Schedule A/B*: **11.1** | **$300.00** | ■ **$300.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(a)** |
| **Ring, Watch, Costume Jewelry**<br>**Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074**<br>Line from *Schedule A/B*: **12.1** | **$100.00** | ■ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **Checking: Huntington Bank checking account**<br>Line from *Schedule A/B*: **17.1** | **$250.00** | ■ **$250.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **Savings: Huntingonton Bank savings account**<br>Line from *Schedule A/B*: **17.2** | **$40.00** | ■ **$40.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **Federal: Anticipated 2022 Federal tax refund**<br>Line from *Schedule A/B*: **28.1** | **$2,441.00** | ■ **$1,400.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(g)(1)** |
| **Federal: Anticipated 2022 Federal tax refund**<br>Line from *Schedule A/B*: **28.1** | **$2,441.00** | ■ **$116.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(g)(1)** |
| **Federal: Anticipated 2022 Federal tax refund**<br>Line from *Schedule A/B*: **28.1** | **$2,441.00** | ■ **$1,713.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **Any cause of action available to Debtor for violation of any consumer protection laws, the Fair Credit Reporting Act, or any other potential cause of action against any creditor reporting information on Debtor's credit report**<br>Line from *Schedule A/B*: **34.1** | **Unknown** | ■ **$297.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |

3. **Are you claiming a homestead exemption of more than $189,050?**
(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

■ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

☐ No

☐ Yes

Case 22-21481 Doc 20-1 Filed 10/24/26 Entered 10/24/26 12:17:03 Desc Exhibit
A - Defs Mtn to Summary Judgement Page 40 of 273

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1: **Marcy L Lucchesi**
First Name / Middle Name / Last Name

Debtor 2 (Spouse if, filing):
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known):

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1: List All Secured Claims**

| **2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** | *Column C* **Unsecured portion** If any |
|---|---|---|---|
| 2.1 **Future Finance** | **$15,366.00** | **$6,125.00** | **$9,241.00** |

Creditor's Name: **Future Finance**

**Describe the property that secures the claim:**
**2014 Volkswagon Jetta 109,000 miles
Future Finance; Fair condition; Current value from NADA rough trade-in; SURRENDER
Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074**

**15859 S Ridgeland
Oak Forest, IL 60452**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset) **Purchase Money Security**

**Date debt was incurred** **Opened 5/31/22 Last Active 8/18/22**

**Last 4 digits of account number** **5913**

| | |
|---|---|
| **Add the dollar value of your entries in Column A on this page. Write that number here:** | **$15,366.00** |
| **If this is the last page of your form, add the dollar value totals from all pages. Write that number here:** | **$15,366.00** |

**Part 2: List Others to Be Notified for a Debt That You Already Listed**

**Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.**

Case 22-11481 Doc 1 Filed 08/26/22 Entered 08/26/22 12:17:35 Desc Main Document Page 20 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1: **Marcy L Lucchesi**
First Name / Middle Name / Last Name

Debtor 2 (Spouse if, filing):
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known):

☐ Check if this is an amended filing

# Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims — 12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).**

### Part 1: List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

■ No. Go to Part 2.
☐ Yes.

### Part 2: List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
■ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

4.1 **Advocate Health and Hospitals Corp**
Nonpriority Creditor's Name
**4440 W 95th St**
**Oak Lawn, IL 60453**
Number Street City State Zip Code

**Last 4 digits of account number** — **$505.00**

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **19991127116**

Debtor 1 **Marcy L Lucchesi** Case number (if known)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

4.2 **Al Piemonte**
Nonpriority Creditor's Name
**364 W Grand Ave**
**Elmhurst, IL 60126**
Number Street City State Zip Code

Last 4 digits of account number

**$2,400.00**

When was the debt incurred?

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **20033002442**

---

4.3 **Americash Loans**
Nonpriority Creditor's Name
**PO Box 1728**
**Des Plaines, IL 60017**
Number Street City State Zip Code

Last 4 digits of account number

**Unknown**

When was the debt incurred?

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **20031169343**

---

4.4 **Armed Forces Bank**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**320 Kansas Ave**
**Fort Leavenworth, KS 66027**
Number Street City State Zip Code

Last 4 digits of account number **0918**

**$0.00**

When was the debt incurred? **Opened 9/19/18 Last Active 12/26/19**

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Unsecured**

---

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

4.5 **Armed Forces Bank** — Nonpriority Creditor's Name
**Attn: Bankruptcy**
**320 Kansas Ave**
**Fort Leavenworth, KS 66027**
Number Street City State Zip Code

**Last 4 digits of account number** **0617** **$0.00**

**When was the debt incurred?** **Opened 6/09/17 Last Active 9/05/18**

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Unsecured**

---

4.6 **Aspire Credit Card** — Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 105555**
**Atlanta, GA 30348**
Number Street City State Zip Code

**Last 4 digits of account number** **5258** **$739.00**

**When was the debt incurred?** **Opened 01/22 Last Active 2/15/22**

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Credit Card**

---

4.7 **Bridgecrest Acceptance Corp** — Nonpriority Creditor's Name
**7300 East Hampton Avenue**
**Suite 100**
**Mesa, AZ 85209**
Number Street City State Zip Code

**Last 4 digits of account number** **2301** **$0.00**

**When was the debt incurred?** **Opened 01/16 Last Active 11/16/16**

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Automobile**

---

Case 21-11481 Doc 201 Filed 10/24/26 Entered 10/24/26 12:47:35 Desc Exhibit A - Defs Mtn to Summary Judgment Page 44 of 273

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

4.8 **Capital One Auto Finance**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**7933 Preston Rd**
**Plano, TX 75024**
Number Street City State Zip Code

**Last 4 digits of account number** **1001** **$0.00**

**When was the debt incurred?** **Opened 12/21 Last Active 6/17/22**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Automobile**

---

4.9 **Care Animal Hospital Of Libertyvill**
Nonpriority Creditor's Name
**1214 W Park Ave**
**Libertyville, IL 60048**
Number Street City State Zip Code

**Last 4 digits of account number** **$262.00**

**When was the debt incurred?**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **01SC00003530**

---

4.10 **Certified Services Inc**
Nonpriority Creditor's Name
**1300 N Skokie Hwy, Ste 103A**
**Gurnee, IL 60031**
Number Street City State Zip Code

**Last 4 digits of account number** **$1,239.00**

**When was the debt incurred?**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify

Case 22-11481 Doc 1 Filed 08/22/22 Entered 08/22/22 15:17:35 Desc Main Document Page 24 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

**4.11 Comenity/Burlington**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 182125**
**Columbus, OH 43218**
Number Street City State Zip Code

Last 4 digits of account number **0972** **$174.00**

When was the debt incurred? **Opened 01/22 Last Active 5/23/22**

Who incurred the debt? Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Charge Account**

---

**4.12 Cortney Ferina**
Nonpriority Creditor's Name
**1310 Longacre**
**Wheeling, IL 60090**
Number Street City State Zip Code

Last 4 digits of account number **Unknown**

When was the debt incurred?

Who incurred the debt? Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ■ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify

---

**4.13 Credit Acceptance Corp**
Nonpriority Creditor's Name
**Po Box 5070**
**Southfield, MI 48086**
Number Street City State Zip Code

Last 4 digits of account number **$8,153.75**

When was the debt incurred?

Who incurred the debt? Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **14SC00001446**

---

Case 22-11481 Doc 1 Filed 10/26/22 Entered 10/26/22 15:17:55 Desc Main Document Page 25 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

**4.14** **Credit Collection Services** — Last 4 digits of account number **8473** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**725 Canton St**
**Norwood, MA 02062**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 3/23/21 Last Active 6/12/21**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Collection Attorney Geico Casualty Company**

**4.15** **Credit One Bank** — Last 4 digits of account number **4948** — **$477.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Department**
**Po Box 98873**
**Las Vegas, NV 89193**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 02/22 Last Active 4/18/22**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Credit Card**

**4.16** **Dept of Ed/Nelnet** — Last 4 digits of account number **4674** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 01/11 Last Active 07/14**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify

**Educational**

Case 22-11481 Doc 1 Filed 07/26/22 Entered 07/26/22 15:17:35 Desc Main
Document Page 26 of 70



FILED DATE: 7/8/2026 3:18 PM 2024CH00079

4.17 **Dept of Ed/Nelnet** — Last 4 digits of account number **4574** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

When was the debt incurred? **Opened 01/11 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

---

4.18 **Dept of Ed/Nelnet** — Last 4 digits of account number **4474** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

When was the debt incurred? **Opened 05/10 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

---

4.19 **Dept of Ed/Nelnet** — Last 4 digits of account number **4374** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

When was the debt incurred? **Opened 05/10 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

---

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

4.20

**Dept of Ed/Nelnet** — **Last 4 digits of account number** **4874** — **$0.00**

Nonpriority Creditor's Name

**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**

Number Street City State Zip Code

**When was the debt incurred?** **Opened 08/11 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

4.21

**Dept of Ed/Nelnet** — **Last 4 digits of account number** **4774** — **$0.00**

Nonpriority Creditor's Name

**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**

Number Street City State Zip Code

**When was the debt incurred?** **Opened 08/11 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

4.22

**Dept of Ed/Nelnet** — **Last 4 digits of account number** **5074** — **$0.00**

Nonpriority Creditor's Name

**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**

Number Street City State Zip Code

**When was the debt incurred?** **Opened 04/11 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

Debtor 1 **Marcy L Lucchesi** Case number (if known)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**4.23** **Dept of Ed/Nelnet** — Last 4 digits of account number **5374** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

When was the debt incurred? **Opened 06/12 Last Active 07/14**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

**4.24** **Dept of Ed/Nelnet** — Last 4 digits of account number **5174** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

When was the debt incurred? **Opened 04/11 Last Active 07/14**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

**4.25** **Dept of Ed/Nelnet** — Last 4 digits of account number **5274** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

When was the debt incurred? **Opened 06/12 Last Active 07/14**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

4.26 **Dept of Ed/Nelnet** — Last 4 digits of account number **2374** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 10/12 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

4.27 **Dept of Ed/Nelnet** — Last 4 digits of account number **0074** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 03/13 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

4.28 **Dept of Ed/Nelnet** — Last 4 digits of account number **1772** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 12/13 Last Active 07/14**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

**4.29** **Dept of Ed/Nelnet** — Last 4 digits of account number **6274** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 1/23/09 Last Active 6/23/14**

**Who incurred the debt?** Check one.

- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☒ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☒ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify

**Educational**

**4.30** **Dept of Ed/Nelnet** — Last 4 digits of account number **6374** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy Claims/Nelnet**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 1/23/09 Last Active 6/23/14**

**Who incurred the debt?** Check one.

- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☒ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☒ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify

**Educational**

**4.31** **Enhanced Recovery Company** — Last 4 digits of account number **6873** — **$323.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**8014 Bayberry Road**
**Jacksonville, FL 32256**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 12/21**

**Who incurred the debt?** Check one.

- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☒ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☒ Other. Specify **Collection Attorney Tmobile**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

**4.32 Fidelity Financial Services LLC**
Nonpriority Creditor's Name
**1415 W 22nd St**
**Ste 100**
**Oak Brook, IL 60523**
Number Street City State Zip Code

**Last 4 digits of account number**
**When was the debt incurred?**
**$5,089.35**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **1995-M1-130181**

---

**4.33 First PREMIER Bank**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. Box 5524**
**Sioux Falls, SD 57117**
Number Street City State Zip Code

**Last 4 digits of account number** **4275**
**When was the debt incurred?** **Opened 11/15 Last Active 5/26/16**
**$363.00**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Credit Card**

---

**4.34 Ford Motor Credit**
Nonpriority Creditor's Name
**PO Box 6275**
**Dearborn, MI 48121**
Number Street City State Zip Code

**Last 4 digits of account number**
**When was the debt incurred?**
**Unknown**

**Who incurred the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **19911112510**

---

Case 22-11481 Doc 1 Filed 10/06/22 Entered 10/06/22 12:17:35 Desc Main Document Page 32 of 70



FILED DATE: 7/8/2026 3:18 PM 2024CH00079

4.35 **Futre Financ** — Last 4 digits of account number **3543** — **$0.00**

Nonpriority Creditor's Name

**15859 S Ridgeland**
**Oak Forest, IL 60452**

Number Street City State Zip Code

When was the debt incurred? **Opened 1/29/21 Last Active 1/03/22**

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Automobile**

---

4.36 **Futre Financ** — Last 4 digits of account number **0491** — **$0.00**

Nonpriority Creditor's Name

**15859 S Ridgeland**
**Oak Forest, IL 60452**

Number Street City State Zip Code

When was the debt incurred? **Opened 4/12/19 Last Active 2/03/21**

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Automobile**

---

4.37 **Genesis FS Card Services** — Last 4 digits of account number **4330** — **Unknown**

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 4477**
**Beaverton, OR 97076**

Number Street City State Zip Code

When was the debt incurred? **Opened 02/19 Last Active 11/01/19**

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Credit Card**

---

Case 22-11481 Doc 1 Filed 08/04/22 Entered 08/04/22 12:17:05 Desc Main Document Page 33 of 70



FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**4.38** **Huntington Bank** — Last 4 digits of account number **7570** — **$273.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**41 S High St**
**Columbus, OH 43215**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 05/21 Last Active 9/09/22**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Check Credit Or Line Of Credit**

---

**4.39** **IL Dept of Employment Security** — Last 4 digits of account number — **Unknown**

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**PO Box 19286**
**Springfield, IL 62794**
Number Street City State Zip Code

**When was the debt incurred?**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify

---

**4.40** **Illinois Dept of Revenue** — Last 4 digits of account number — **$505.00**

Nonpriority Creditor's Name
**PO Box 19035**
**Springfield, IL 62794**
Number Street City State Zip Code

**When was the debt incurred?**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **603106**

---

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

4.41 **Jefferson Capital Systems, LLC** — **Last 4 digits of account number** **9003** — **$1,289.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**16 Mcleland Road**
**Saint Cloud, MN 56303**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 04/20**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Factoring Company Account Verizon Wireless**

---

4.42 **Kohls/Capital One** — **Last 4 digits of account number** **5542** — **$526.00**

Nonpriority Creditor's Name
**Attn: Credit Administrator**
**Po Box 3043**
**Milwaukee, WI 53201**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 11/21 Last Active 4/01/22**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Charge Account**

---

4.43 **National Credit Adjusters, LLC** — **Last 4 digits of account number** **5277** — **$141.00**

Nonpriority Creditor's Name
**327 West 4th Avenue**
**Po Box 3023**
**Hutchinson, KS 67504**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 12/31/19**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **01 Speedy Cash**

---

Case 22-11481 Doc 1 Filed 10/25/22 Entered 10/25/22 22:17:35 Desc Main Document Page 35 of 70



FILED DATE: 7/8/2026 3:18 PM 2024CH00079

4.44 **Navient** — Last 4 digits of account number **0328** — **$0.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 9500**
**Wilkes-Barr, PA 18773**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 03/08 Last Active 2/27/13**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

4.45 **Nelnet** — Last 4 digits of account number **2771** — **$0.00**

Nonpriority Creditor's Name
**Attn: Claims**
**P.O. Box: 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 06/14 Last Active 01/17**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

4.46 **Nelnet** — Last 4 digits of account number **2671** — **$0.00**

Nonpriority Creditor's Name
**Attn: Claims**
**P.O. Box: 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**When was the debt incurred?** **Opened 06/14 Last Active 01/17**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify **Educational**

Case 22-11481 Doc 1 Filed 10/17/22 Entered 10/17/22 12:17:55 Desc Main Document Page 36 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

**4.47 Progressive Leasing** — Last 4 digits of account number: — **$1,800.00**

Nonpriority Creditor's Name
**256 West Data Drive**
**Draper, UT 84020**
Number Street City State Zip Code

When was the debt incurred?

Who incurred the debt? Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify

---

**4.48 Santander Consumer USA** — Last 4 digits of account number: **1000** — **$11,071.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 961245**
**Fort Worth, TX 76161**
Number Street City State Zip Code

When was the debt incurred? **Opened 06/18 Last Active 12/03/21**

Who incurred the debt? Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Automobile - 2016 Chevy Trax**

---

**4.49 Spring Oaks Capital, Llc** — Last 4 digits of account number: **3322** — **$613.00**

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. Box 1216**
**Chesapeake, VA 23327**
Number Street City State Zip Code

When was the debt incurred? **Opened 7/24/21**

Who incurred the debt? Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **12 Celtic Bank**

---

Case 22-11481 Doc 1 Filed 08/06/22 Entered 08/06/22 12:17:35 Desc Main Document Page 37 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

**4.50** **Sst/mcu** — Last 4 digits of account number **4230** — **Unknown**

Nonpriority Creditor's Name

**4315 Pickett Road**
**Saint Joseph, MO 64503**

Number Street City State Zip Code

When was the debt incurred? **Opened 10/02 Last Active 08/17**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Automobile**

**4.51** **Total Visa/The Bank of Missouri** — Last 4 digits of account number **1218** — **$0.00**

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 85710**
**Sioux Falls, SD 57118**

Number Street City State Zip Code

When was the debt incurred? **Opened 4/20/16 Last Active 7/31/16**

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Credit Card**

## Part 3: List Others to Be Notified About a Debt That You Already Listed

**5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

Name and Address
**Celtic Bank**
**268 S State St Ste 300**
**Salt Lake City, UT 84111**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.49** of (*Check one):*
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Clerk of the Court of Lake County**
**Docket #: 14SC00001446**
**18 North Country Street**
**Waukegan, IL 60085**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.13** of (*Check one):*
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Clerk of the Court of Lake County**
**Docket #: 01SC00003530**
**18 North Country Street**
**Waukegan, IL 60085**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.9** of (*Check one):*
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

Name and Address
**Clerk, First Municipal Division**
**Doc # 1995-M1-130181**
**50 W Washington St., Room 1001**
**Chicago, IL 60602**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.32** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Clerk, First Municipal Division**
**Doc # 19991127116**
**50 W Washington St., Room 1001**
**Chicago, IL 60602**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.1** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Clerk, First Municipal Division**
**Doc # 19911112510**
**50 W Washington St., Room 1001**
**Chicago, IL 60602**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.34** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Clerk, First Municipal Division**
**Doc # 20031169343**
**50 W Washington St., Room 1001**
**Chicago, IL 60602**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.3** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Clerk, Third Municipal Division**
**Doc # 20033002442**
**2121 Euclid Ave #121**
**Rolling Meadows, IL 60008**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.2** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Geico**
**ATTN: Region 3 Underwriting**
**PO BOX 9105**
**Macon, GA 31208**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.14** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Lutheran General**
**1775 Dempster St**
**Park Ridge, IL 60068**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.1** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Progressive Leasing Company**
**124 N Schmale Rd**
**Carol Stream, IL 60188**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.47** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Speedy Cash**
**3527 N Ridge Road**
**Wichita, KS 67205**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.43** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**T-Mobile Bankruptcy Team**
**PO Box 53410**
**Bellevue, WA 98015**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.31** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Verizon Wireless**
**Attn: Bankruptcy Dept**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.41** of (*Check one):*
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known)

**PO Box 4002**
**Acworth, GA 30101**

Last 4 digits of account number

## Part 4: Add the Amounts for Each Type of Unsecured Claim

**6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 35,943.10 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 35,943.10 |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1: **Marcy L Lucchesi**
First Name / Middle Name / Last Name

Debtor 2 (Spouse if, filing):
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known):

☐ Check if this is an amended filing

# Official Form 106G
# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|---|
| 2.1 | Name<br>Number Street<br>City State ZIP Code | |
| 2.2 | Name<br>Number Street<br>City State ZIP Code | |
| 2.3 | Name<br>Number Street<br>City State ZIP Code | |
| 2.4 | Name<br>Number Street<br>City State ZIP Code | |
| 2.5 | Name<br>Number Street<br>City State ZIP Code | |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Marcy L Lucchesi** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ____________

☐ Check if this is an amended filing

# Official Form 106H
# Schedule H: Your Codebtors

**12/15**

**Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.**

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| | *Column 1:* **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|---|
| 3.1 | Name<br>Number Street<br>City State ZIP Code | ☐ Schedule D, line ____<br>☐ Schedule E/F, line ____<br>☐ Schedule G, line ____ |
| 3.2 | Name<br>Number Street<br>City State ZIP Code | ☐ Schedule D, line ____<br>☐ Schedule E/F, line ____<br>☐ Schedule G, line ____ |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1 **Marcy L Lucchesi**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
______________
MM / DD/ YYYY

Official Form 106I

# Schedule I: Your Income

12/15

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Employment

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | **Substitute Teacher** | |
| **Employer's name** | **Wheeling School District #21** | |
| **Employer's address** | **999 E Dundee Rd<br>Wheeling, IL** | |
| **How long employed there?** | **Since August 2022** | |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **1,965.00** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $ **1,965.00** | $ **N/A** |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (*if known*)

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** | 4. | $ **1,965.00** | $ **N/A** |
| 5. | **List all payroll deductions:** | | | |
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ **192.94** | $ **N/A** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **N/A** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ **176.86** | $ **N/A** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **N/A** |
| 5e. | **Insurance** | 5e. | $ **0.00** | $ **N/A** |
| 5f. | **Domestic support obligations** | 5f. | $ **0.00** | $ **N/A** |
| 5g. | **Union dues** | 5g. | $ **0.00** | $ **N/A** |
| 5h. | **Other deductions.** Specify: | 5h.+ | $ **0.00** | + $ **N/A** |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ **369.80** | $ **N/A** |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ **1,595.20** | $ **N/A** |
| 8. | **List all other income regularly received:** | | | |
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **N/A** |
| 8b. | **Interest and dividends** | 8b. | $ **0.00** | $ **N/A** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **N/A** |
| 8d. | **Unemployment compensation** | 8d. | $ **0.00** | $ **N/A** |
| 8e. | **Social Security** | 8e. | $ **2,200.00** | $ **N/A** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ **0.00** | $ **N/A** |
| 8g. | **Pension or retirement income** | 8g. | $ **0.00** | $ **N/A** |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ **0.00** | + $ **N/A** |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ **2,200.00** | $ **N/A** |

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.
10. $ **3,795.20** + $ **N/A** = $ **3,795.20**

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: 11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies
12. $ **3,795.20**
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
- ■ No.
- ☐ Yes. Explain:

Case 22-11481 Doc 1 Filed 08/02/22 Entered 08/02/22 12:17:35 Desc Main Document Page 44 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1 **Marcy L Lucchesi**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number
(If known)

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Your Household

1. **Is this a joint case?**

■ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**
- ☐ No
- ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ■ No

Do not list Debtor 1 and Debtor 2.

Do not state the dependents names.

☐ Yes. Fill out this information for each dependent.............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?** ■ No ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

| | | | Your expenses |
|---|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ 980.00 |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. | $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. | $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | $ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. | $ 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $ 0.00 |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (if known) ______

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ **300.00** |
| | 6b. Water, sewer, garbage collection | 6b. | $ **0.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ **300.00** |
| | 6d. Other. Specify: | 6d. | $ **0.00** |
| 7. | **Food and housekeeping supplies** | 7. | $ **750.00** |
| 8. | **Childcare and children's education costs** | 8. | $ **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ **50.00** |
| 10. | **Personal care products and services** | 10. | $ **50.00** |
| 11. | **Medical and dental expenses** | 11. | $ **50.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ **500.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ **0.00** |
| 14. | **Charitable contributions and religious donations** | 14. | $ **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $ **0.00** |
| | 15b. Health insurance | 15b. | $ **0.00** |
| | 15c. Vehicle insurance | 15c. | $ **203.00** |
| | 15d. Other insurance. Specify: | 15d. | $ **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ **0.00** |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ **475.00** |
| | 17b. Car payments for Vehicle 2 | 17b. | $ **0.00** |
| | 17c. Other. Specify: | 17c. | $ **0.00** |
| | 17d. Other. Specify: | 17d. | $ **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. | $ **0.00** |
| | 20b. Real estate taxes | 20b. | $ **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. | $ **0.00** |
| 21. | **Other:** Specify: **Pet Care** | 21. | +$ **100.00** |
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | | $ **3,758.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ **3,758.00** |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ **3,795.20** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ **3,758.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. | $ **37.20** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes. Explain here:

Case 22-11481 Doc 1 Filed 10/04/22 Entered 10/04/22 12:47:35 Desc Main Document Page 46 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1 **Marcy L Lucchesi**
First Name Middle Name Last Name

Debtor 2
(Spouse if, filing) First Name Middle Name Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number
(if known)

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

**12/15**

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person ______ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ Marcy L Lucchesi**
**Marcy L Lucchesi**
Signature of Debtor 1

Date **October 4, 2022**

X ______
Signature of Debtor 2

Date ______

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Marcy L Lucchesi** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy — 04/22

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

☐ Married
■ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2 Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | **$12,699.92** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |

Debtor 1 **Marcy L Lucchesi** Case number (*if known*)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For last calendar year: (January 1 to December 31, 2021 )** | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | **$19,880.00** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |
| **For the calendar year before that: (January 1 to December 31, 2020 )** | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | **$800.00** | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |

**5. Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | **Social Security Benefits** | **$11,373.00** | | |
| **For last calendar year: (January 1 to December 31, 2021 )** | **Social Security Benefits** | **$13,364.00** | | |
| **For the calendar year before that: (January 1 to December 31, 2020 )** | **Social Security Benefits** | **$13,364.00** | | |
| | **Unemployment** | **$10,000.00** | | |

## Part 3: List Certain Payments You Made Before You Filed for Bankruptcy

**6. Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

☐ No. Go to line 7.
☐ Yes List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No. Go to line 7.
☐ Yes List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

Case 21-11481 Doc 201 Filed 10/07/26 Entered 10/07/26 12:17:35 Desc Exhibit A - Defs Mtn for Summary Judgment Page 70 of 273

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (*if known*)

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4: Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **State Of Illinois vs MARCY LUCCHESI<br>603106** | **STATE TAX LIEN** | **ILLINOIS STATE LIEN REGISTRY** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 505.00** |
| **Fidelity Financial Services, Inc. vs MARCY LUCCHESI<br>19951130181** | **JUDGMENT** | **Clerk, First Municipal Division<br>Doc #<br>50 W Washington St., Room 1001<br>Chicago, IL 60602** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 5,089.35** |
| **Advocate Health And Hospitals Corp~ Lutheran Gener vs MARCY LUCCHESI<br>19991127116** | **JUDGMENT** | **COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DI** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 850.57** |
| **Ford Motor Credit Co vs MARCY LUCCHESI, ROBERT LUCCHESI<br>19911112510** | **JUDGMENT** | **COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DI** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 5,142.41** |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (*if known*)

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Al Piemonte's Arlington Heights Ford, Inc. vs MARCY LUCCHESI**<br>**20033002442** | **JUDGMENT** | **COOK COUNTY, ILLINOIS - 3RD MUNICIPAL DI** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 2,420.00** |
| **Care Animal Hospital Of Libertyville vs MARCY LUCCHESI, ROBERT LUCCHESI**<br>**01SC00003530** | **JUDGMENT** | **LAKE COUNTY, ILLINOIS** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 261.36** |
| **Ginsberg; Harvey~ Ginsberg;julie vs MARCY LUCCHESI, ROBERT LUCCHESI**<br>**99SC00002113** | **JUDGMENT** | **LAKE COUNTY, ILLINOIS** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 1,725.00** |
| **Certified Services Inc vs MARCY LUCCHESI, ROBERT LUCCHESI** | **JUDGMENT** | **LAKE COUNTY, ILLINOIS** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 1,239.00** |
| **Stathis; Alex vs MARCY LUCCHESI**<br>**97AR00000173** | **JUDGMENT** | **LAKE COUNTY, ILLINOIS** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 6,075.00** |
| **Unknown Plaintiff vs MARCY LUCCHESI, ROBERT LUCCHESI**<br>**05639906** | **FEDERAL TAX LIEN** | **LAKE COUNTY, ILLINOIS** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 3,100.54** |
| **Davison, Ronald vs MARY LUCCHESI, ROBERT LUCCHESI** | **JUDGMENT** | **COOK COUNTY, ILLINOIS - 3RD MUNICIPAL DI** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**- 2,027.02** |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐ No. Go to line 11.

■ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (*if known*)

| Creditor Name and Address | Describe the Property<br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| **Santander**<br>**8585 N Stemmons Fwy Ste**<br>**Dallas, TX 75247** | **2016 Chevy Trax; voluntary surrender**<br>■ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>☐ Property was attached, seized or levied. | **2021** | **Unknown** |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

## Part 5: List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

## Part 6: List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

Case 22-11481 Doc 1 Filed 10/06/22 Entered 10/06/22 12:17:35 Desc Main Document Page 52 of 70

Debtor 1 **Marcy L Lucchesi** Case number (*if known*)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Part 7: List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ☐ No
- ■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Ronald P Strojny**<br>**5839 W 35th Street**<br>**Cicero, IL 60804** | **$820 to attorney fees; $338 to filing fee; $40 to counseling; $32 to credit report** | **2022** | **$0.00** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

- ■ No
- ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

- ☐ No
- ■ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **Private sale** | **Scooter** | **$1900** | **Approximately a few months ago** |
| **Dealership**<br><br>**None** | **2022 Kia Sportage** | **Traded for 2014 Volkswagon Jetta** | |
| **Dealership**<br><br>**None** | **2017 Jeep Renegade** | **Traded for 2022 Kia Sportage** | |
| **Dealership**<br><br>**None** | **2016 Hyundai Velociter** | **Traded for Ford Escape** | |
| **Santander**<br>**8585 N Stemmons Fwy Ste**<br>**Dallas, TX 75247**<br><br>**Finanace Company** | **2016 Chevy Trax** | **Voluntary Surrender** | **2021** |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079



19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:** **List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
**Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

**Part 9:** **Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:** **Give Details About Environmental Information**

**For the purpose of Part 10, the following definitions apply:**

- ***Environmental law*** **means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.**
- ***Site*** **means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.**
- ***Hazardous material*** **means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.**

**Report all notices, releases, and proceedings that you know about, regardless of when they occurred.**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (*if known*)

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

- ■ **No**
- □ **Yes. Fill in the details.**

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

**25. Have you notified any governmental unit of any release of hazardous material?**

- ■ **No**
- □ **Yes. Fill in the details.**

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

- ■ **No**
- □ **Yes. Fill in the details.**

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11: Give Details About Your Business or Connections to Any Business**

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

- □ **A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time**
- □ **A member of a limited liability company (LLC) or limited liability partnership (LLP)**
- □ **A partner in a partnership**
- □ **An officer, director, or managing executive of a corporation**
- □ **An owner of at least 5% of the voting or equity securities of a corporation**

- ■ **No. None of the above applies. Go to Part 12.**
- □ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

- ■ **No**
- □ **Yes. Fill in the details below.**

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

FILED DATE: 7/8/2026 3:18 PM 2024CH00079



**Part 12:** **Sign Below**

**I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.**
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | |
|---|---|
| **/s/ Marcy L Lucchesi** | |
| **Marcy L Lucchesi**<br>**Signature of Debtor 1** | **Signature of Debtor 2** |
| **Date** **October 4, 2022** | **Date** |

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of Person ______. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Case 22-11481 Doc 1 Filed 10/07/22 Entered 10/07/22 12:18:03 Desc Main Document Page 56 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Marcy L Lucchesi** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7

**12/15**

**If you are an individual filing under chapter 7, you must fill out this form if:**

- **creditors have claims secured by your property, or**
- **you have leased personal property and the lease has not expired.**

**You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form**

**If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).**

## Part 1: List Your Creditors Who Have Secured Claims

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Future Finance**<br>Description of property securing debt: **2014 Volkswagon Jetta 109,000 miles Future Finance; Fair condition; Current value from NADA rough trade-in; SURRENDER Location: 1317 E Windham Circle, Unit 108, Palatine IL 60074** | ■ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br>■ Yes |

## Part 2: List Your Unexpired Personal Property Leases

**For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).**

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:<br>Description of leased Property: | ☐ No<br>☐ Yes |

Case 22-11481 Doc 20-1 Filed 08/26/26 Entered 08/26/26 12:18:03 Desc Exhibit
A - Defs Mtn to Summary Judgment Page 78 of 273

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 **Marcy L Lucchesi** Case number (*if known*)

Lessor's name:
Description of leased Property:
☐ No
☐ Yes

Lessor's name:
Description of leased Property:
☐ No
☐ Yes

Lessor's name:
Description of leased Property:
☐ No
☐ Yes

Lessor's name:
Description of leased Property:
☐ No
☐ Yes

Lessor's name:
Description of leased Property:
☐ No
☐ Yes

Lessor's name:
Description of leased Property:
☐ No
☐ Yes

**Part 3: Sign Below**

**Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.**

**X** **/s/ Marcy L Lucchesi**
**Marcy L Lucchesi**
Signature of Debtor 1

**X** ______________________
Signature of Debtor 2

Date **October 4, 2022**

Date ______________________

Case 22-11481 Doc 1 Filed 08/04/22 Entered 08/04/22 12:17:03 Desc Main Document Page 58 of 70

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

This notice is for you if:

You are an individual filing for bankruptcy, and

Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

**Chapter 7: Liquidation**

| | | |
|---|---|---|
| | $245 | filing fee |
| | $78 | administrative fee |
| + | $15 | trustee surcharge |
| | $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

**Chapter 11: Reorganization**

| | | |
|---|---|---|
| | $1,167 | filing fee |
| + | $571 | administrative fee |
| | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Read These Important Warnings**

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Chapter 12: Repayment plan for family farmers or fishermen

| | | |
|---|---|---|
| | $200 | filing fee |
| + | $78 | administrative fee |
| | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

## Chapter 13: Repayment plan for individuals with regular income

| | | |
|---|---|---|
| | $235 | filing fee |
| + | $78 | administrative fee |
| | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to: http://www.uscourts.gov/forms/bankruptcy-forms

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days ***before*** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

## Northern District of Illinois

In re **Marcy L Lucchesi** Case No. ______

Debtor(s) Chapter **7**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **820.00** |
| Prior to the filing of this statement I have received | $ | **820.00** |
| Balance Due | $ | **0.00** |

2. $ **338.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

■ Debtor ☐ Other (specify):

4. The source of compensation to be paid to me is:

■ Debtor ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]
**Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**October 4, 2022**
*Date*

**/s/ Ronald P Strojny**
**Ronald P Strojny**
*Signature of Attorney*
**Ronald P Strojny**
**5839 W 35th Street**
**Cicero, IL 60804**
**708-652-2800 Fax: 708-652-2840**
**rpstrojny@yahoo.com**
*Name of law firm*

Case 22-21481 Doc 20 Filed 10/04/22 Entered 10/04/22 12:18:03 Desc Main Document Page 63 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

## Fee Agreement Pursuant to 11 U.S.C. §528(1)

Fee for Chapter 7 Bankruptcy: $ 820.00, plus filing fees, and costs (see attached invoice).

In return for the above-disclosed fee, I have agreed to render legal services for the following aspects of the bankruptcy case, including:

a.) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b.) Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

c.) Representation of the debtor at the first meeting of creditors and, if Chapter 13, representation of the debtor at the confirmation hearing, and any adjourned hearings thereof.

Other provisions included in fee:
Preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of redemption agreements and applications as needed; negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

By agreement, fee does not include:
Representation of the debtor in adversary proceedings and other contested bankruptcy matters; representation of the debtor at any continued 1st meeting of creditors; representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.

Marty Lucchesi

Ronald P. Strojny, Attorney at Law

Costs
$338.00 filing fee
$32.00 credit report
$25.00 1st class
$15.00 2nd class

$410.00 Total Costs

Attorney fees; $820.00
Costs: $410.00

Total $1,230.00

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi** Case No.

Debtor(s) Chapter **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: **49**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **October 4, 2022**

***/s/* Marcy L Lucchesi**
**Marcy L Lucchesi**
Signature of Debtor

Case 22-11481 Doc 1 Filed 10/06/22 Entered 10/06/22 15:17:55 Desc Main Document Page 65 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Advocate Health and Hospitals Corp
4440 W 95th St
Oak Lawn, IL 60453

Al Piemonte
364 W Grand Ave
Elmhurst, IL 60126

Americash Loans
PO Box 1728
Des Plaines, IL 60017

Armed Forces Bank
Attn: Bankruptcy
320 Kansas Ave
Fort Leavenworth, KS 66027

Aspire Credit Card
Attn: Bankruptcy
Po Box 105555
Atlanta, GA 30348

Bridgecrest Acceptance Corp
7300 East Hampton Avenue
Suite 100
Mesa, AZ 85209

Capital One Auto Finance
Attn: Bankruptcy
7933 Preston Rd
Plano, TX 75024

Care Animal Hospital Of Libertyvill
1214 W Park Ave
Libertyville, IL 60048

Celtic Bank
268 S State St Ste 300
Salt Lake City, UT 84111

Certified Services Inc
1300 N Skokie Hwy, Ste 103A
Gurnee, IL 60031

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Clerk of the Court of Lake County
Docket #: 14SC00001446
18 North Country Street
Waukegan, IL 60085

Clerk of the Court of Lake County
Docket #: 01SC00003530
18 North Country Street
Waukegan, IL 60085

Clerk, First Municipal Division
Doc # 1995-M1-130181
50 W Washington St., Room 1001
Chicago, IL 60602

Clerk, First Municipal Division
Doc # 19991127116
50 W Washington St., Room 1001
Chicago, IL 60602

Clerk, First Municipal Division
Doc # 19911112510
50 W Washington St., Room 1001
Chicago, IL 60602

Clerk, First Municipal Division
Doc # 20031169343
50 W Washington St., Room 1001
Chicago, IL 60602

Clerk, Third Municipal Division
Doc # 20033002442
2121 Euclid Ave #121
Rolling Meadows, IL 60008

Comenity/Burlington
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Cortney Ferina
1310 Longacre
Wheeling, IL 60090

Case 22-21481 Doc 1 Filed 08/07/22 Entered 08/07/22 12:17:35 Desc Main Document Page 67 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Credit Acceptance Corp
Po Box 5070
Southfield, MI 48086

Credit Collection Services
Attn: Bankruptcy
725 Canton St
Norwood, MA 02062

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

Dept of Ed/Nelnet
Attn: Bankruptcy Claims/Nelnet
Po Box 82505
Lincoln, NE 68501

Enhanced Recovery Company
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

Fidelity Financial Services LLC
1415 W 22nd St
Ste 100
Oak Brook, IL 60523

First PREMIER Bank
Attn: Bankruptcy
P.O. Box 5524
Sioux Falls, SD 57117

Ford Motor Credit
PO Box 6275
Dearborn, MI 48121

Futre Financ
15859 S Ridgeland
Oak Forest, IL 60452

Future Finance
15859 S Ridgeland
Oak Forest, IL 60452

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Geico
ATTN: Region 3 Underwriting
PO BOX 9105
Macon, GA 31208

Genesis FS Card Services
Attn: Bankruptcy
Po Box 4477
Beaverton, OR 97076

Huntington Bank
Attn: Bankruptcy
41 S High St
Columbus, OH 43215

IL Dept of Employment Security
Attn: Bankruptcy Dept
PO Box 19286
Springfield, IL 62794

Illinois Dept of Revenue
PO Box 19035
Springfield, IL 62794

Jefferson Capital Systems, LLC
Attn: Bankruptcy
16 Mcleland Road
Saint Cloud, MN 56303

Kohls/Capital One
Attn: Credit Administrator
Po Box 3043
Milwaukee, WI 53201

Lutheran General
1775 Dempster St
Park Ridge, IL 60068

National Credit Adjusters, LLC
327 West 4th Avenue
Po Box 3023
Hutchinson, KS 67504

Case 22-21481 Doc 1 Filed 08/24/22 Entered 08/24/22 15:47:03 Desc Main Document Page 69 of 70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Navient
Attn: Bankruptcy
Po Box 9500
Wilkes-Barr, PA 18773

Nelnet
Attn: Claims
P.O. Box: 82505
Lincoln, NE 68501

Progressive Leasing
256 West Data Drive
Draper, UT 84020

Progressive Leasing Company
124 N Schmale Rd
Carol Stream, IL 60188

Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161

Speedy Cash
3527 N Ridge Road
Wichita, KS 67205

Spring Oaks Capital, Llc
Attn: Bankruptcy
P.O. Box 1216
Chesapeake, VA 23327

Sst/mcu
4315 Pickett Road
Saint Joseph, MO 64503

T-Mobile Bankruptcy Team
PO Box 53410
Bellevue, WA 98015

Total Visa/The Bank of Missouri
Attn: Bankruptcy
Po Box 85710
Sioux Falls, SD 57118

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Verizon Wireless
Attn: Bankruptcy Dept
PO Box 4002
Acworth, GA 30101

Case 22-12481 Doc 1 Filed 10/04/22 Entered 10/04/22 15:17:43 Desc Signature Pages Page 1 of 8

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* ______________

Chapter you are filing under:

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/22

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 7:** Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| Marcy L Lucchesi<br>Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on 10/04/2022<br>MM / DD / YYYY | Executed on ______<br>MM / DD / YYYY |

Case 22-11481 Doc 11-1 Filed 10/06/22 Entered 10/06/22 12:44:03 Desc Signature Pages Page 2 of 8

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Debtor 1 Marcy L Lucchesi

Case number *(if known)*

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

[signature]
Signature of Attorney for Debtor

Date 10/04/2022
MM / DD / YYYY

Ronald P Strojny
Printed name

Ronald P Strojny
Firm name

5839 W 35th Street
Cicero, IL 60804
Number, Street, City, State & ZIP Code

Contact phone 708-652-2800

Email address rpstrojny@yahoo.com

6282154 IL
Bar number & State

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Marcy L Lucchesi<br>First Name Middle Name Last Name |
| Debtor 2<br>(Spouse if, filing) | First Name Middle Name Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number<br>(if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person ______________________ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X [signature] X ______________________

Marcy L Lucchesi
Signature of Debtor 1 — Signature of Debtor 2

Date 10/04/2022 — Date ______________________

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1: Marcy L Lucchesi
First Name / Middle Name / Last Name

Debtor 2 (Spouse if, filing): ______
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ______

☐ Check if this is an amended filing

# Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/22

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

**Part 12:** Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

Marcy L Lucchesi
Signature of Debtor 1

Signature of Debtor 2

Date 10/04/2022

Date ______

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

■ No
☐ Yes. Name of Person ______. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Marcy L Lucchesi | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7

12/15

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

X [signature]
Marcy L Lucchesi
Signature of Debtor 1

Date 10/04/2022

X ______________________
Signature of Debtor 2

Date ______________________

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Fill in this information to identify your case:**

Debtor 1 Marcy L Lucchesi

Debtor 2 (Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Illinois

Case number (if known)

**Check one box only as directed in this form and in Form 122A-1Supp:**

■ 1. There is no presumption of abuse

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

Official Form 122A - 1

# Chapter 7 Statement of Your Current Monthly Income

12/19

**Part 3: Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X [signature]
Marcy L Lucchesi
Signature of Debtor 1

Date 10/04/2022
MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

Case 22-11481 Doc 20-11 Filed 10/04/22 Entered 10/04/22 12:17:03 Desc Signature Pages Page 7 of 8

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re Marcy L Lucchesi
Debtor(s)

Case No. ______
Chapter 7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 820.00 |
| Prior to the filing of this statement I have received | $ | 820.00 |
| Balance Due | $ | 0.00 |

2. $ 338.00 of the filing fee has been paid.

3. The source of the compensation paid to me was:

■ Debtor ☐ Other (specify):

4. The source of compensation to be paid to me is:

■ Debtor ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]

**Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

10/04/2022
*Date*

[signature]
Ronald P Strojny
*Signature of Attorney*

Ronald P Strojny
5839 W 35th Street
Cicero, IL 60804
708-652-2800 Fax: 708-652-2840
rpstrojny@yahoo.com
*Name of law firm*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**United States Bankruptcy Court**
**Northern District of Illinois**

In re Marcy L Lucchesi
Debtor(s)

Case No. ____
Chapter 7

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: 0

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: 10/04/2022

Marcy L Lucchesi
Signature of Debtor

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 2

**MEANSNO, CLOSED**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# U.S. Bankruptcy Court
# Northern District of Illinois (Eastern Division)
# Bankruptcy Petition #: 22-11481

*Date filed:* 10/04/2022
*Date terminated:* 01/20/2023
*Debtor discharged:* 01/17/2023
*341 meeting:* 11/14/2022
*Deadline for objecting to discharge:* 01/13/2023
*Deadline for financial mgmt. course:* 01/13/2023

*Assigned to:* Honorable Judge Carol A Doyle
Chapter 7
Voluntary
No asset

*Debtor disposition:* Standard Discharge

***Debtor 1***
**Marcy L Lucchesi**
1317 E Windham Circle, Unit 108
Palatine, IL 60074
COOK-IL
SSN / ITIN: xxx-xx-0468

represented by **Ronald P Strojny, Jr**
Law Office of Ronald P Strojny
5839 W 35th Street
Cicero, IL 60804
708-408-4422
Fax : 708-652-2840
Email: rpstrojny@yahoo.com

***Trustee***
**Richard M. Fogel**
2540 Wilmette Ave
Wilmette, IL 60091
847-769-8135

***U.S. Trustee***
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785

| Filing Date | # | Docket Text |
|---|---|---|
| 10/04/2022 | 1 (78 pgs; 2 docs) | Chapter 7 Voluntary Petition for Individual Fee Amount $338, Filed by Ronald P Strojny Jr on behalf of Marcy L Lucchesi (Attachments: # 1 Signature Pages) (Strojny, Ronald) (Entered: 10/04/2022) |
| 10/04/2022 | 2 (4 pgs) | Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Filed by Ronald P Strojny Jr on behalf of Marcy L Lucchesi. (Strojny, Ronald) (Entered: 10/04/2022) |
| 10/04/2022 | 3 | Statement About Your Social Security Numbers Filed by Ronald P Strojny Jr on behalf of Marcy L Lucchesi. (Strojny, Ronald) (Entered: 10/04/2022) |
| 10/04/2022 | 4 (1 pg) | Certificate of Credit Counseling Filed by Ronald P Strojny Jr on behalf of Marcy L Lucchesi. (Strojny, Ronald) (Entered: 10/04/2022) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

<table>
<tr><td>10/04/2022</td><td>5</td><td>Receipt of Voluntary Petition (Chapter 7)( 22-11481) [misc,volp7a] ( 338.00) Filing Fee. Receipt number A45270555. Fee Amount $ 338.00 (Strojny, Ronald) (re:Doc# 1) (U.S. Treasury) (Entered: 10/04/2022)</td></tr>
<tr><td>10/04/2022</td><td>6</td><td>Meeting of Creditors with 341(a) meeting to be held on 11/14/2022 at 12:00 PM at Appear By VIDEO. See details at www.justice.gov/ust/file/ILN.pdf/download.. Financial Management Course due:1/13/2023. Last day to object to discharge is 1/13/2023. Last day to object to dischargeability is 1/13/2023. (Auto Assign, Admin) (Entered: 10/04/2022)</td></tr>
<tr><td>10/05/2022</td><td>7</td><td>Notice of Debtor's Prior Filings
<table>
<tr><th>Debtor</th><th>Case No</th><th>Note</th></tr>
<tr><td>Marcy L Lucchesi</td><td>11-31149</td><td>Ch7 filed in Illinois Northern Bankruptcy on 07/29/2011, Standard Discharge on 10/19/2011</td></tr>
<tr><td></td><td>02-21571</td><td>Ch7 filed in Illinois Northern Bankruptcy on 06/03/2002, Standard Discharge on 09/25/2002</td></tr>
<tr><td></td><td>95-13632</td><td>Ch13 filed in Illinois Northern Bankruptcy on 07/07/1995, Dismissed for Other Reason on 04/15/1996</td></tr>
<tr><td></td><td>92-18459</td><td>Ch7 filed in Illinois Northern Bankruptcy on 08/18/1992</td></tr>
</table>
.(Admin) (Entered: 10/05/2022)</td></tr>
<tr><td>10/05/2022</td><td>8<br>(2 pgs)</td><td>Notice of Chapter 7 Bankruptcy Case. No Proof of Claim Deadline . (Reed, Yashica) (Entered: 10/05/2022)</td></tr>
<tr><td>10/07/2022</td><td>9<br>(5 pgs)</td><td>BNC Certificate of Notice - Meeting of Creditors. (RE: 8 Notice of Chapter 7 Bankruptcy Case). No. of Notices: 16. Notice Date 10/07/2022. (Admin.) (Entered: 10/07/2022)</td></tr>
<tr><td>10/08/2022</td><td>10<br>(1 pg)</td><td>Certification About a Financial Management Course Filed by Ronald P Strojny Jr on behalf of Marcy L Lucchesi. (Strojny, Ronald) (Entered: 10/08/2022)</td></tr>
<tr><td>11/14/2022</td><td>11</td><td>Chapter 7 Trustee's Report of No Distribution: I, Richard M. Fogel, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Debtor appeared. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 10856.00, Assets Exempt: Not Available, Claims Scheduled: $ 51309.10, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value</td></tr>
</table>

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | | |
|---|---|---|
| | | of collateral or debts excepted from discharge): $ 51309.10. (Fogel, Richard) (Entered: 11/14/2022) |
| 11/15/2022 | 12 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Report of No Distribution. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 11/15/2022) Filed by Trustee Richard M. Fogel (RE: 11 Chapter 7 Trustee's Report of No Distribution). (Fogel, Richard) (Entered: 11/15/2022) |
| 01/17/2023 | 13 (2 pgs) | Discharge Order Chapter 7 No Asset - Auto (Admin.) (Entered: 01/17/2023) |
| 01/19/2023 | 14 (5 pgs) | BNC Certificate of Notice - Order of Discharge. (RE: 13 Discharge Order Chapter 7 No Asset - Auto). No. of Notices: 16. Notice Date 01/19/2023. (Admin.) (Entered: 01/19/2023) |
| 01/20/2023 | 15 | Bankruptcy Case Closed and Trustee Discharged (Admin.) (Entered: 01/20/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/24/2026 16:01:01 | | | |
| **PACER Login:** | duanemorrispacer2026 | **Client Code:** | J1570-00001 |
| **Description:** | Docket Report | **Search Criteria:** | 22-11481 Fil or Ent: filed From: 6/24/2000 To: 6/24/2026 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 3

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Marcy L Lucchesi<br>First Name Middle Name Last Name | Social Security number or ITIN | xxx−xx−0468 |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name Middle Name Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Northern District of Illinois | | |
| Case number: | 22−11481 | | |

# Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Marcy L Lucchesi

January 17, 2023

**For the court:** Jeffrey P. Allsteadt, Clerk
United States Bankruptcy Court

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Case 22-11431 Doc 13 Filed 01/28/26 Entered 01/28/26 16:10:55 Desc Discharge Ch 7 Page 2 of 2

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;
- debts for most student loans;
- debts for most taxes;
- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;
- debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- some debts which the debtors did not properly list;
- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and
- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 4

B1 (Official Form 1)(4/10)

# United States Bankruptcy Court
## Northern District of Illinois

# Voluntary Petition

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Lucchesi, Marcy L** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) **xxx-xx-0468** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State): **2 Oak Creek Dr. Apt. 1209, Buffalo Grove, IL** ZIP Code **60089** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP Code |
| County of Residence or of the Principal Place of Business: **Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP Code | Mailing Address of Joint Debtor (if different from street address): ZIP Code |

Location of Principal Assets of Business Debtor (if different from street address above):

**Type of Debtor**
(Form of Organization)
(Check one box)

- [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

FILED DATE: 7/8/2026 3:18 PM 2024CH00079


| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Lucchesi, Marcy L** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

X **/s/ David Chang** **July 29, 2011**
Signature of Attorney for Debtor(s) (Date)
**David Chang 6273793**

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

(Name of landlord that obtained judgment)

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Lucchesi, Marcy L**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Marcy L Lucchesi**
Signature of Debtor **Marcy L Lucchesi**

X ____________________
Signature of Joint Debtor

____________________
Telephone Number (If not represented by attorney)

**July 29, 2011**
Date

### Signature of Attorney*

X **/s/ David Chang**
Signature of Attorney for Debtor(s)

**David Chang 6273793**
Printed Name of Attorney for Debtor(s)

**Chang & Carlin, LLP**
Firm Name

**1305 Remington Road**
**Suite C**
**Schaumburg, IL 60173**

Address

**Email: contactus@changandcarlin.com**
**847-843-8600 Fax: 847-843-8605**
Telephone Number

**July 29, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ____________________
Signature of Authorized Individual

____________________
Printed Name of Authorized Individual

____________________
Title of Authorized Individual

____________________
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ____________________
Signature of Foreign Representative

____________________
Printed Name of Foreign Representative

____________________
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

____________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

____________________
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

____________________
Address

X ____________________

____________________
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi** Case No. ______
Debtor(s) Chapter **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

□ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

FILED DATE: 7/8/2026 3:18 PM 2024CH00079



☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Marcy L Lucchesi**
**Marcy L Lucchesi**

Date: **July 29, 2011**

Case 22-11-31 Doc 20-1 Filed 08/26/16 Entered 08/26/16 15:17:05 Desc Exhibit A - Defs Mtn to Summary Judgement Page 113 of 273

B6 Summary (Official Form 6 - Summary) (12/07)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi**, Debtor

Case No. ______

Chapter **7**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 11,745.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 6,346.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 9 | | 163,442.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 1,916.98 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 1,916.00 |
| Total Number of Sheets of ALL Schedules | | 21 | | | |
| | | Total Assets | 11,745.00 | | |
| | | | Total Liabilities | 169,788.00 | |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

Form 6 - Statistical Summary (12/07)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi**, Debtor

Case No. ______

Chapter **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 102,676.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 102,676.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 1,916.98 |
| Average Expenses (from Schedule J, Line 18) | 1,916.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 2,500.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 163,442.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 163,442.00 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

Case 11-38149 Doc 1 Filed 08/26/11 Entered 08/26/11 15:19:05 Desc Main
Document Page 8 of 46

B6A (Official Form 6A) (12/07)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor  Case No. ______

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

Sub-Total > **0.00** (Total of this page)

Total > **0.00**

(Report also on Summary of Schedules)

**0** continuation sheets attached to the Schedule of Real Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor

Case No. ______________________

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account with Wells Fargo Bank** | - | **395.00** |
| | | **Savings account with Wells Fargo Bank** | - | **1,900.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Misc used household goods** | - | **900.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **used clothing** | - | **300.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total > **3,495.00**
(Total of this page)

**2** continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B6B (Official Form 6B) (12/07) - Cont.

In re **Marcy L Lucchesi**, Debtor — Case No. ____________

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total > **0.00**
(Total of this page)

Sheet **1** of **2** continuation sheets attached to the Schedule of Personal Property

Case 11-41149 Doc 1 Filed 08/26/11 Entered 08/26/11 15:19:05 Desc Main
Document Page 118 of 273

B6B (Official Form 6B) (12/07) - Cont.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor    Case No. ____________

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2009 Suzuki SX4 - 21K miles** | - | **7,450.00** |
| | | **2009 Kymco Scooter - 700 miles** | - | **800.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total > **8,250.00**
(Total of this page)
Total > **11,745.00**

Sheet **2** of **2** continuation sheets attached to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

Case 11-48149 Doc 1 Filed 08/26/11 Entered 08/26/11 15:39:34 Desc Main
Document Page 119 of 273

B6C (Official Form 6C) (4/10)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor

Case No. ______________________

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account with Wells Fargo Bank** | **735 ILCS 5/12-1001(b)** | **395.00** | **395.00** |
| **Savings account with Wells Fargo Bank** | **735 ILCS 5/12-1001(b)** | **1,900.00** | **1,900.00** |
| **Household Goods and Furnishings** | | | |
| **Misc used household goods** | **735 ILCS 5/12-1001(b)** | **900.00** | **900.00** |
| **Wearing Apparel** | | | |
| **used clothing** | **735 ILCS 5/12-1001(a)** | **300.00** | **300.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2009 Suzuki SX4 - 21K miles** | **735 ILCS 5/12-1001(c)** | **2,400.00** | **7,450.00** |
| | **735 ILCS 5/12-1001(b)** | **805.00** | |
| | Total: | **6,700.00** | **10,945.00** |

**0** continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B6D (Official Form 6D) (12/07)

In re **Marcy L Lucchesi**, Debtor    Case No. ______________

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxx3401**<br>**Blkhwk Fin**<br>**2400 Devon Avenue**<br>**Des Plaines, IL 60018** | | **-** | **Opened 12/28/10 Last Active 6/10/11**<br>**PMSI Automobile**<br>**2009 Suzuki SX4 - 21K miles**<br>Value $ **7,450.00** | | | | **6,346.00** | **0.00** |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| | | | Subtotal (Total of this page) | | | | **6,346.00** | **0.00** |
| | | | Total (Report on Summary of Schedules) | | | | **6,346.00** | **0.00** |

**0** continuation sheets attached

B6E (Official Form 6E) (4/10)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor — Case No. ____________

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0** continuation sheets attached

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor

Case No. ____________

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xx1802**<br>**A/r Concepts**<br>**2320 Dean St**<br>**Saint Charles, IL 60175** | | - | **City Of Des Plaines** | | | | **122.00** |
| Account No. **xxx-xx-0468**<br>**Advocate Lutheran General Hospital**<br>**PO Box 73208**<br>**Chicago, IL 60673** | | - | **2009**<br>**Medical** | | | | **1,000.00** |
| Account No. **xxx-xx-0468**<br>**Al Piemonte's Arlington Heights For**<br>**801 W. Dundee Rd.**<br>**Arlington Heights, IL 60004** | | - | **2009**<br>**debt** | | | | **1,000.00** |
| Account No. **xxxx8997**<br>**Calvary Portfolio Services**<br>**Attention: Bankruptcy Department**<br>**500 Summit Lake Dr.**<br>**Valhalla, NY 10595** | | - | **Opened 5/01/08**<br>**CollectionAttorney Sprint Pcs** | | | | **625.00** |

**8** continuation sheets attached

Subtotal (Total of this page) **2,747.00**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com 

B6F (Official Form 6F) (12/07) - Cont.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor    Case No. ____________

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxx-xx-0468**<br>**Care Animal Hospital of Libertyvill**<br>**1101 W. Park Ave.**<br>**Libertyville, IL 60048** | | - | **2009**<br>**veternary services** | | | | **100.00** |
| Account No. **xxx3799**<br>**Certified Services Inc**<br>**Po Box 177**<br>**Waukegan, IL 60079** | | - | **Opened 7/01/06**<br>**CollectionAttorney Condell Medical Center** | | | | **125.00** |
| Account No. **xxx7130**<br>**Certified Services Inc**<br>**Po Box 177**<br>**Waukegan, IL 60079** | | - | **Opened 8/01/06**<br>**CollectionAttorney Condell Medical Center** | | | | **125.00** |
| Account No. **xxx8636**<br>**Certified Services Inc**<br>**Po Box 177**<br>**Waukegan, IL 60079** | | - | **Opened 4/01/06**<br>**CollectionAttorney Condell Medical Center** | | | | **125.00** |
| Account No. **xxx0921**<br>**Certified Services Inc**<br>**Po Box 177**<br>**Waukegan, IL 60079** | | - | **Opened 6/01/06**<br>**CollectionAttorney Condell Medical Center** | | | | **125.00** |

Sheet no. 1 of 8 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **600.00**

B6F (Official Form 6F) (12/07) - Cont.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor

Case No. ____________

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xx7497**<br>**Certified Services Inc**<br>**Po Box 177**<br>**Waukegan, IL 60079** | | - | **Opened 6/01/06**<br>**CollectionAttorney Condell Acute Care** | | | | **43.00** |
| Account No. **xxxxxxxxxxxxxxxxxxx0328**<br>**Chela**<br>**Attn: Bankruptcy**<br>**Po Box 9500**<br>**Wilkes-Barre, PA 18773** | | - | **Opened 3/01/08 Last Active 9/17/10**<br>**Educational** | | | | **18,041.00** |
| Account No. **xxxx4233**<br>**Credit Management**<br>**4200 International Pwy**<br>**Carrolton, TX 75007** | | - | **Opened 11/01/06**<br>**CollectionAttorney Wow Internet And Cable** | | | | **1,068.00** |
| Account No. **xx xx 9128**<br>**David J. Axelrod & Asociates**<br>**1448 Old Skokie**<br>**Highland Park, IL 60035** | | - | **2010**<br>**Notice only - All Credit Lenders v. Marcy Lucchesi** | | | | **0.00** |
| Account No. **xxxxxxxxxxx4674**<br>**Dept Of Education/neln**<br>**3015 Parker Rd**<br>**Aurora, CO 80014** | | - | **Opened 1/01/11 Last Active 7/18/11**<br>**Educational** | | | | **12,000.00** |

Sheet no. 2 of 8 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **31,152.00**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com 

B6F (Official Form 6F) (12/07) - Cont.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor Case No. ____________

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxx4574<br>**Dept Of Education/neln**<br>**3015 Parker Rd**<br>**Aurora, CO 80014** | | - | **Opened 1/01/11 Last Active 7/18/11**<br>**Educational** | | | | **8,500.00** |
| Account No. xxxxxxxxxxx6274<br>**Dept Of Education/neln**<br>**3015 Parker Rd**<br>**Aurora, CO 80014** | | - | **Opened 1/01/09 Last Active 7/18/11**<br>**Educational** | | | | **7,380.00** |
| Account No. xxxxxxxxxxx6374<br>**Dept Of Education/neln**<br>**3015 Parker Rd**<br>**Aurora, CO 80014** | | - | **Opened 1/01/09 Last Active 7/18/11**<br>**Educational** | | | | **6,144.00** |
| Account No. xxxxxxxxxxx4474<br>**Dept Of Education/neln**<br>**3015 Parker Rd**<br>**Aurora, CO 80014** | | - | **Opened 5/01/10 Last Active 7/18/11**<br>**Educational** | | | | **6,000.00** |
| Account No. xxxxxxxxxxx4374<br>**Dept Of Education/neln**<br>**3015 Parker Rd**<br>**Aurora, CO 80014** | | - | **Opened 5/01/10 Last Active 7/18/11**<br>**Educational** | | | | **4,250.00** |

Sheet no. **3** of **8** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **32,274.00**

Case 11-31149 Doc 1 Filed 08/29/11 Entered 08/29/11 16:39:05 Desc Main Document Page 19 of 46

B6F (Official Form 6F) (12/07) - Cont.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi** , Case No. ____________
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **0468**<br>**Elizabeth Lodge**<br>**5375 Elizabeth Place**<br>**Rolling Meadows, IL 60008** | | - | **2010-2011**<br>**Lease** | | | | **20,000.00** |
| Account No. **xxx-xx-0468**<br>**Fidelity Financial Services**<br>**1572 E. Golf Rd.**<br>**Schaumburg, IL 60173** | | - | **2009**<br>**debt** | | | | **1,000.00** |
| Account No. **xxx-xx-0468**<br>**Ford Motor Credit Co.**<br>**Po Box 6275**<br>**Dearborn, MI 48121** | | - | **2009**<br>**debt** | | | | **1,000.00** |
| Account No. **xxx1392**<br>**Harvard Collection**<br>**4839 N Elston Ave**<br>**Chicago, IL 60630** | | - | **Opened 10/01/05**<br>**CollectionAttorney Arlington Ent-Assoc. S.C.** | | | | **225.00** |
| Account No. **0468**<br>**Internal Revenue Service**<br>**Centralized Insolvency**<br>**p.o. box 21126**<br>**Philadelphia, PA 11914** | | - | **2003-2007**<br>**IRS Collections** | | | | **7,000.00** |

Sheet no. **4** of **8** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims — Subtotal (Total of this page) **29,225.00**

**B6F (Official Form 6F) (12/07) - Cont.**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor        Case No. ____________

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxx2003**<br><br>**Jefferson Capital**<br>**16 Mcleland Rd**<br>**Saint Cloud, MN 56303** | | - | **12 Imagine Mastercard** | | | | **675.00** |
| Account No. **xxxxxxxxx1003**<br><br>**Jefferson Capital**<br>**16 Mcleland Rd**<br>**Saint Cloud, MN 56303** | | - | **Opened 10/01/08**<br>**FactoringCompanyAccount Reward660 Visa Meta Bank** | | | | **419.00** |
| Account No. **xxx9567**<br><br>**Marauder Corporation**<br>**74923 Highway 111**<br>**Indian Wells, CA 92210** | | - | **Opened 3/01/10**<br>**CollectionAttorney Account Recovery Inc.** | | | | **1,140.00** |
| Account No. **xxx3918**<br><br>**Marauder Corporation**<br>**74923 Highway 111**<br>**Indian Wells, CA 92210** | | - | **Opened 1/01/10**<br>**CollectionAttorney Solomon Finance Inc.** | | | | **345.00** |
| Account No. **xxxxxx6246**<br><br>**Midland Credit Management**<br>**Po Box 939019**<br>**San Diego, CA 92193** | | - | **Opened 10/01/06**<br>**FactoringCompanyAccount Wells Fargo Financial Inc.** | | | | **7,253.00** |

Sheet no. **5** of **8** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **9,832.00**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com        Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor — Case No. ____________

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx2733**<br><br>**Nicor Gas<br>Attention: Bankruptcy Department<br>Po Box 190<br>Aurora, IL 60507** | | - | **Opened 11/01/07 Last Active 2/18/08<br>Agriculture** | | | | **726.00** |
| Account No. **xxxxxxxxxxxxx6650**<br><br>**Palisad Coll<br>Attention: Banktruptcy Department<br>Po Box 1244<br>Englewood Cliffs, NJ 07632** | | - | **Opened 8/01/06<br>FactoringCompanyAccount Hsbc Credit Service Inc.** | | | | **802.00** |
| Account No. **xxx4674**<br><br>**Professnl Acct Mgmt In<br>Pam Po Box 391<br>Milwaukee, WI 53201** | | - | **Tcf Bank** | | | | **357.00** |
| Account No. **xxx2501**<br><br>**Security Auto Loans In<br>2800 Industrial Pa<br>Plymouth, MN 55441** | | - | **Opened 7/01/08 Last Active 5/20/10<br>Repossessed** | | | | **3,836.00** |
| Account No. **xxxxxxx4214**<br><br>**Service Finance Compan<br>1956 Ne 5th Ave Ste 8<br>Boca Raton, FL 33431** | | - | **Opened 1/01/06 Last Active 9/18/06<br>Repossessed** | | | | **5,952.00** |

Sheet no. 6 of 8 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **11,673.00**

**B6F (Official Form 6F) (12/07) - Cont.**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor — Case No. ______________

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx3031**<br><br>**Turner Acceptance Crp**<br>**4454 N Western Ave**<br>**Chicago, IL 60625** | | - | **Opened 8/01/06 Last Active 12/16/06**<br>**Repossessed** | | | | **3,697.00** |
| Account No. **xxxx5719**<br><br>**United Collect Bur Inc**<br>**5620 Southwyck Blvd Ste**<br>**Toledo, OH 43614** | | - | **Opened 8/01/09**<br>**CollectionAttorney Lake County Acute Care Llp** | | | | **151.00** |
| Account No. **xxxx5724**<br><br>**United Collect Bur Inc**<br>**5620 Southwyck Blvd Ste**<br>**Toledo, OH 43614** | | - | **Opened 8/01/09**<br>**CollectionAttorney Lake County Acute Care Llp** | | | | **127.00** |
| Account No. **xxxxxx4682**<br><br>**Us Dept Of Education**<br>**Attn: Borrowers Service Dept**<br>**Po Box 5609**<br>**Greenville, TX 75403** | | - | **Opened 4/01/11 Last Active 6/30/11**<br>**Educational** | | | | **40,361.00** |
| Account No. **xxxxxxx7859**<br><br>**Vision Fince**<br>**4 West Red Oak Lan**<br>**White Plains, NY 10604** | | - | **Medical** | | | | **510.00** |

Sheet no. **7** of **8** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **44,846.00**

B6F (Official Form 6F) (12/07) - Cont.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor    Case No. ______________

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx3983**<br><br>**Vision Fince**<br>**4 West Red Oak Lan**<br>**White Plains, NY 10604** | | - | **Medical** | | | | **430.00** |
| Account No. **xxxxxx6071**<br><br>**Zenith Acquisition**<br>**220 John Glenn Dr # 1**<br>**Amherst, NY 14228** | | - | **Opened 6/01/08**<br>**CollectionAttorney Salute Visa Gold** | | | | **663.00** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. 8 of 8 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | **1,093.00** |
| Total (Report on Summary of Schedules) | **163,442.00** |

B6G (Official Form 6G) (12/07)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi**, Debtor

Case No. ______________________

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Elizabeth Lodge** | **surrender lease at 5375 Elizabeth Place Rolling Meadows, IL 60008 - 2 year lease - October 2010 through September 2012** |

**0** continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B6H (Official Form 6H) (12/07)

In re **Marcy L Lucchesi**, Debtor

Case No. ____________

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |

**0** continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

Case 11-31149 Doc 1 Filed 08/25/11 Entered 08/25/11 16:19:05 Desc Main Document Page 26 of 46

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**B6I (Official Form 6I) (12/07)**

In re **Marcy L Lucchesi** Case No. ____________
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| **Divorced** | **None.** | |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Employment Specialist** | |
| Name of Employer | **Orchard Village** | |
| How long employed | **8 months** | |
| Address of Employer | **7670 Marmora<br>Skokie, IL 60077** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **2,500.00** | $ **N/A** |
| 2. Estimate monthly overtime | $ **0.00** | $ **N/A** |
| 3. SUBTOTAL | $ **2,500.00** | $ **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **505.02** | $ **N/A** |
| b. Insurance | $ **78.00** | $ **N/A** |
| c. Union dues | $ **0.00** | $ **N/A** |
| d. Other (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **583.02** | $ **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **1,916.98** | $ **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **N/A** |
| 8. Income from real property | $ **0.00** | $ **N/A** |
| 9. Interest and dividends | $ **0.00** | $ **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **N/A** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 12. Pension or retirement income | $ **0.00** | $ **N/A** |
| 13. Other monthly income (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **0.00** | $ **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **1,916.98** | $ **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **1,916.98** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

In re **Marcy L Lucchesi** Case No. ____________
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 800.00 |
| a. Are real estate taxes included? Yes ___ No X | |
| b. Is property insurance included? Yes ___ No X | |
| 2. Utilities: a. Electricity and heating fuel | $ 75.00 |
| b. Water and sewer | $ 15.00 |
| c. Telephone | $ 0.00 |
| d. Other **See Detailed Expense Attachment** | $ 90.00 |
| 3. Home maintenance (repairs and upkeep) | $ 15.00 |
| 4. Food | $ 225.00 |
| 5. Clothing | $ 15.00 |
| 6. Laundry and dry cleaning | $ 10.00 |
| 7. Medical and dental expenses | $ 50.00 |
| 8. Transportation (not including car payments) | $ 110.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 15.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ 0.00 |
| b. Life | $ 0.00 |
| c. Health | $ 0.00 |
| d. Auto | $ 85.00 |
| e. Other ____ | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) ____ | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ 346.00 |
| b. Other ____ | $ 0.00 |
| c. Other ____ | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 65.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 1,916.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

______________________________

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ 1,916.98 |
| b. Average monthly expenses from Line 18 above | $ 1,916.00 |
| c. Monthly net income (a. minus b.) | $ 0.98 |

B6J (Official Form 6J) (12/07)

In re **Marcy L Lucchesi** Case No.

Debtor(s)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---|
| Cell Phone | $ 55.00 |
| Cable/Internet | $ 35.00 |
| **Total Other Utility Expenditures** | $ 90.00 |

**Other Expenditures:**

| | |
|---|---|
| Personal Grooming | $ 25.00 |
| Drugstore Incidentals | $ 15.00 |
| Auto Maintenance | $ 25.00 |
| **Total Other Expenditures** | $ 65.00 |

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi**, Debtor(s) — Case No. ______ — Chapter **7**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **23** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **July 29, 2011**

Signature ***/s/* Marcy L Lucchesi**
**Marcy L Lucchesi**
Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

| | | | |
|---|---|---|---|
| In re | **Marcy L Lucchesi** | Case No. | |
| | Debtor(s) | Chapter | **7** |

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$15,000.00** | **2009 income from debtor** |
| **$4,000.00** | **2010 income from debtor** |
| **$15,000.00** | **2011 YTD Income from pay stubs** |

---

**2. Income other than from employment or operation of business**

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**3. Payments to creditors**

None ■ ***Complete a. or b., as appropriate, and c.***

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **All Credit Lenders v. Marcy Lucchesi - 10 SC 9128** | **Civil** | **Circuit Court of Lake County** | **Pending** |
| **Fidelity Financial Services, Inc. v. Marcy Lucchesi - DO YOU HAVE DOCUMENTATION OF THIS CASE?** | **Civil** | | **Judgment** |
| **Advocate Health Hospitals Corp and Lutheran General Hospital v. Marcy Lucchesi - DO YOU HAVE DOCUMENTATION OF THIS CASE?** | **Civil** | | **Judgment** |
| **Ford Motor Credit Co. v. Marcy Lucchesi - DO YOU HAVE DOCUMENTATION OF THIS CASE?** | **Civil** | | **Judgment** |
| **Al Piemonte's Arlington Heights Ford, Inc. v. Marcy Lucchesi - DO YOU HAVE DOCUMENTATION OF THIS CASE?** | **Civil** | | **Judgment** |
| **Care Animal Hospital of Libertyville v. Marcy Lucchesi - DO YOU HAVE DOCUMENTATION OF THIS CASE?** | **Civil** | | **Judgment** |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com 

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

FILED DATE: 7/8/2026 3:18 PM 2024CH00079



**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Chang & Carlin, LLP<br>1305 Remington Road<br>Suite C<br>Schaumburg, IL 60173** | **2011** | **$575** |
| **Credit Info Net<br>Dayton, OH** | **2011** | **$176 for 2 years tax transcripts, credit reports, credit counseling and debtor education** |

**10. Other transfers**

None ■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

FILED DATE: 7/8/2026 3:18 PM 2024CH00079



**13. Setoffs**

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐ If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **5375 Elizabeth Place Rolling Meadows, IL 60008** | **Marcy L Lucchesi** | **2010 - 2011** |
| **200 N. Arlington Heights Rd. Arlington Heights, IL 60004** | **Marcy L Lucchesi** | **2008 - 2010** |

**16. Spouses and Former Spouses**

None ■ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com 

Case 11-31149 Doc 1 Filed 07/26/11 Entered 07/26/11 16:17:05 Desc Main
Document Page 142 of 273

FILED DATE: 7/8/2026 3:18 PM 2024CH00079



None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ■ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ■ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com 

FILED DATE: 7/8/2026 3:18 PM 2024CH00079



NAME AND ADDRESS | DATE ISSUED

**20. Inventories**

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

FILED DATE: 7/8/2026 3:18 PM 2024CH00079



**25. Pension Funds.**

None ■ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **July 29, 2011** Signature **/s/ Marcy L Lucchesi**
**Marcy L Lucchesi**
Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi**, Debtor(s) — Case No. ______ — Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Blkhwk Fin** | **Describe Property Securing Debt:**<br>**2009 Suzuki SX4 - 21K miles** |

Property will be (check one):
☐ Surrendered ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
■ Reaffirm the debt
☐ Other. Explain ____________________ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date **July 29, 2011**

Signature **/s/ Marcy L Lucchesi**
**Marcy L Lucchesi**
Debtor

Case 11-31149 Doc 1 Filed 07/29/11 Entered 07/29/11 15:39:54 Desc Main Document Page 39 of 46

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi**, Debtor(s) — Case No. ______ Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ **575.00** |
| Prior to the filing of this statement I have received | $ **575.00** |
| Balance Due | $ **0.00** |

2. $ **299.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **July 29, 2011**

**/s/ David Chang**

**David Chang 6273793**
**Chang & Carlin, LLP**
**1305 Remington Road**
**Suite C**
**Schaumburg, IL 60173**
**847-843-8600 Fax: 847-843-8605**
**contactus@changandcarlin.com**

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi**, Debtor(s)

Case No. ______

Chapter **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Marcy L Lucchesi** | X **/s/ Marcy L Lucchesi** | **July 29, 2011** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| Case No. (if known) ______ | X ______ | |
| | Signature of Joint Debtor (if any) | Date |

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# United States Bankruptcy Court
## Northern District of Illinois

In re **Marcy L Lucchesi**, Debtor(s)

Case No. ________

Chapter **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: **31**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **July 29, 2011**

**/s/ Marcy L Lucchesi**
**Marcy L Lucchesi**
Signature of Debtor

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

Document Page 44 of 46

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

A/r Concepts
2320 Dean St
Saint Charles, IL 60175

Advocate Lutheran General Hospital
PO Box 73208
Chicago, IL 60673

Al Piemonte's Arlington Heights For
801 W. Dundee Rd.
Arlington Heights, IL 60004

Blkhwk Fin
2400 Devon Avenue
Des Plaines, IL 60018

Calvary Portfolio Services
Attention: Bankruptcy Department
500 Summit Lake Dr.
Valhalla, NY 10595

Care Animal Hospital of Libertyvill
1101 W. Park Ave.
Libertyville, IL 60048

Certified Services Inc
Po Box 177
Waukegan, IL 60079

Chela
Attn: Bankruptcy
Po Box 9500
Wilkes-Barre, PA 18773

Credit Management
4200 International Pwy
Carrolton, TX 75007

David J. Axelrod & Asociates
1448 Old Skokie
Highland Park, IL 60035

Dept Of Education/neln
3015 Parker Rd
Aurora, CO 80014

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Elizabeth Lodge
5375 Elizabeth Place
Rolling Meadows, IL 60008

Elizabeth Lodge
Abelson & Taylor
33 E. Monroe, Suite 300
Chicago, IL 60603

Elizabeth Lodge

Fidelity Financial Services
1572 E. Golf Rd.
Schaumburg, IL 60173

Ford Motor Credit Co.
Po Box 6275
Dearborn, MI 48121

Harvard Collection
4839 N Elston Ave
Chicago, IL 60630

Internal Revenue Service
Centralized Insolvency
p.o. box 21126
Philadelphia, PA 11914

Jefferson Capital
16 Mcleland Rd
Saint Cloud, MN 56303

Marauder Corporation
74923 Highway 111
Indian Wells, CA 92210

Midland Credit Management
Po Box 939019
San Diego, CA 92193

Nicor Gas
Attention: Bankruptcy Department
Po Box 190
Aurora, IL 60507

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Palisad Coll
Attention: Banktruptcy Department
Po Box 1244
Englewood Cliffs, NJ 07632

Professnl Acct Mgmt In
Pam Po Box 391
Milwaukee, WI 53201

Security Auto Loans In
2800 Industrial Pa
Plymouth, MN 55441

Service Finance Compan
1956 Ne 5th Ave Ste 8
Boca Raton, FL 33431

Turner Acceptance Crp
4454 N Western Ave
Chicago, IL 60625

United Collect Bur Inc
5620 Southwyck Blvd Ste
Toledo, OH 43614

Us Dept Of Education
Attn: Borrowers Service Dept
Po Box 5609
Greenville, TX 75403

Vision Fince
4 West Red Oak Lan
White Plains, NY 10604

Zenith Acquisition
220 John Glenn Dr # 1
Amherst, NY 14228

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 5

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Marcy Lucchesi,<br><br>Plaintiff,<br><br>v.<br><br>David J. Axelrod & Associates, Ltd.<br>c/o David J. Axelrod<br>1448 Old Skokie Road<br>Highland Park, IL 60035<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the ñDebtò).

5- Defendants are corporations with their principal place of business in the State of Illinois.

6- Defendants are interrelated entities and the term ñDefendantò shall herein refer to both Defendants collectively.

7- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

8- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

Case: 1:11-cv-07213 Document #: 1 Filed: 10/12/11 Page 2 of 4 PageID #:2

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

9- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

10- On or around July 26, 2011, Defendant served Plaintiff with a Citation to Discover Assets (ñCitationò).

11- The afore-mentioned Citation had a return date of August 15, 2011.

12- On or around July 27, 2011, Plaintiff telephoned Defendant in response to the Citation.

13- During this communication, Defendant threatened that Plaintiff would be arrested if she did not ñbring $3,190.97 to Defendantôs officeò by 5pm that day.

14- Defendant damaged Plaintiff.

15- Defendant violated the FDCPA.

## COUNT I

16- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

17- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the debt.

## COUNT II

18- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC § 1692e(5) by threatening to take action that it could not legally take.

## COUNT III

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(5) by threatening to take action that it did not intend to take.

Case: 1:11-cv-07013 Document #: 1 Filed: 10/12/11 Page 3 of 4 PageID #:3

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**COUNT IV**

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(10) by making false representations during the collection, or attempted collection, of a debt.

**COUNT IV**

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**JURY DEMAND**

26- Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

27- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiffôs actual damages, as determined at trial, suffered as a direct and proximate result Defendantôs violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendantôs violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiffôs reasonable attorneysô fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*

Richard J. Meier, Esq.
59 W. Jackson Street, Suite 709
Chicago, IL 60604
Tel: 312/242-1849
Fax: 312/242-1841
Richard@meierllc.com
*Attorney for Plaintiff*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 6

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois

**Case No. 11−31149**

**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Marcy L Lucchesi
2 Oak Creek Dr. Apt. 1209
Buffalo Grove, IL 60089

Social Security / Individual Taxpayer ID No.:

xxx−xx−0468

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

FOR THE COURT

Dated: October 19, 2011

Kenneth S. Gardner, Clerk
United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) − Cont.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# Notice Recipients

District/Off: 0752−1 User: admin Date Created: 10/19/2011
Case: 11−31149 Form ID: b18 Total: 34

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

17607426 Elizabeth Lodge

TOTAL: 1

**Recipients of Notice of Electronic Filing:**

tr Ira Bodenstein iratrustee@shawgussis.com
aty Marina Ricci mricci@changandcarlin.com

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Marcy L Lucchesi | 2 Oak Creek Dr. Apt. 1209 Buffalo Grove, IL 60089 |
| 17607413 | A/r Concepts | 2320 Dean St Saint Charles, IL 60175 |
| 17607414 | Advocate Lutheran General Hospital | PO Box 73208 Chicago, IL 60673 |
| 17607415 | Al Piemonte's Arlington Heights For | 801 W. Dundee Rd. Arlington Heights, IL 60004 |
| 17607416 | Blkhwk Fin | 2400 Devon Avenue Des Plaines, IL 60018 |
| 17607417 | Calvary Portfolio Services | Attention: Bankruptcy Department 500 Summit Lake Dr. Valhalla, NY 10595 |
| 17607418 | Care Animal Hospital of Libertyvill | 1101 W. Park Ave. Libertyville, IL 60048 |
| 17607419 | Certified Services Inc | Po Box 177 Waukegan, IL 60079 |
| 17607420 | Chela | Attn: Bankruptcy Po Box 9500 Wilkes−Barre, PA 18773 |
| 17607421 | Credit Management | 4200 International Pwy Carrolton, TX 75007 |
| 17607422 | David J. Axelrod &Asociates | 1448 Old Skokie Highland Park, IL 60035 |
| 17607423 | Dept Of Education/neln | 3015 Parker Rd Aurora, CO 80014 |
| 17607424 | Elizabeth Lodge | 5375 Elizabeth Place Rolling Meadows, IL 60008 |
| 17607425 | Elizabeth Lodge | Abelson &Taylor 33 E. Monroe, Suite 300 Chicago, IL 60603 |
| 17607427 | Fidelity Financial Services | 1572 E. Golf Rd. Schaumburg, IL 60173 |
| 17607428 | Ford Motor Credit Co. | Po Box 6275 Dearborn, MI 48121 |
| 17607429 | Harvard Collection | 4839 N Elston Ave Chicago, IL 60630 |
| 17607430 | Internal Revenue Service | Centralized Insolvency p.o. box 21126 Philadelphia, PA 11914 |
| 17607431 | Jefferson Capital | 16 Mcleland Rd Saint Cloud, MN 56303 |
| 17607432 | Marauder Corporation | 74923 Highway 111 Indian Wells, CA 92210 |
| 17607433 | Midland Credit Management | Po Box 939019 San Diego, CA 92193 |
| 17607434 | Nicor Gas | Attention: Bankruptcy Department Po Box 190 Aurora, IL 60507 |
| 17607435 | Palisad Coll | Attention: Banktruptcy Department Po Box 1244 Englewood Cliffs, NJ 07632 |
| 17607436 | Professnl Acct Mgmt In | Pam Po Box 391 Milwaukee, WI 53201 |
| 17607437 | Security Auto Loans In | 2800 Industrial Pa Plymouth, MN 55441 |
| 17607438 | Service Finance Compan | 1956 Ne 5th Ave Ste 8 Boca Raton, FL 33431 |
| 17607439 | Turner Acceptance Crp | 4454 N Western Ave Chicago, IL 60625 |
| 17607440 | United Collect Bur Inc | 5620 Southwyck Blvd Ste Toledo, OH 43614 |
| 17607441 | Us Dept Of Education | Attn: Borrowers Service Dept Po Box 5609 Greenville, TX 75403 |
| 17607442 | Vision Fince | 4 West Red Oak Lan White Plains, NY 10604 |
| 17607443 | Zenith Acquisition | 220 John Glenn Dr # 1 Amherst, NY 14228 |

TOTAL: 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 7

Case: 1:11-cv-07213 Document #: 8 Filed: 12/13/11 Page 1 of 7 PageID #:12

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**MARCY LUCCHESI,**

PLAINTIFF,

v.

**DAVID J. AXELROD & ASSOC., LTD.,**

DEFENDANT.

Case No. 11-cv-07213

Hon. Sharon Johnson Coleman

Mag. Judge Morton Denlow

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. FACTS

Plaintiff, Marcy Lucchesi ("Lucchesi"), claims Defendant, David J. Axelrod & Associates, Ltd. ("Axelrod"), violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Specifically, Lucchesi claims that Axelrod served her with a citation to discover assets with a return date of August 15, 2011. Compl. at ¶¶ 10-11. Lucchesi alleges that she contacted Axelrod's office via telephone on July 27, 2011 in response to the citation. Id. at ¶12. Lucchesi asserts that, during the July 27, 2011 telephone communication, Axelrod "threatened that [Lucchesi] would be arrested if she did not 'bring $3,190.97 to [Axelrod's] office' by 5pm that day." Id. at ¶13.

Pursuant to Lucchesi's allegations, the sole alleged violation of the FDCPA occurred on July 27, 2011. See generally Compl. On July 29, 2011, Lucchesi filed for protection under Chapter 7 of the U.S. Bankruptcy Code, In re Lucchesi, case no. 11-31149 (N.D. Ill.). See Ch. 7 Pet. (attached hereto as Exhibit A). Pursuant to her Chapter 7 Petition, Lucchesi asked the Bankruptcy Court to discharge unsecured debt in the amount of no less than $163,442.00. Id. at Summ. Sched. When asked to divulge all contingent and unliquidated claims of every nature

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

and the value of each such alleged claim, Lucchesi declared, under penalty of perjury, "none." Ex. A at Sched. B, line 21. A review of Lucchesi's Petition clearly reveals Lucchesi did not disclose to the Bankruptcy Court or the trustee the pre-petition FDCPA claims she asserts in this case against Axelrod. See generally Ex. A.

On September 16, 2011, the Trustee conducted a meeting of creditors pursuant to 11 U.S.C. §341, and examined Lucchesi. A true and accurate transcript of that meeting is attached hereto as Exhibit B (with the Declaration of Stacie E. Barhorst, Esq. regarding the transcript) and a true and accurate copy of the audio recording of that meeting is attached hereto as Exhibit C.[1] During the examination, Lucchesi testified under oath that she had had never filed bankruptcy before, in spite of the fact she had actually filed bankruptcy no less than three times prior: (a) once as a co-debtor under Chapter 7 in In re Robert A. & Marcy L. Lucchesi, case no. 92-18459 (Bankr. N.D. Ill.); (b) as a debtor under Chapter 13 in In re Marcy L. Lucchesi, case no. 95-13632 (Bankr. N.D. Ill.); and (c) as a debtor under Chapter 7 in In re Marcy Lucchesi, case no. 02-21571 (Bankr. N.D. Ill.). Exs. B & C; see also Dockets (attached collectively hereto as Exhibit D). Lucchesi also testified that the information contained in her Petition and the attached schedules was true, accurate, and correct, and that she did not want to make any changes. Id. Lucchesi attested that no-one owed her any money. Id. Moreover, Lucchesi testified she was not suing anyone for any reason. Id. Finally, Lucchesi denied having any assets with which the Trustee could use to pay back any of Lucchesi's creditors. Id. Based on Lucchesi's Petition, as well as her testimony under oath, the Trustee made a finding of no assets in Lucchesi's case.

[1]. A copy of Exhibit C will be provided to the Court in CD format, and a copy of Exhibit C will be provided to opposing counsel via email, with a hard copy to follow should counsel request.

Case 1:11-cv-07201 Document #: 8 Filed: 12/13/11 Page 3 of 7 PageID #:14

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Exs. B & C; see also Trustee's Report, Bankr. Docket at no. 17 (a true and accurate copy of which is attached hereto as Exhibit E).

Less than four weeks later, on October 12, 2011, Lucchesi filed her pre-petition FDCPA claims against Axelrod with this Court, about which claims she did not ever inform the Trustee or the Bankruptcy Court. Compl. Lucchesi claims Axelrod's alleged conduct violated 15 U.S.C. §1692e because Axelrod supposedly misrepresented the character, amount and/or legal status of the debt, that Axelrod purportedly threatened to take action it could not legally take, that Axelrod allegedly threatened to take action that it did not intend to take, and that Axelrod purportedly made false representations during the collection, or attempted collection, of the debt. Id. at ¶¶ 16-23. Lucchesi also asserts Axelrod violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt. Id. at ¶¶ 24-25. Lucchesi asks the Court to award her statutory damages in the amount of $1,000.00 in addition to actual damages, reasonable attorneys' fees and court costs. Compl. at ¶27. Lucchesi had no right to file the claims in this Court, because her bankruptcy was still pending, and commencement of Lucchesi's Chapter 7 proceeding rendered all of her "legal and equitable interests" part of her bankruptcy estate.[2] 11 U.S.C. §541(a)(1).

---

[2]. The bankruptcy estate's reach is extraordinarily broad, and includes "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative . . . ." In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993). Lucchesi's purported pre-petition claims were therefore the property of the estate. See also Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006) (finding the estate owns all pre-bankruptcy claims). Upon Lucchesi's Chapter 7 filing, the Bankruptcy Court appointed a Trustee to manage the estate pursuant to 11 U.S.C. §701. Pursuant to 11 U.S.C. §323, the trustee has the absolute right to prosecute causes of action that are the property of the estate. Accordingly, Lucchesi lost standing to direct her claims, and only the Trustee had the right to make decisions regarding the prosecution of any pre-petition claim. The Trustee had plenary power over Lucchesi's claims, including, but not limited to, determining whether to hire a professional to oversee Lucchesi's claims on her behalf under 11 U.S.C. §§ 327 and 328. Put simply, neither Lucchesi nor her attorney had any right to seek any relief in this Court by filing suit during the pendency of Lucchesi's Chapter 7 case.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

On October 19, 2011, based on Lucchesi's representations to the Trustee and the Bankruptcy Court in her Petition and in her testimony under oath during the meeting of creditors, the Bankruptcy Court discharged Lucchesi's debts in the amount of $169,788.00. Oct. 19, 2011 Order (attached hereto as Exhibit F). The Bankruptcy Court closed Lucchesi's bankruptcy case and discharged the Trustee on October 24, 2011. Ex. E at no. 20. As of the date of the filing of this Motion, upon information and belief, Lucchesi has never informed the Trustee or the Bankruptcy Court of the existence of her alleged pre-petition claims against Axelrod, from which she seeks to benefit. See generally Exs. A, B & C.

## II. ARGUMENT AND LAW

Pursuant to Fed. R. Civ. P. 12(b)(6), this Court should dismiss Lucchesi's FDCPA claims against Axelrod, with prejudice. As discussed below, Lucchesi should be judicially estopped from pursuing her purported pre-petition claims against Axelrod because she did not list those claims in her bankruptcy Petition or otherwise notify the Bankruptcy Court or the Trustee of the existence of those alleged claims from which she now seeks to profit.

The Court construes the Complaint in the light most favorable to the non-movant, accepts well-pleaded facts as true, and gives the non-movant the benefit of all inferences. Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc., 657 F.3d 496, 502 (7th Cir. 2011). In order to survive a motion to dismiss, the factual allegations in a complaint must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557-58 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

As an initial matter, pursuant to Fed. R. Evid. 201(d), Axelrod requests that this Court take judicial notice of adjudicative facts contained in the public records attached hereto as

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Exhibits A, C, D, E and F, of which public records this Court may take judicial notice without converting Axelrod's Motion to Dismiss into a motion for summary judgment. General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997) (holding this Court may take judicial notice of matters of public record without converting Axelrod's Motion to Dismiss into a motion for summary judgment); see also Thompson v. O'Bryant, 2008 WL 1924954, at *2, n.1 (N.D. Ill. Apr. 30, 2008) (discussing taking judicial notice of adjudicative facts in determining a motion to dismiss based on judicial estoppel). The contents of Lucchesi's Petition, §341 examination, prior bankruptcy dockets and the October 19, 2011 discharge order all contain information necessary to support Axelrod's Motion, and are appropriate for judicial notice.

Judicial estoppel prevents a debtor from obtaining an unfair advantage by inconsistently asserting that a cause of action does not exist but later attempting to recover on the same claim after debts have been discharged. Thompson, 2008 WL 1924954, at *2 (citing Cannon-Stokes v. Potter, 453 F.3d 446, 447 (7th Cir. 2006)). In Cannon-Stokes, the debtor did not list any valuable legal claims on her Chapter 7 petition when, in fact, she was pursuing an administrative claim for $300,000 against the U.S. Postal service. Cannon-Stokes v. Potter, 453 F.3d 446, 447 (7th Cir. 2006). The Bankruptcy Court, believing debtor's representation that no valuable claims existed, discharged debtor's obligations of $98,000 in unsecured debt. Id. After the bankruptcy proceedings concluded, the debtor filed suit against the U.S. Postal Service seeking damages. Id. The Seventh Circuit concluded that judicial estoppel barred the debtor's suit for damages against the U.S. Postal Service, stating as follows:

> Judicial estoppel is designed to "prevent the perversion of the judicial process," a fair description of the result if we were to let [the debtor] conceal, for her personal benefit, an asset that by her reckoning is three times the value of the debts she had discharged. . . . And if [the debtor] were really making an honest attempt to pay

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

> her debts, then as soon as she realized it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. [The debtor] never did that; she wants every penny of the judgment for herself.

Cannon-Stokes, 453 F.3d at 448 (internal citations omitted).

Based on the facts of this case, it could not be clearer that Cannon-Stokes is dispositive. In her Complaint, Lucchesi claims that Axelrod's alleged actions on July 27, 2011 (which allegations Axelrod vehemently denies) resulted in a claim for statutory and actual damages (presumably emotional distress, although the Complaint does not specify) under the FDCPA. Having suffered these damages no less than two days prior to filing for protection under Chapter 7, Lucchesi was well aware of the existence of her purported pre-petition claims against Axelrod. However, it is uncontroverted that those claims were not listed in Lucchesi's Petition filed 2 days later on July 29, 2011. See generally Ex. A, Sched. B, line 21. Lucchesi did not ever amend her Petition to reflect the existence of her alleged pre-petition claims against Axelrod. See generally Ex. E. Moreover, Lucchesi did not disclose the existence of those claims to the Trustee during the §341 examination, and explicitly testified under oath that she did not have any changes to make to the Petition. Exs. B & C. Once she had jumped through all the formal hoops entitling her to discharge, however, Lucchesi filed suit against Axelrod on her own behalf, seeking to profit from her alleged claims without informing the Bankruptcy Court or the Trustee that she was seeking statutory and actual damages in a suit against Axelrod. Finally, Lucchesi's deception of the Bankruptcy Court and the Trustee paid off when Lucchesi was discharged on October 20, 2011 from responsibility for $169,788 in debt.

Lucchesi took the position in her filings with and testimony to the Bankruptcy Court and Trustee that she did not have any valuable claims against anyone. She concealed her claims against Axelrod to ensure that, if her claims bore fruit, she and her lawyer would be the sole

persons to profit from them, without regard for the creditors who took losses when the Bankruptcy Court discharged Lucchesi of $169,788 in debt. Lucchesi's actions constitute perjury at least, and may rise to the level of bankruptcy fraud. In any event, Lucchesi's inconsistent positions in her Bankruptcy Court filings and testimony in comparison with her position in this case certainly mandate that this Court should apply judicial estoppel, and should dismiss Lucchesi's claims, with prejudice.

## III. CONCLUSION

For all the foregoing reasons, Axelrod respectfully moves this Court to dismiss Lucchesi's claims, with prejudice, and to award Axelrod its reasonable attorneys' fees in defending against this meritless and frivolous action.

Respectfully submitted,

DAVID J. AXELROD & ASSOC., LTD.

By: /s Stacie E. Barhorst

Stacie E. Barhorst
BARHORST & ASSOCIATES, P.C.
901 W. Jackson Blvd., Suite 301
Chicago, Illinois 60607
(312) 782-4270
(312) 782-4301 (fax)
Email: stacie@barhorstlaw.com

*Attorney for Defendant,*
*David J. Axelrod & Assoc., Ltd.*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**MARCY LUCCHESI,**

PLAINTIFF,

**DAVID J. AXELROD & ASSOC., LTD.,**

DEFENDANT.

Case No. 11-cv-07213

Hon. Sharon Johnson Coleman

Mag. Judge Morton Denlow

---

**DECLARATION OF STACIE E. BARHORST, ESQ.**

Pursuant to 28 U.S.C. §1746, Stacie E. Barhorst, Esq., declares as follows:

1. I am the attorney for Defendant, David J. Axelrod & Associates, Ltd., in the above-captioned case.

2. Using the official audio recording procured from the U.S. Bankruptcy Court, I transcribed the Meeting of Creditors and Rule 341(a) examination of Marcy L. Lucchesi, held on September 16, 2011 at 11:30 am. The transcription is attached to this Declaration.

3. The transcript attached to this declaration is true and accurate, to the best of my ability, with portions I could not understand marked unintelligible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2011

/s Stacie E. Barhorst, Esq.
Stacie E. Barhorst, Esq.
Attorney for Defendant, David J. Axelrod & Associates, Ltd.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**MARCY LUCCHESI,**

PLAINTIFF,

v.

**DAVID J. AXELROD & ASSOC., LTD.,**

DEFENDANT.

Case No. 11-cv-07213

Hon. Sharon Johnson Coleman

Mag. Judge Morton Denlow

---

**<u>TRANSCRIPT OF SEPTEMBER 16, 2011 RULE 341 MEETING OF CREDITORS EXAMINATION OF MARCY LUCCHESI</u>**

**BEGIN TRANSCRIPT**

TRUSTEE: This is the case of Marcy Lucchesi 11-31149.

[Unintelligible.]

MS. LUCCHESI: It's hot in here.

TRUSTEE: OK, raise your right hand. Do you swear to tell me the truth, the whole truth and nothing but the truth?

MS. LUCCHESI: Yes sir.

TRUSTEE: All right, put your hand down. Do you know this guy?

MR. WHEELER: [laughter] We just met. [laughter]

TRUSTEE: Did your lawyer tell you he was going to be here?

MS. LUCCHESI: Yes.

TRUSTEE: Yes?

MS. LUCCHESI: Kind of.

TRUSTEE: Kind of? OK.

MS. LUCCHESI: Here we go.

TRUSTEE: Ms. Lucchesi's handing me – and we have Mr. Wheeler who's going to sign in, right?

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

MR. WHEELER: Yeah, can I borrow your pen a second? I just got this on the go.

TRUSTEE: All right I got a driver's license, I got a Social Security card. I don't need an interpreter, so, here we go. I got a match. Thank you I will hand you those back.

MS. LUCCHESI: Thank you sir.

TRUSTEE: All right ma'am did your lawyer go over the blue sheet?

MS. LUCCHESI: Yes sir.

TRUSTEE: Have you filed bankruptcy before?

MS. LUCCHESI: No.

TRUSTEE: First time, good. Uh, is that your signature?

MS. LUCCHESI: Yes.

TRUSTEE: Did you sign that to tell me that all those doc- . . . all the information on your bankruptcy documents is true, accurate, and correct?

MS. LUCCHESI: Yes.

TRUSTEE: You listed all your assets?

MS. LUCCHESI: Correct.

TRUSTEE: You listed all your liabilities?

MS. LUCCHESI: Yes.

TRUSTEE: OK, do you want to make any changes?

MS. LUCCHESI: No.

TRUSTEE: Allrighty. Uhm, you live in Buffalo Grove, you rent an apartment?

MS. LUCCHESI: Yes.

TRUSTEE: You own no real estate?

MS. LUCCHESI: No.

TRUSTEE: Have you ever owned real estate?

MS. LUCCHESI: No.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

TRUSTEE: OK. A lot of educational loans, you owe the IRS $7,000. Why do you owe Elizabeth Lodge $20,000?

MS. LUCCHESI: That was my, uh, well half of it, that was my landlord, and I was in a situation I needed to move. So . . .

MR. WHEELER: It was a leasehold that she surrendered.

TRUSTEE: A lease, uh, for what? For a business?

MR. WHEELER: It was a residential apartment lease?

MS. LUCCHESI: Yes.

MR. WHEELER: Then that would be, the $20,000 would be if you paid the whole loan off [unintelligible] the payments would be . . .

TRUSTEE: OK, so it was just a residential lease though?

MS. LUCCHESI: Yes.

TRUSTEE: Not a business lease?

MS. LUCCHESI: No.

TRUSTEE: OK, you work at Orchard Village?

MS. LUCCHESI: Yes.

TRUSTEE: OK, Miss Ricci didn't file her retention agreement with the, uh, disclosure of compensation.

MR. WHEELER: Allright. OK.

TRUSTEE: As you know is now required.

MR. WHEELER: Yup. Indeed. So I'll have him do that.

MR. WHEELER: Uh, I didn't get a 2010 tax return, did you file one?

MS. LUCCHESI: It's in the, um, I have a [unintelligible].

MR. WHEELER: She filed an extension.

MS. LUCCHESI: Yes, thank you.

TRUSTEE: OK, you filed in 2009. Now do you expect to get a refund?

MS. LUCCHESI: Um, it goes right back to them.

Case: 1:25-cv-07223 Document #: 6 Filed: 12/13/25 Page 15 of 55 PageID #:69

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

TRUSTEE: Can you? Um, hold on one second, let me pause this. Uh, stop. I wanna stop, I wanna pause. Sorry Ms. Lucchesi.

[OFF THE RECORD]

TRUSTEE: Allright we're back on the record, so no real property, never did, never will? OK, well maybe.

MS. LUCCHESI: Yeah.

TRUSTEE: OK, well anybody owe you any money?

MS. LUCCHESI: No.

TRUSTEE: Uh, we're talking about your, do you expect to get a re-. . ., oh you owe the IRS money

MS. LUCCHESI: Yes.

TRUSTEE: So it's not like you get a refund, I get it. Uhm, you suing anybody for any reason?

MS. LUCCHESI: No.

TRUSTEE: Do you have any life insurance with cash value?

MS. LUCCHESI: No.

TRUSTEE: Operate your own business in the last year?

MS. LUCCHESI: No.

TRUSTEE: Expect to inherit anything in the next 6 months?

MS. LUCCHESI: No.

TRUSTEE: Winning lottery ticket in your purse?

MS. LUCCHESI: No.

TRUSTEE: Or pocket?

MS. LUCCHESI: No.

TRUSTEE: No? Uh, have any other assets I can use to pay back your creditors anywhere in this United States of America?

MS. LUCCHESI: No.

TRUSTEE: Or anywhere outside the boundaries of the United States of America?

Case: 1:24-cv-07213 Document #: 6-1 Filed: 12/13/24 Page 15 of 16 PageID #:70

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

MS. LUCCHESI: No.

TRUSTEE: Allright, I'll conclude the meeting with a finding of no assets. Good luck.

**END OF TRANSCRIPT**

Case: 1:11-cv-07213 Document #: 6-3 Filed: 12/13/11 Page 1 of 1 PageID #:71

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**MARCY LUCCHESI,**

PLAINTIFF,

v.

**DAVID J. AXELROD & ASSOC., LTD.,**

DEFENDANT.

Case No. 11-cv-07213

Hon. Sharon Johnson Coleman

Mag. Judge Morton Denlow

---

**<u>EXHIBIT C</u>**

**EXHIBIT C IS A CD CONTAINING AN AUDIO RECORDING TO BE PROVIDED TO THE COURT AND OPPOSING COUNSEL VIA OTHER MEANS**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**CLOSED**

# U.S. Bankruptcy Court
# Northern District of Illinois (Chicago)
# Bankruptcy Petition #: 02-21571

*Assigned to:* Hon. Jack B. Schmetterer
Chapter 7
Voluntary
No asset

*Date filed:* 06/03/2002
*Date terminated:* 09/30/2002
*Date discharged:* 09/25/2002

***Debtor***
**Marcy Lucchesi**
642 Inverarry Lane
Deerfield, IL 60015
LAKE-IL
SSN / ITIN: xxx-xx-0468

represented by **Neil P Gantz**
Neil Gantz Law Offices
105 W Madison St
Chicago, IL 60602
312 726-4880
Fax : 312 236-6999
Email: neilgantz@yahoo.com

***Trustee***
**Joel A Schechter, ESQ**
Law Offices Of Joel Schechter
53 W Jackson Blvd Ste 1522
Chicago, IL 60604
312 332-0267

| Filing Date | # | Docket Text |
|---|---|---|
| 06/03/2002 | 1 | VOLUNTARY petition under chapter 7 [SN] (Entered: 06/03/2002) |
| 06/04/2002 | 2 | NOTICE of Meeting of Creditors and Deadlines with Certificate of Service at Babcox Justice Center, 20 South County Street, Room C-150, Waukegan, IL 60085 [BNC] (Entered: 06/07/2002) |
| 08/05/2002 | 3 | FINAL Report of Trustee in No Asset Case [DF] (Entered: 08/06/2002) |
| 09/18/2002 | 4 | NOTICE of Motion [DF] (Entered: 09/19/2002) |
| 09/18/2002 | 5 | MOTION for Extension of Time in which to file an Adversary Complaint Objecting to discharge of a debt by Alex Stathis hearing on 10/11/2002 at 10:15 a.m. at Lake Courthouse, 18 N. County Street, Room 206 Annex Bldg, Waukegan, IL 60085[Disposed] [DF] (Entered: 09/19/2002) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | | |
|---|---|---|
| 09/25/2002 | 6 | DISCHARGE of Debtor with Certificate of Service [BNC] (Entered: 09/30/2002) |
| 09/30/2002 | 7 | ORDER CLOSING CASE AND DISCHARGING TRUSTEE [DF] (Entered: 09/30/2002) |
| 10/15/2002 | 8 | ORDER Time for filing objection to Discharge of Adversary Complaint is extended to 11/1/02 RE: Item# 5 [DF] (Entered: 10/16/2002) |
| 10/31/2002 | 9 | ADVERSARY PROCEEDING FILED NO. 02A01688, Complaint to determine the dischargeability of a debt [DF] (Entered: 11/01/2002) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/12/2011 13:07:02 | | | |
| **PACER Login:** | ba1654 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 02-21571 Fil or Ent: filed From: 1/1/2002 To: 12/12/2011 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Case: 1:24-cv-07213 Document #: 4 Filed: 12/13/24 Page 3 of 85 PageID #:74

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**CLOSED**

# U.S. Bankruptcy Court
# Northern District of Illinois (Chicago)
# Bankruptcy Petition #: 95-13632

*Date filed:* 07/07/1995
*Date terminated:* 05/24/1996
*Date dismissed:* 04/15/1996

*Assigned to:* Hon. Ronald Barliant
Chapter 13
Voluntary
Asset

***Debtor***
**Marcy L Lucchesi**
209 E Lakeside Dr
Vernon Hills, IL 60061
LAKE-IL
SSN / ITIN: xxx-xx-0468

represented by **Marc Shuger**
Feld & Korrub
29 S. LaSalle Street Ste 328
Chicago, IL 60603
312-263-2100
Fax : 312-263-9856

***Trustee***
**Craig Phelps**
11 E Adams St 15th Fl
Chicago, IL 60603
312-294-5900

| Filing Date | # | Docket Text |
|---|---|---|
| 07/07/1995 | 1 | VOLUNTARY petition under chapter 13 [$160 paid] RELATED TO: 92 B 18459 [MC] (Entered: 07/10/1995) |
| 07/07/1995 | 2 | EXHIBIT B to Petition [MC] Original NIBS Entry Number: 1A (Entered: 07/10/1995) |
| 07/07/1995 | 3 | NOTICE to Individual Consumer Debtor [MC] Original NIBS Entry Number: 1B (Entered: 07/10/1995) |
| 07/07/1995 | 4 | CHAPTER 13 Plan [MC] Original NIBS Entry Number: 1C (Entered: 07/10/1995) |
| 07/07/1995 | 5 | LIST of Creditors [MC] Original NIBS Entry Number: 1D (Entered: 07/10/1995) |
| 07/07/1995 | 6 | SCHEDULES A - J [MC] Original NIBS Entry Number: 1E (Entered: 07/10/1995) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | | |
|---|---|---|
| 07/07/1995 | 7 | STATEMENT of Financial Affairs [MC] Original NIBS Entry Number: 1F (Entered: 07/10/1995) |
| 07/07/1995 | 8 | ATTORNEY Statement of Compensation [MC] Original NIBS Entry Number: 1G (Entered: 07/10/1995) |
| 07/07/1995 | 9 | AFFIDAVIT Prescribed by General Rule 39 [MC] Original NIBS Entry Number: 1H (Entered: 07/10/1995) |
| 07/07/1995 | 10 | INTAKE Checklist [MC] Original NIBS Entry Number: 1I (Entered: 07/10/1995) |
| 07/12/1995 | 11 | NOTICE of 341 Meeting Notice, Claims Deadline and Confirmation Hearing with Certificate of Mailing/Service FiledNOTICE of 341 Meeting Notice, Claims Deadline and Confirmation Hearing with Certificate of Mailing/Service Filed 07-12-95 [WE] Original NIBS Entry Number: 2 (Entered: 07/17/1995) |
| 07/12/1995 | 13 | DEDUCTION ORDER of $675 monthly from Metropolitan Preparatory School [CJ] Original NIBS Entry Number: 3 (Entered: 07/19/1995) |
| 08/28/1995 | 12 | HEARING Continued and concluded on confirmation hearing on 10/02/1995 at 9:45 a.m. RE: Item# 11 [DR] Original NIBS Entry Number: 2A (Entered: 10/05/1995) |
| 10/02/1995 | 14 | ORDER Confirming Plan for 60 months [DR] Original NIBS Entry Number: 4 (Entered: 10/05/1995) |
| 10/02/1995 | 15 | CHAPTER 13 Fact Form and Fee Application [Disposed] [DR] Original NIBS Entry Number: 5 (Entered: 10/05/1995) |
| 10/02/1995 | 16 | ORDER In Regards to Professional Fees - allowed $1200 RE: Item# 15 [DR] Original NIBS Entry Number: 6 (Entered: 10/05/1995) |
| 04/11/1996 | 17 | NOTICE of Motion [MJ] Original NIBS Entry Number: 7 (Entered: 04/15/1996) |
| 04/11/1996 | 18 | MOTION to Dismiss by Trustee [Disposed] [MJ] Original NIBS Entry Number: 7A (Entered: 04/15/1996) |
| 04/15/1996 | 19 | ORDER Dismissing Case RE: Item# 18 [MJ] Original NIBS Entry Number: 8 (Entered: 04/16/1996) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | | |
|---|---|---|
| 04/17/1996 | 20 | NOTICE of Dismissal with certificate of mailing/service filedNOTICE of Dismissal with certificate of mailing/service filed 4/18/96 RE: Item# 19 [DS] Original NIBS Entry Number: 9 (Entered: 04/19/1996) |
| 04/23/1996 | 21 | NOTICE on Trustee's Final Report and Account with Certificate of Mailing/Service Filed 4/24/96 [MJ] Original NIBS Entry Number: 10 (Entered: 04/25/1996) |
| 04/26/1996 | 22 | TRUSTEE'S Final Report and Account [MJ] Original NIBS Entry Number: 11 (Entered: 05/21/1996) |
| 05/20/1996 | 23 | ORDER Approving RE: Item# 22 [MJ] Original NIBS Entry Number: 12 (Entered: 05/21/1996) |
| 05/24/1996 | 24 | ORDER CLOSING CASE AND DISCHARGING TRUSTEE [MJ] Original NIBS Entry Number: 13 (Entered: 05/24/1996) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/12/2011 13:08:11 | | | |
| **PACER Login:** | ba1654 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 95-13632 Fil or Ent: filed From: 1/1/1995 To: 12/12/2011 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**CLOSED**

# U.S. Bankruptcy Court
# Northern District of Illinois (Chicago)
# Bankruptcy Petition #: 92-18459

*Date filed:* 08/18/1992
*Date terminated:* 05/14/1993

*Assigned to:* Hon. Jack B. Schmetterer
Chapter 7
Voluntary
No asset

***Debtor***
**Robert A Lucchesi**
1541 Cove Dr
Prospect Heights, IL 60070
COOK-IL
SSN / ITIN: xxx-xx-8218

represented by **Mitchell S Sexner**
Mitchell S Sexner & Associates LLC
415 W Golf Road
Suite 15
Arlington Hts, IL 60005
847 690-9990
Fax : 847 690-9998
Email: msslawoffices@sbcglobal.net

***Joint Debtor***
**Marcy L Lucchesi**
1541 Cove Dr
Prospect Heights, IL 60070
COOK-IL
SSN / ITIN: xxx-xx-0468

represented by **Mitchell S Sexner**
(See above for address)

***Trustee***
**Robert B Katz, ESQ**
Law Offices Of Robert B Katz
53 West Jackson Blvd
Suite 1320
Chicago, IL 60604
312-705-1400

| Filing Date | # | Docket Text |
|---|---|---|
| 08/18/1992 | 1 | VOLUNTARY petition under chapter 7 [LB] (Entered: 08/19/1992) |
| 08/18/1992 | 2 | EXHIBIT B to Petition EXHIBIT B to Petition [LB] Original NIBS Entry Number: 1A (Entered: 08/19/1992) |
| 08/18/1992 | 3 | SCHEDULES [LB] Original NIBS Entry Number: 1B (Entered: |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | | |
|---|---|---|
| | | 08/19/1992) |
| 08/18/1992 | 4 | STATEMENT of Financial Affairs [LB] Original NIBS Entry Number: 1C (Entered: 08/19/1992) |
| 08/18/1992 | 5 | DEBTOR'S Statement of Intentions [LB] Original NIBS Entry Number: 1D (Entered: 08/19/1992) |
| 08/18/1992 | 6 | ATTORNEY Statement of Compensation at 175 West Jackson Blvd, Room A1151, Chicago, IL 60604 [LB] Original NIBS Entry Number: 1E (Entered: 08/19/1992) |
| 08/18/1992 | 7 | AFFIDAVIT Prescribed by General Rule 39 AFFIDAVIT Prescribed by General Rule 39 [LB] Original NIBS Entry Number: 1F (Entered: 08/19/1992) |
| 08/18/1992 | 8 | INTAKE Checklist INTAKE Checklist [LB] Original NIBS Entry Number: 1G (Entered: 08/19/1992) |
| 09/01/1992 | 9 | NOTICE of 341 meeting NOTICE of 341 meeting hearing on 09/24/1992 at 2:15 p.m. at 175 West Jackson Blvd, Room A1151, Chicago, IL 60604 [BC] Original NIBS Entry Number: 2 (Entered: 09/10/1992) |
| 09/01/1992 | 10 | COMPLAINTS Deadline COMPLAINTS Deadline due by 11/23/1992 [BC] Original NIBS Entry Number: 2A (Entered: 09/10/1992) |
| 09/01/1992 | 11 | REAFFIRMATION Hearing REAFFIRMATION Hearing hearing on 12/21/1992 at 11:00 a.m. at 219 South Dearborn, Courtroom 682, Chicago, IL 60604 [BC] Original NIBS Entry Number: 2B (Entered: 09/10/1992) |
| 09/01/1992 | 12 | CERTIFICATE of Mailing [BC] Original NIBS Entry Number: 2C (Entered: 09/10/1992) |
| 09/24/1992 | 13 | REAFFIRMATION Agreement with ITT Financial Services [$2033.60] [BC] Original NIBS Entry Number: 3 (Entered: 09/25/1992) |
| 10/05/1992 | 14 | NOTICE of Motion [DR] Original NIBS Entry Number: 4 (Entered: 10/07/1992) |
| 10/05/1992 | 15 | MOTION to Modify Automatic Stay by GMAC hearing on 01/01/1950[Disposed] [DR] Original NIBS Entry Number: 4A (Entered: 10/07/1992) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | | |
|---|---|---|
| 10/05/1992 | 16 | ORDER Stay is Modified ORDER Stay is ModifiedORDER Stay is Modified on 1991 Chevrolet GEO Storm due by 01/01/1950 RE: Item# 15 [DR] Original NIBS Entry Number: 5 (Entered: 10/07/1992) |
| 10/09/1992 | 17 | FINAL Report of Trustee in No Asset Case [MM] Original NIBS Entry Number: 6 (Entered: 10/14/1992) |
| 11/05/1992 | 18 | AMENDMENT to Schedule F [fee] [WE] Original NIBS Entry Number: 7 (Entered: 11/12/1992) |
| 02/09/1993 | 19 | NOTICE to Additional Creditors Listed on Amended Schedules NOTICE to Additional Creditors Listed on Amended SchedulesNOTICE to Additional Creditors Listed on Amended Schedules with Certificate of mailingNOTICE to Additional Creditors Listed on Amended Schedules filed 2-10-93 RE: Item# 18 [WE] Original NIBS Entr y Number: 8 (Entered: 02/17/1993) |
| 03/05/1993 | 20 | DISCHARGE OF DEBTOR DISCHARGE OF DEBTORDISCHARGE OF DEBTOR with Certificate of mailingDISCHARGE OF DEBTOR filed 3-8-93 [WE] Original NIBS Entry Number: 9 (Entered: 03/25/1993) |
| 05/12/1993 | 21 | ORDER Closing Case Effective 5/14/93 [AM] Original NIBS Entry Number: 10 (Entered: 05/12/1993) |

## PACER Service Center

### Transaction Receipt

12/12/2011 13:07:40

| | | | |
|---|---|---|---|
| **PACER Login:** | ba1654 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 92-18459 Fil or Ent: filed From: 1/1/1992 To: 12/12/2011 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**CLOSED, MEANSNO**

## U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Bankruptcy Petition #: 11-31149

*Assigned to:* Honorable Judge Jack B. Schmetterer
Chapter 7
Voluntary
No asset

*Date filed:* 07/29/2011
*Date terminated:* 10/24/2011
*Debtor discharged:* 10/19/2011

*Debtor disposition:* Standard Discharge

***Debtor***
**Marcy L Lucchesi**
2 Oak Creek Dr. Apt. 1209
Buffalo Grove, IL 60089
COOK-IL
SSN / ITIN: xxx-xx-0468

represented by **Marina Ricci**
Chang & Carlin, LLP
1305 Remington Rd.
Suite C
Schaumburg, IL 60173
847-843-8600
Fax : 847-843-8605
Email: mricci@changandcarlin.com

***Trustee***
**Ira Bodenstein**
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N Clark Street Suite 800
Chicago, IL 60654
312-666-2861

***U.S. Trustee***
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785

| Filing Date | # | Docket Text |
|---|---|---|
| 07/29/2011 | 1 | Chapter 7 Voluntary Petition Fee Amount $299, Filed by Marina Ricci on behalf of Marcy L Lucchesi (Ricci, Marina) (Entered: 07/29/2011) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | | |
|---|---|---|
| 07/29/2011 | 2 | Declaration Re: Electronic Filing Filed by Marina Ricci on behalf of Marcy L Lucchesi. (Ricci, Marina) (Entered: 07/29/2011) |
| 07/29/2011 | 3 | Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A. Filed by Marina Ricci on behalf of Marcy L Lucchesi. (Ricci, Marina) (Entered: 07/29/2011) |
| 07/29/2011 | 4 | Statement of Social Security Number(s) Filed by Marina Ricci on behalf of Marcy L Lucchesi. (Ricci, Marina) (Entered: 07/29/2011) |
| 07/29/2011 | 5 | Certificate of Credit Counseling Filed by Marina Ricci on behalf of Marcy L Lucchesi. (Ricci, Marina) (Entered: 07/29/2011) |
| 07/29/2011 | 6 | Receipt of Voluntary Petition (Chapter 7)(11-31149) [misc,volp7a] ( 299.00) Filing Fee. Receipt number 17710395. Fee Amount $ 299.00 (U.S. Treasury) (Entered: 07/29/2011) |
| 07/29/2011 | 7 | Meeting of Creditors with 341(a) meeting to be held on 08/19/2011 at 03:30 PM at 219 South Dearborn, Office of the U.S. Trustee, 8th Floor, Room 800, Chicago, Illinois 60604. Objections for Discharge due by 10/18/2011. (Ricci, Marina) (Entered: 07/29/2011) |
| 08/01/2011 | 8 | Request for Chapter 7 341 Meeting of Creditors (Miller, Marvin) (Entered: 08/01/2011) |
| 08/01/2011 | 10 | BNC Certificate of Service - Meeting of Creditors. (RE: 8 Request for Chapter 7 341 Meeting of Creditors). No. of Notices: 20. Service Date 08/03/2011. (Admin.) Additional attachment(s) added on 8/16/2011 (Sims, Mildred). Modified on 8/16/2011 to attach Correct PDF (Sims, Mildred). (Entered: 08/03/2011) |
| 08/03/2011 | 9 | Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management Filed by David Chang on behalf of Marcy L Lucchesi. (Chang, David) (Entered: 08/03/2011) |
| 08/16/2011 | 11 | CORRECTIVE ENTRY to attach Correct PDF (RE: 10 BNC Certificate of Service - Meeting of Creditors). (Sims, Mildred) (Entered: 08/16/2011) |
| 08/23/2011 | 12 | Continuance of Meeting of Creditors on 9/16/2011 at 11:30 AM at 219 South Dearborn, Office of the U.S. Trustee, 8th Floor, Room 800, Chicago, Illinois 60604 (Bodenstein, Ira) (Entered: 08/23/2011) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| | | |
|---|---|---|
| 08/26/2011 | 13 | Amended Disclosure of Compensation of Attorney for Debtor Rule 2016(b), Form 203 Filed by Marina Ricci on behalf of Marcy L Lucchesi. (Attachments: 1 Exhibit A) (Ricci, Marina) (Entered: 08/26/2011) |
| 08/26/2011 | 14 | Notice of Filing Filed by Marina Ricci on behalf of Marcy L Lucchesi (RE: 13 Disclosure of Compensation of Attorney for Debtor Rule 2016(b), Form 203). (Attachments: 1 Exhibit Matrix) (Ricci, Marina) (Entered: 08/26/2011) |
| 08/31/2011 | 15 | Reaffirmation Agreement (Signed by Attorney for Debtor) with Blackhawk Finance, Inc. Filed by Jasmani Francis on behalf of Blackhawk Finance, Inc.. (Francis, Jasmani) (Entered: 08/31/2011) |
| 09/01/2011 | 16 | Reviewed - No Presumption of Undue Hardship (RE: 15 Reaffirmation Agreement). (Molina, Nilsa) (Entered: 09/01/2011) |
| 09/19/2011 | 17 | Chapter 7 Trustee's Report of No Distribution: I, Ira Bodenstein, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 5045.00, Assets Exempt: $ 6700.00, Claims Scheduled: $ 169788.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 169788.00. (Bodenstein, Ira) (Entered: 09/19/2011) |
| 10/19/2011 | 18 | Request Discharge Order Chapter 7 No Asset - Auto (Admin.) (Entered: 10/19/2011) |
| 10/19/2011 | 19 | BNC Certificate of Notice - Order of Discharge. (RE: 18 Request Discharge Order Chapter 7 No Asset - Auto). No. of Notices: 19. Service Date 10/21/2011. (Admin.) (Entered: 10/21/2011) |
| 10/24/2011 | 20 | Bankruptcy Case Closed and Trustee Discharged . (Livermore, Corrina) (Entered: 10/24/2011) |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois

**Case No. 11−31149**

**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Marcy L Lucchesi
2 Oak Creek Dr. Apt. 1209
Buffalo Grove, IL 60089

Social Security / Individual Taxpayer ID No.:
xxx−xx−0468

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

FOR THE COURT

Dated: October 19, 2011

Kenneth S. Gardner, Clerk
United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**B18 (Official Form 18) (12/07) − Cont.**

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re: Case No. 11-31149-JBS
Marcy L Lucchesi Chapter 7
Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1 User: admin Page 1 of 2 Date Rcvd: Oct 19, 2011
Form ID: b18 Total Noticed: 29

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 21, 2011.

db +Marcy L Lucchesi, 2 Oak Creek Dr. Apt. 1209, Buffalo Grove, IL 60089-3744
17607414 +Advocate Lutheran General Hospital, PO Box 73208, Chicago, IL 60673-7208
17607415 +Al Piemonte’s Arlington Heights For, 801 W. Dundee Rd., Arlington Heights, IL 60004-1417
17607416 +Blkhwk Fin, 2400 Devon Avenue, Des Plaines, IL 60018-4619
17607417 +Calvary Portfolio Services, Attention: Bankruptcy Department, 500 Summit Lake Dr., Valhalla, NY 10595-1340
17607418 +Care Animal Hospital of Libertyvill, 1101 W. Park Ave., Libertyville, IL 60048-2552
17607420 +Chela, Attn: Bankruptcy, Po Box 9500, Wilkes-Barre, PA 18773-9500
17607422 +David J. Axelrod & Asociates, 1448 Old Skokie, Highland Park, IL 60035-3041
17607423 +Dept Of Education/neln, 3015 Parker Rd, Aurora, CO 80014-2904
17607425 +Elizabeth Lodge, Abelson & Taylor, 33 E. Monroe, Suite 300, Chicago, IL 60603-5601
17607427 +Fidelity Financial Services, 1572 E. Golf Rd., Schaumburg, IL 60173-4904
17607431 +Jefferson Capital, 16 Mcleland Rd, Saint Cloud, MN 56303-2198
17607435 +Palisad Coll, Attention: Banktruptcy Department, Po Box 1244, Englewood Cliffs, NJ 07632-0244
17607436 +Professnl Acct Mgmt In, Pam Po Box 391, Milwaukee, WI 53201-0391
17607438 +Service Finance Compan, 1956 Ne 5th Ave Ste 8, Boca Raton, FL 33431-7772
17607439 +Turner Acceptance Crp, 4454 N Western Ave, Chicago, IL 60625-2115
17607440 +United Collect Bur Inc, 5620 Southwyck Blvd Ste, Toledo, OH 43614-1501
17607441 +Us Dept Of Education, Attn: Borrowers Service Dept, Po Box 5609, Greenville, TX 75403-5609
17607442 +Vision Fince, 4 West Red Oak Lan, White Plains, NY 10604-3603

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
17607413 +E-mail/Text: KM@ARCONCEPTSINC.COM Oct 20 2011 01:20:37 A/r Concepts, 2320 Dean St, Saint Charles, IL 60175-1068
17607419 +E-mail/Text: contact@csicollects.com Oct 20 2011 01:20:37 Certified Services Inc, Po Box 177, Waukegan, IL 60079-0177
17607421 +EDI: CMIGROUP.COM Oct 20 2011 00:48:00 Credit Management, 4200 International Pwy, Carrolton, TX 75007-1912
17607423 +E-mail/Text: electronicbkydocs@nelnet.net Oct 20 2011 01:21:42 Dept Of Education/neln, 3015 Parker Rd, Aurora, CO 80014-2904
17607428 +EDI: FORD.COM Oct 20 2011 00:48:00 Ford Motor Credit Co., Po Box 6275, Dearborn, MI 48121-6275
17607429 +E-mail/Text: bkynotice@harvardcollect.com Oct 20 2011 01:20:44 Harvard Collection, 4839 N Elston Ave, Chicago, IL 60630-2589
17607430 EDI: IRS.COM Oct 20 2011 00:48:00 Internal Revenue Service, Centralized Insolvency, p.o. box 21126, Philadelphia, PA 11914
17607432 E-mail/Text: mgr@collection-professionals.com Oct 20 2011 01:21:02 Marauder Corporation, 74923 Highway 111, Indian Wells, CA 92210
17607433 +EDI: MID8.COM Oct 20 2011 00:48:00 Midland Credit Management, Po Box 939019, San Diego, CA 92193-9019
17607434 +E-mail/Text: bankrup@nicor.com Oct 20 2011 01:19:50 Nicor Gas, Attention: Bankruptcy Department, Po Box 190, Aurora, IL 60507-0190
17607437 E-mail/Text: pthao@securityal.com Oct 20 2011 01:21:38 Security Auto Loans In, 2800 Industrial Pa, Plymouth, MN 55441
17607443 +EDI: ZENITHACQ.COM Oct 20 2011 00:48:00 Zenith Acquisition, 220 John Glenn Dr # 1, Amherst, NY 14228-2228

TOTAL: 12

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
17607426 Elizabeth Lodge
17607424 ##+Elizabeth Lodge, 5375 Elizabeth Place, Rolling Meadows, IL 60008-3820
17607443 ##+Zenith Acquisition, 220 John Glenn Dr # 1, Amherst, NY 14228-2228

TOTALS: 1, * 0, ## 2

Addresses marked ’+’ were corrected by inserting the ZIP or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked ’##’ were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor’s attorney or pro se debtor was advised that the specified notice was undeliverable.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

District/off: 0752-1 User: admin Page 2 of 2 Date Rcvd: Oct 19, 2011
Form ID: b18 Total Noticed: 29

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 21, 2011** **Signature:** Joseph Speetjens

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 8

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Marcy Lucchesi,<br><br>Plaintiff,<br><br>v.<br><br>David J. Axelrod & Associates, Ltd.,<br><br>Defendant. | Case No. 1:11-cv-07213<br><br>**NOTICE OF DISMISSAL WITH PREJUDICE** |

Now comes Plaintiff, by and through counsel, pursuant to Federal Rule of Civil Procedure 41(a), and hereby dismisses the present with prejudice. This notice is being filed before Defendant has served an answer and therefore is appropriate for dismissal absent stipulation by all parties.

RESPECTFULLY SUBMITTED,

Meier LLC

By: *_/s/ Richard J. Meier_*

Richard J. Meier, Esq.
1801 Tower Drive, Suite 322
Chicago, IL 60026
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 13, 2011, a copy of the foregoing Notice was filed electronically. Notice of this filing will be sent by operation of the Courtôs electronic filing system to all parties indicated on the electronic filing receipt. The following party was served through U.S. Mail:

David J. Axelrod & Associates, Ltd.
c/o David J. Axelrod
1448 Old Skokie Road
Highland Park, IL 60035

By: *<u>/s/ Richard J. Meier</u>*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 9

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**LABATON KELLER SUCHAROW LLP**
Jonathan Waisnor (CA 345801)
jwaisnor@labaton.com
Alexander Schlow (Pro Hac Vice)
aschlow@labaton.com
Morris Dweck (Pro Hac Vice)
mdweck@labaton.com
140 Broadway, Floor 34
New York, NY 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477

**UMBERG ZIPSER LLP**
Carole E. Reagan (Bar No. 162674)
creagan@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: 949-679-0052
Facsimile: 949-679-0461

Counsel for Petitioners

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NICOLE AARON, *et al.*,[1]
Petitioners,
v.
EPSON AMERICA, INC.,
Respondent.

EPSON AMERICA, INC.,
Plaintiff,
v.
GRAESEN ARNOFF, *et al.*,
Defendants.

Case No. 8:24-CV-01712-FWS-DFM

**VERIFIED AMENDED CONSOLIDATED PETITION TO COMPEL ARBITRATION AND FOR SANCTIONS**

[1] A complete list of Petitioners is attached as Exhibit A. This Amended Consolidated Petition is filed pursuant to the Court's October 22, 2024 order consolidating this case with Case No. 8:24-cv-01996-FWS-DFM. All Petitioners in Case No. 8:24-cv-01712-FWS-DFM are also defendants in Case No. 8:24-cv-01996-FWS-DFM and vice versa.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Pursuant to 9 U.S.C. §§ 3, 4 and Cal. Code Civ. Proc. §§ 1281.97 *et seq.*, Nicole Aaron, et al., ("Petitioners") bring this verified amended consolidated petition to compel arbitration and for sanctions against Epson America, Inc. ("Epson" or "Respondent"), as a result of Epson's refusal to arbitrate with its customers, in accordance with their agreements. A list of Petitioners is attached as Exhibit A to this petition.

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over Case No.: 8:24-CV-01712-FWS-DFM under 9 U.S.C. § 4, because a "United States district court . . . would have jurisdiction under title 28" over Petitioners' claims against Epson "save for" Petitioners' arbitration agreement with Epson. *See id.*; *see also Vaden v. Discover Bank*, 556 U.S. 49, 53 (2009) (requiring district courts to "look through" an arbitration petition to the underlying claims to determine subject-matter jurisdiction). Specifically, in this case, the federal court would have had federal question jurisdiction over Petitioners' claims under the Sherman Act, 15 U.S.C. §§ 1, 15 and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), and supplemental jurisdiction over the claims under state law. *See* 28 U.S.C. §§ 1331, 1367.

2. This Court has subject-matter jurisdiction over Case No.: 8:24-CV-01996-FWS-DFM (consolidated into Case No.: 8:24-CV-01712-FWS-DFM pursuant to this Court's October 22, 2024 order) under 28 U.S.C. §§ 1331, 1367, 1441(a). Epson filed its declaratory judgment action against Petitioners in state court, and Petitioners timely removed to this Court. When a defendant in a declaratory judgment action in state court seeks to remove the case to federal court, "[t]he question, then, is whether a federal district court could take jurisdiction of [the plaintiff's] declaratory judgment claim had it been brought under 28 U.S.C. § 2201," the federal declaratory judgment statute. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. of Southern Cal.*, 463 U.S. 1, 18 (1983). In turn, "federal courts, when determining declaratory

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

judgment jurisdiction, often look to the character of the threatened action," *Medtronic, Inc. v. Mirowski Family Ventures*, LLC, 571 U.S. 191, 197 (2014) (internal quotation marks and citation omitted), because "[a] person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997). In this case, because Petitioners have brought a petition to compel arbitration against Epson under 9 U.S.C. § 4, the question is whether a federal court would have jurisdiction over that petition to compel arbitration. For reasons stated above, because Petitioners' underlying claims arise under federal law, specifically the Sherman Act, 15 U.S.C. §§ 1, 15 and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), as well as related state law claims, this Court has subject-matter jurisdiction over that petition to compel and, therefore, the removed declaratory judgment action as well. *See* 9 U.S.C. § 4; 28 U.S.C. §§ 1331, 1367; *see also Postmates Inc. v. 10,356 Individuals*, Case No. CV 20-2783 PSG (JEMx), 2020 WL 1908302, at *5-6 (C.D. Cal. Apr. 15, 2020).

3. Venue in both cases is proper in the Central District of California, Southern Division. As to Case No. 8:24-CV-01712-FWS-DFM, under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Epson is a corporation incorporated under California law with its principal place of business in Los Alamitos, California (in Orange County). The Central District of California, Southern Division encompasses Orange County. 28 U.S.C. § 84(c).

4. Additionally, venue in both cases is also proper under 28 U.S.C. § 1391(b)(2), which provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Specifically, Epson developed and published its deceptive and unlawful software updates in this District, from its office in Los Alamitos.

5. Finally, venue is also proper under 28 U.S.C. § 1441(a), which provides for venue in the District and Division that encompasses the state court from which an

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

action was removed. *See id.* Epson filed its declaratory judgment action against Petitioners in the Superior Court of California, County of Orange, so Petitioners appropriately removed that action to this District and this Division.

## PARTIES

6. Petitioners are customers of Epson whose printers were harmed by firmware and software "updates" intended to prevent them from using non-Epson ink and who attempted to use non-Epson ink. Petitioners reside in Alabama, Arizona, California, Colorado, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Michigan, Missouri, Mississippi, Montana, North Carolina, New Jersey, New Mexico, Nevada, New York, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Vermont, Washington, Wisconsin, and West Virginia. A list of Petitioners, their states of residence, and other identifying information is attached as Exhibit A to this Petition.

7. Epson is a corporation headquartered in Los Alamitos, California and incorporated under California law.

## INTRODUCTION

8. Petitioners' federal and state claims against Epson arise out of Epson's practice of "updating" the firmware and software in Petitioners' Epson printers to prevent those printers from using inexpensive, non-Epson ink cartridges. Epson imposes these "updates" on its customers without disclosing their purpose or effect, locking its customers into buying more expensive ink from Epson—an anti-competitive practice that violates antitrust and consumer protection laws, as well as the federal Computer Fraud and Abuse Act.[2] 15 U.S.C. §1; Cal. Civ. Code §1770(a)(4)-(5), (9); and 18 U.S.C. §1030.

[2] HP, Inc., one of Epson's competitors in the consumer printer market, has faced similar allegations. *Mobile Emergency Housing Corp. v. HP, Inc.*, Case No. 20-cv-09157-SVK, 2021 WL 9867952 (N.D. Cal. Oct. 15, 2021) (denying most of the motion to dismiss); *Robinson v. HP, Inc.*, Case No. 1:24-cv-00164 (N.D. Ill.).

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

9. Epson requires all consumers who purchase and set up one of its printers to agree to a written Software License Agreement ("SLA")[3] which includes a mandatory arbitration clause with a collective action waiver. Petitioners' declarations, reflecting their agreements to the SLA, are attached as Exhibit C.

10. The SLA has an extremely broad delegation clause, under which "[t]he arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability or formation of th[e] Agreement, including any claim that all or any part of th[e] Agreement is void or voidable." SLA at ¶ 14.6.

11. As Epson recognizes, Petitioners' disputes with Epson belong in arbitration. More than once, Epson has fought vigorously and successfully to compel class actions, stemming from the exact same facts that Petitioners assert here, to arbitration before JAMS. *See Mondigo v. Epson America, Inc.*, No. 20-cv-4400, 2020 WL 8839981 (C.D. Cal. Oct. 13, 2020); *Galgon v. Epson America, Inc.*, No. 2:2021-cv-01794, 2021 WL 4513638 (C.D. Cal. June 16, 2021). Epson successfully argued the arbitrator, and not the court, decides all disputes between the parties, including disputes as to whether the arbitration agreement was valid, whether an agreement to arbitrate had been formed, and the scope of the issues that were for the arbitrator as opposed to the courts. *See id.*; SLA at ¶¶ 14.1, 14.6.

12. Petitioners here seek to do exactly what Epson's SLA requires them to do and exactly what Epson forced its customers in *Mondigo* and *Galgon* to do – have their claims against Epson decided by a JAMS arbitrator. Unfortunately, Epson's actions since the *Galgon* decision have demonstrated that Epson cannot be taken at its word. Epson has and will continue to refuse arbitration of Petitioners' claims absent relief from this Court.

[3] A copy of the SLA is attached as Exhibit B hereto.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

13. In March 2023, when 3,994 Epson customers, 1,823 of whom are a subset of Petitioners (the "*Arnoff* Petitioners"), filed individual consumer arbitrations before JAMS, the arbitral forum designated by their agreements with Epson, Epson attempted to avoid arbitration by refusing to pay its arbitral fees and suing the March 2023 Claimants in California state court (the "State Court Actions"). Epson represented in the State Court Actions that it will sue any other customers represented by undersigned counsel as well if they attempt to pursue their contractual rights to arbitration under the SLA. Indeed, Epson subsequently named the other Petitioners as defendants in one of the State Court Actions.

14. Epson took this shocking approach despite Petitioners' clear compliance with all pre-arbitration steps in the parties' agreement. Consistent with the SLA's requirement to engage in efforts at dispute resolution prior to filing any arbitration demands, the March 2023 Claimants, Petitioners, and Epson engaged in settlement discussions over several months, including a formal mediation. These efforts were ultimately unsuccessful.

15. Under the SLA, there was no basis for Epson's anticipatory repudiation of a contract it drafted and imposed upon its customers or its ongoing, present breach of that same contract. At a minimum, any and all disputes about whether such repudiation is permissible are to be decided by an arbitrator. Therefore, Petitioners bring this petition to compel Epson to arbitrate with them before JAMS to enable their arbitrations to proceed under the same process Epson insisted upon in *Mondigo* and *Galgon*. Additionally, the *Arnoff* Petitioners seek sanctions against Epson under California law for its refusal to pay its arbitration fees, and all Petitioners seek a stay of these proceedings pending completion of those arbitrations. Finally, Petitioners further request that this Court retain jurisdiction to supervise any additional disputes concerning the parties' arbitral obligations, including, if necessary, adjudication of Petitioners' claims on the merits should Epson continue to refuse to arbitrate, or enjoin Epson from attempting to disrupt the arbitrations with collateral litigation.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

## FACTUAL ALLEGATIONS

### A. Epson's Software License Agreement Provides for Mandatory Arbitration.

16. Epson sells, markets, and performs customer service for Epson printers, ink cartridges, and related software and firmware in North America. Epson printers come packaged with an agreement containing an arbitration clause, and setting up or updating an Epson printer's associated drivers and software requires customers to view and indicate agreement with Epson's SLA as part of the set up process for the product and/or when installing software updates.[4] The SLA authorizes Epson to access customers' printers to apply fixes and upgrades to improve the printer's performance, but not to access their printers to disable their ability to use third-party ink.

17. The SLA requires that any disputes between Epson and its customers, be decided by arbitration before JAMS. As per the SLA, "Dispute is meant to have the broadest meaning permissible under law and includes any dispute, claim, controversy or action … arising out of or relating to this Agreement, the Software, Epson Hardware, or other transaction involving you and Epson, whether in contract, warranty, misrepresentation, fraud, tort, intentional tort, statute, regulation, ordinance, or any other legal or equitable basis." SLA at ¶14.1.[5]

18. The SLA contains a "broad delegation of authority to the arbitrator," delegating to the "arbitrator, and not any federal, state or local court or agency, [the] exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability or formation of th[e] Agreement, including any claim that all or any part of th[e] Agreement is void or voidable." SLA at ¶ 14.6.

19. The SLA also provides that each Petitioner's arbitration "shall be governed by the rules of JAMS." Consistent with the delegation clause in Epson's SLA, JAMS rules of arbitration provide that the arbitrator "shall" decide

[4] Exhibit D, Declaration of Siranush Arabian.

[5] The SLA also includes a carve-out for intellectual property claims.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

"[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought." JAMS, Comprehensive Rules of Arbitration, Rule 11(b), available at https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-11.

20. Thus, if the parties dispute the enforceability of the arbitration provision or how that provision should be applied, that dispute must itself be decided by an arbitrator. *Id.*

21. Epson is obligated to "pay, or (if applicable) reimburse" a customer for their share of the filing fees, in addition to paying all other arbitration costs. SLA at ¶ 14.6(c). The SLA also requires Epson to "obtain . . . affirmative assent" to any amendment to the arbitration agreement in the SLA, and provides that the original SLA's dispute resolution clause governs in the absence of such assent. SLA at ¶ 14.8. Additionally, SLA ¶ 14.2 states the arbitration clause will survive the termination of the agreement.

### B. Epson Compelled Two Class Actions Asserting Similar Underlying Claims to Arbitration before This Court.

22. The plaintiffs in *Mondigo* brought a putative class action against Epson alleging harm to Epson customers based on the same wrongful practices alleged by Petitioners. *See Mondigo*, 2020 WL 8839981, at *1. Epson successfully moved to stay that action in favor of individual arbitration. *Id.* In successfully compelling arbitration, Epson forcefully argued that the same SLA at issue in this action "clearly and unmistakably delegate[s] issues of arbitrability to the arbitrator," including "whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Exh. E ("*Mondigo* Motion to Compel"), at 6-7. Epson further argued that the SLA "contain[s] a clear expression of intent to delegate issues of arbitrability to the arbitrator," including "all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of this Agreement." *Id.* at 4. Epson also contended that the SLA "incorporate[s] the JAMS rules," which rules "provide the

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

arbitrator, and not a court, shall resolve disputes over the formation, existence . . . or scope of an agreement under which Arbitration is sought." Exh. F ("*Mondigo* Reply") at 5-6.

23. In *Mondigo*, this Court interpreted these provisions, accepted Epson's argument and held that the "delegation clause in the [SLA] . . . 'clearly and unmistakably' indicates the parties' intent for the arbitrator to decide the issue of arbitrability." *Mondigo*, 2020 WL 8839981, at *3 (quoting *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016)).

24. Granting Epson's motion, this Court held, as Epson urged, that "[p]ursuant to the terms of the parties' agreements, the arbitrator shall decide issues raised by Plaintiffs regarding the arbitrability of their claims." *Mondigo,* 2020 WL 8839981, at *4. Epson successfully stayed *Mondigo* and has arbitrated several claims before JAMS. *See* Exh. G.

25. The next year, Epson compelled another printer ink consumer case to arbitration. *Galgon v. Epson America, Inc.*, No. 2:2021-cv-01794, 2021 WL 4513638, at *4 (C.D. Cal. June 16, 2021). As in *Mondigo*, Epson represented to this Court that its arbitration agreement required formation issues to be decided by the arbitrator, and that "there can be no dispute" consumers, like Petitioners here, "entered into the [SLA]" by performing the setup process for their printers. Exh. H (*Galgon* Motion to Compel) at 9-10. According to Epson's declaration in *Galgon*, Epson's Director, Service and Support Operation, Epson represented to the court that: (i) between 2016 and March 22, 2021, "[t]he terms of the arbitration agreement set forth in paragraph 14 of the [SLA] did not change," Exh. D ("Arabian Declaration"), ¶ 3; and (ii) "users setting up an Epson printer" are "required to view the [SLA] as part of the set-up process . . . . The users are required to click a bubble that appears immediately after the displayed [SLA] to signify their agreement to the terms of the [SLA]." *Id.*, ¶ 4. Epson did not offer a copy of the SLA signed by the plaintiffs or any transactional history obtained from its records regarding the printers set up or registered for any

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

plaintiff. Instead, Epson affirmed that based on its records, any Epson printer owner would have gone through the SLA's setup process, and that it searched its records and could not locate customers with the same name as the plaintiffs who opted-out of arbitration. *Id.*, ¶ 8. Based on these facts, Epson asserted that the *Galgon* plaintiffs had agreed to the SLA and were required to arbitrate their disputes. Again, this Court agreed. *Galgon*, 2021 WL 4513638, at *4.

26. Accordingly, based on Epson's own description of its printer set-up process and allegations, Petitioners agreed to the original SLA prior to any purported amendment.

**C. In a Stunning About-Face, Epson Materially Breaches the SLA After Thousands of Consumers Notify it of Their Intent to Arbitrate.**

27. After *Galgon* and *Mondigo*, on August 31, 2022, and September 22, 2022, various Epson customers represented by undersigned counsel informed Epson of the nature and facts underlying their claims, and of their intent to seek arbitration of those claims before JAMS should they fail to reach a resolution. Exhs. I and J.

28. Specifically, Petitioners alleged that, Epson wrongfully used software and firmware updates to disable Petitioners' printers when cheaper third-party ink was installed so that Epson could maximize profits, in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 15, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), and state consumer protection laws. *Id.* The parties negotiated through letters, emails, and calls for over four months, including a mediation on February 15, 2023, before an experienced JAMS mediator, but they could not reach an agreement.

29. On March 6, 2023, the March 2023 Claimants filed 3,994 individual arbitration claims with JAMS against Epson. Because the SLA's class and collective action waiver provides that the claims should be brought in an "individual capacity," the March 2023 Claimants filed individual demands for arbitration with JAMS, which triggered Epson's obligation to "pay or reimburse" the March 2023 Claimants' for their

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

filing fees under JAMS rules for each individual case. SLA ¶14.6(c); *see also* Exh. K (April 6 JAMS Notice) at 2.

30. 1,823 of the March 2023 Claimants are Petitioners.

31. On March 13, 2023, Epson filed complaints against the March 2023 Claimants in the Orange County Superior Court. One complaint named as defendants the *Arnoff* Petitioners, which Epson acknowledged as its customers, *see* Exh. L (Complaint, *Epson America, Inc. v. Arnoff*, Case No. 30-2023-01315890-CU-MC-CXC (Orange Cty. Super. Ct.)) (the "*Arnoff* Complaint"), and the other named those March 2023 Claimants whom Epson claimed had not established themselves to be its customers (the "*Adams* Defendants"). *See* Exh. M (Complaint, *Epson America, Inc. v. Adams*, Case No. 30-2023-01313431-CU-MC-CXC (Orange Cty. Super. Ct.)) (the "*Adams* Complaint," and together with the *Arnoff* Complaint, the "State Court Actions").

32. The State Court Actions sought declaratory relief that the March 2023 Claimants do not have arbitration agreements with Epson or are required to arbitrate before a different forum, as well as injunctive relief preventing the March 2023 Claimants from filing arbitrations with JAMS.

33. After letter briefing, JAMS accepted administration of the *Arnoff* Petitioners' arbitrations, stating that "given the terms of the agreement under which Claimants seek arbitration, JAMS will proceed with administration of . . . the *Arnoff*' Demands . . . . [Epson] may raise its jurisdictional and arbitrability objections with the arbitrators upon appointment . . . Accordingly, JAMS will issue an invoice to Respondent for the entire amount of the filing fees for these Demands." April 6 JAMS Notice at 2. On April 7, 2023, JAMS invoiced Epson for the *Arnoff* Petitioners' demands. Exh N. On May 19, 2023, Epson confirmed to JAMS that it would not pay fees for Defendants' arbitrations, Exh O, and on June 6, 2023, JAMS administratively closed the *Arnoff* Petitioners' arbitrations due to Epson's nonpayment. Exh P.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

34. Epson has represented that it will respond to any demands for arbitration filed by Petitioners' by (1) refusing to pay any arbitration fees, and (2) amending its complaints in state court to name as defendants any Petitioners who file arbitrations in California: "Epson will amend its complaint to identify these individuals as their arbitrations are filed." *Arnoff* Complaint, ¶ 11; *Adams* Complaint, ¶ 8.

**D. This Court has Sole Jurisdiction Over the Cases Before It.**

35. In addition to the named defendants, each of the State Court Actions included a reference to "Does 1-20,000" (the "Doe Defendants") and purported to define the Doe Defendants as "individuals who, through their counsel at Labaton Sucharow, have commenced or, through their counsel, have threatened to commence binding arbitration against Epson in JAMS in California." *Arnoff* Complaint, ¶ 11; *Adams* Complaint, ¶ 8.

36. The State Court Actions were consolidated before the Hon. Lon F. Hurwitz. Though the state court stayed the already-filed arbitration proceedings pending the resolution of Epson's claims for declaratory relief, the court made clear that the stay applied only to the *Arnoff* Petitioners and the *Adams* Defendants, but not any individuals who had not filed demands for arbitration. Specifically, at a hearing on August 17, 2023, the court stated:

> The court: Well, the Doe defendants haven't been named yet, so I'm not sure exactly how I could apply [the stay] to unnamed defendants. ***I have no jurisdiction over unnamed defendants.*** Now, as soon as you file a Doe amendment, obviously I have jurisdiction over them. But let me put it this way, the action, this action, is stayed. So to the extent that Doe amendments are filed, it's going to apply to whoever those Does are now identified as because the action is stayed.

Exh Q (Aug. 17, 2023 Tr.) at 26:18-27-1.

37. On August 6, 2024, while the State Court Actions were still pending as to the *Arnoff* Petitioners and *Adams* Defendants, a separate group of 1,263 individuals, who had purchased Epson printers and been subject to Epson's unlawful software and

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

firmware "updates" (the "*Aaron* Petitioners"), filed a petition to compel arbitration against Epson in this Court. *See* Case No. 8:24-CV-01712-FWS-DFM, ECF No. 1. While the state court had not yet resolved the State Court Actions at that time, such resolution would not apply to the *Aaron* Petitioners. The March 2023 Claimants and *Aaron* Petitioners had and have no formal, legal relationship. The fact that they are represented by the same counsel is irrelevant. *See Taylor v. Sturgell*, 553 U.S. 880, 896 (2008) (rejecting "virtual representation" as a basis for res judicata). Thus, Petitioners must commence a separate proceeding to obtain relief compelling Epson to arbitrate in accordance with the SLA.

38. In response to the *Aaron* Petitioners' federal filing, Epson purported to amend the *Arnoff* Complaint to add, as defendants, the *Aaron* Petitioners. *See* Exh. R. In doing so, Epson conceded that each *Aaron* Petitioner (as well as each *Arnoff* Petitioner) is an Epson customer. *Id.*, ¶ 1 ("Defendants are purchasers of Epson printers"). The *Aaron* Petitioners timely removed that case to this Court. *See* Case No.: 8:24-CV-01996-FWS-DFM, ECF No. 1. This Court subsequently consolidated the two proceedings. *See* Case No. 8:24-CV-01712-FWS-DFM, ECF No. 27.

39. Further, many Petitioners reside outside of California. JAMS rules and the SLA permit Petitioners to commence arbitration in a venue reasonably accessible to their primary residence. Ex. A.[6]

**E. Epson's Refusal to Pay Arbitration Fees for Any Petitioner or Consumer Represented By Undersigned Counsel, Its Threat to Sue Petitioners if They File Arbitrations At JAMS, and Its Lawsuit Against Petitioners are all Refusals to Arbitrate with Petitioners.**

40. After JAMS accepted the administration of the *Arnoff* Petitioners' demands and issued an invoice, Epson refused to pay the arbitral fees it to owed to JAMS to allow the *Arnoff* Petitioners' demands to proceed before JAMS. Exhs. N, P.

[6] See also JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness, Rule 5, https://www.jamsadr.com/consumer-minimum-standards/.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Moreover, Epson filed the *Arnoff* Complaint against the *Arnoff* Petitioners, even though the SLA delegates questions of arbitrability to JAMS, rather than any court. *Arnoff* Complaint; SLA ¶ 14.6. Thus, Epson took two separate actions that each independently breached its obligation to arbitrate with the *Arnoff* Petitioners.

41. As to the *Aaron* Petitioners, Epson's refusal to pay arbitration fees for consumers based upon their choice of counsel and its representations to the state court that it would sue any Petitioner who filed an arbitration at JAMS repudiated and anticipatorily breached Epson's agreement to arbitrate, including as to questions of enforceability of the SLA. *See Codding v. Pearson Education, Inc.*, 842 Fed.Appx. 70, 72 (9th Cir. 2021) (quoting *Guerrieri v. Severini*, 330 P.2d 635, 638 (Cal. 1958)) ("An anticipatory breach of contract occurs on the part of one of the parties to the [contract] when [it] positively repudiates the contract by acts or statements indicating that [it] will not or cannot substantially perform essential terms [of the contract]."); *Drake Bakeries, Inc. v. Local 50, Am. Bakery and Confectionery Workers Intern.*, 370 U.S. 254, 263 n.10 (1962) (recognizing repudiation of arbitration provisions); *see also Grunwald-Marx, Inc. v. Los Angeles Joint Bd. Amalgamated Clothing Workers of Am.*, 192 Cal.App.2d 268, 280 (1961) (a party's refusal "to submit the issue to the arbiters, contending it was not arbitrable at all . . . constituted an unequivocal repudiation of the arbitration clause").

42. Epson further breached the SLA with respect to the *Aaron* Petitioners by amending the *Arnoff* Complaint to add them as defendants after this Petition was filed, even though the SLA delegates questions of arbitrability to JAMS, rather than any court, and Epson conceded that all *Aaron* Petitioners were its customers. SLA ¶ 14.6; Exh. R, ¶ 1.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

## FIRST CLAIM FOR RELIEF

### Petition to Compel Arbitration (9 U.S.C. § 4)

### All Petitioners Against Epson

43. Petitioners incorporate each preceding paragraph and reallege it here as if fully set forth herein.

44. Each Petitioner entered into the SLA with Epson. Specifically, Epson had conceded that each Petitioner is one of its customers. Exh. R, ¶ 1. Additionally, 2,313 Petitioners have provided individualized declarations setting forth their model and/or serial number associated with their Epson printers and describing their agreement to the SLA. These declarations are attached as Exhibit C. A further 408 Petitioners provided the model and/or serial number of their Epson printers in Excel form as ordered in the State court Actions. A spreadsheet summarizing the Claimant-specific information in each declaration or otherwise submitted is attached as Exhibit A.

45. In *Galgon*, Epson compelled arbitration in a putative class action by representing to this Court that its customers must have consented to the SLA to use an Epson printer. These admissions are binding in this dispute.

46. The SLA contains an arbitration provision covering "any dispute, claim, controversy or action between you and Epson arising out of or relating to this Agreement, the Software, Epson Hardware, or other transaction involving you and Epson, whether in contract, warranty, misrepresentation, fraud, tort, intentional tort, statute, regulation, ordinance, or any other legal or equitable basis," with a carveout only for "(a) trademark infringement or dilution, (b) patent infringement, (c) copyright infringement or misuse, or (d) trade secret misappropriation." SLA at ¶14.1.

47. The SLA's arbitration provision designates JAMS as the arbitration administrator. SLA at ¶14.6.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

48. The SLA's arbitration provision states the SLA "memorializes a transaction in interstate commerce" and that Federal Arbitration Act governs its enforcement. SLA at ¶14.2.

49. The SLA's arbitration provision includes an expansive delegation clause, requiring that "[t]he arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability or formation of this Agreement, including any claim that all or any part of this Agreement is void or voidable." SLA at ¶14.6. The only exception to this delegation clause is that "a court, not an arbitrator, may decide if a claim or cause of action" falls within the clause's exception for "(a) trademark infringement or dilution, (b) patent infringement, (c) copyright infringement or misuse, or (d) trade secret misappropriation." SLA at ¶14.1.

50. The SLA also requires Epson to "obtain . . . affirmative assent" to any amendment to the arbitration agreement in the SLA and provides that the SLA's dispute resolution clause governs in the absence of such assent. SLA at ¶ 14.8. Additionally, SLA ¶ 14.2 states the arbitration clause will survive the termination of the agreement.

51. Under the Federal Arbitration Act, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U. S. 79, 83-85 (2002)).

52. Epson has refused to arbitrate with Petitioners under the SLA and indicated an intent to sue Petitioners should they commence arbitrations. Epson has also indicated it will refuse to pay arbitration costs should Petitioners file arbitrations. *See Adams* Complaint; *Arnoff* Complaint; *Codding*, 842 Fed.Appx. at 72; *Grunwald-Marx, Inc.*, 192 Cal.App.2d at 280.

53. Petitioners are "aggrieved by the alleged failure, neglect, or refusal of [Epson] to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. To

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

remedy Epson's breach of the SLA, Petitioners seek "an order directing that such arbitration proceed in the manner provided for in" the SLA. *See id.*

54. Because Epson has refused to pay any arbitration fees for arbitrations filed with JAMS by any client represented by undersigned counsel, and threatened to sue Petitioners if they file any arbitration demands with JAMS, Epson has repudiated and anticipatorily breached its contractual obligation to arbitrate in accordance with the terms of the SLA. Exhs. N, O, L and M.

55. Finally, because of Epson's history of filing declaratory judgment actions as a tactic to avoid its obligation to arbitrate and pursuant to this Court's authority to enforce its judgments, Petitioners seek injunctive relief barring Epson from filing any pleadings related to the arbitrability of or appropriate forum for the claims that Petitioners will file or re-file against Epson with JAMS in accordance with the order.

## SECOND CLAIM FOR RELIEF

### Sanctions for Refusal to Pay Fees (Cal. Code Civ. Proc. §§ 1281.97 *et seq.*)

### *Arnoff* Petitioners Against Epson

56. The *Arnoff* Petitioners incorporate each preceding paragraph and reallege it here as if fully set forth herein.

57. In a "consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement [and] is in default of the arbitration." Cal. Code Civ. Proc. § 1281.97(a)(1).

58. Epson is the drafting party of the SLA since it is "the company or business that included a predispute arbitration provision in a contract with a consumer." Cal. Code Civ. Proc. § 1280(e).

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

59. Petitioners' demands for arbitration against Epson are consumer arbitration claims.

60. The SLA requires Epson to "pay, or (if applicable) reimburse" a customer for its share of the arbitral fees. SLA at ¶ 14.6(c). Under JAMS rules, the maximum a consumer must pay to commence a consumer arbitration is $250.00. *See* https://www.jamsadr.com/arbitration-fees. Further, JAMS rules provide that, in a consumer arbitration, the company is responsible for "any remaining JAMS Filing Fee, Case Management Fee and all professional fees for the arbitrator's services." *See* https://www.jamsadr.com/consumer-minimum-standards/.

61. Pursuant to the SLA and JAMS' Rules, JAMS invoiced Epson for the cost of administering the *Arnoff* Petitioners' demands, including both the *Arnoff* Petitioners' filing fees and Epson's share of the filing fees. Exh. N.

62. Epson refused to pay JAMS' invoice within thirty (30) days. In fact, Epson never paid the JAMS invoice. Exh. O, P.

63. The California Legislature has codified remedies for a breach of an agreement to arbitrate in California. See S.B. 707, 2019–2020 Reg. Sess. (Cal. 2019), codified at Cal. Code Civ. Proc. § 1281.97.

64. A consumer aggrieved by a respondent's breach of a Cal. Code Civ. Proc. § 1281.97(a)(1) may "[c]ompel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." *Id.*, § 1281.97(b)(2).

65. Further, a court "shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 . . . by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach," including in bringing a petition or compel arbitration. Code Civ. Proc. § 1281.99(a).

66. Accordingly, Petitioners seek an order under Section 1281.97 requiring Epson to arbitrate each Petitioner's claims and a monetary sanction under Sections

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

1281.97 and 1281.99 requiring Epson to pay Petitioners' reasonable attorneys' fees and costs in connection with the arbitrations, defending the *Arnoff* Petitioners in state court, petitioning and moving to compel arbitration, and otherwise in connection with the arbitrations and Epson's material breach of the SLA.

**THIRD CLAIM FOR RELIEF**

**Stay Pending Arbitration (9 U.S.C. § 3)**

**All Petitioners Against Epson**

67. Petitioners incorporate each preceding paragraph and reallege it here as if fully set forth herein.

68. Epson has attempted to litigate, rather than arbitrate, questions of the arbitrability of Petitioners' claims by filing a declaratory judgment action against Petitioners in state court, which they have removed to this Court and consolidated with the *Aaron* Petition. However, the SLA delegates all questions of arbitrability to JAMS. SLA at ¶ 14.6.

69. Under the Federal Arbitration Act, "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

70. A stay under Section 3 of the Federal Arbitration Act is mandatory, not discretionary. *Smith v. Spizziri*, 601 U.S. 472, 476 (2024).

71. Accordingly, this Court should stay these proceedings pending arbitration.

**REQUEST FOR RELIEF**

For the foregoing reasons, Petitioners respectfully request that this Court:

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

(a) Compel and order Epson to arbitrate each Petitioner's claims before JAMS, including any defenses to arbitrability or arguments concerning jurisdiction that Epson may have;

(b) Enjoin Epson from filing any new pleadings against Petitioners related to the arbitrability of or appropriate forum for the claims that Petitioners have filed against Epson with JAMS;

(c) Award the Petitioners' costs and attorneys' fees in connection with the arbitrations, defending the *Arnoff* Petitioners in state court, and petitioning and moving to compel arbitration, pursuant to Cal. Code Civ. Proc. §§ 1281.97, *et seq.*;

(d) Stay these cases pending arbitration;

(e) Retain jurisdiction to adjudicate any disputes arising from Epson's arbitral obligations, including disputes related to fees or discovery, and to adjudicate Petitioners' claims on the merits, if required by Epson's continued obstruction of the arbitrations; and

(f) Grant Petitioners all further relief at law or in equity as may be just and proper.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

DATED: November 5, 2024

**LABATON KELLER SUCHAROW LLP**

*/s/ Jonathan Waisnor*
Jonathan Waisnor (Bar No. 345801)
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700
Fax: (212) 907-7039
jwaisnor@labaton.com

**LABATON KELLER SUCHAROW LLP**
Alexander Schlow (Pro Hac Vice)
Morris Dweck (Pro Hac Vice)
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700
Fax: (212) 907-7039
aschlow@labaton.com
mdweck@labaton.com

**UMBERG ZIPSER LLP**
Carole E. Reagan
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: 949-679-0052
Facsimile: 949-679-0461
creagan@umbergzipser.com

*Counsel for Petitioners*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# VERIFICATION

I, Jonathan Waisnor, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that the attached exhibits are true and correct copies of the documents they are identified as.

Executed on November 5, 2024

*/s/ Jonathan Waisnor*
Jonathan Waisnor

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 10

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# Exhibit A

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| No. | Original Ac | Petitioner Name (Last, First) | Petitioner Email | Petitioner State | Purchase Month | Purchase Year | Printer Serial Number | Printer Model Number |
|---|---|---|---|---|---|---|---|---|
| 1 | Aaron | Aaron, Nicole | naaron1@jhu.edu | PA | March | 2018 | *W57Y086407* | Epson Expression Premium XP-830 Small-in-One All-in-One Printer |
| 2 | Aaron | Adams, Dawn | dawn2dusk@casscomm.com | IL | May | 2015 | X2MV332987 | Epson WorkForce WF-2750 All-in-One Printer |
| 3 | Aaron | Adell, Steven | kf2ti@arrl.net | NJ | January | 2022 | X7Y9055773 | WorkForce Pro WF-4830 All-in-One Printer |
| 4 | Aaron | Ades, Esther | invitesbyesta@gmail.com | NY | June | 2019 | UZVE017945 | Epson SureColor P8000 Standard Edition Printer |
| 5 | Aaron | Adorno, Jarandalee | jarry23@comcast.net | PA | August | 2022 | X462116096 | WorkForce WF-7720 Wide-format All-in-One Printer |
| 6 | Aaron | Aguado, Jose | avslogistics@aol.com | IL | January | 2008 | UGQY011937 | Epson Expression Photo XP-860 Small-in-One All-in-One Printer |
| 7 | Aaron | Aiello, Alicia | alicia.aiello@yahoo.com | PA | December | 2017 | SEDY344283 | Epson WorkForce WF-3620 All-in-One Printer |
| 8 | Aaron | Akins, Daniel | dakins@computingetc.us | MA | January | 2017 | X2mv161684 | Epson WorkForce WF-2750 All-in-One Printer |
| 9 | Aaron | Alau, Peter | pjalau@gmail.com | NY | June | 2015 | X2DZ030890 | Epson Expression Premium XP-640 Small-in-One All-in-One Printer |
| 10 | Aaron | Albert, Scott | tablemaker50@yahoo.com | VT | June | 2017 | S56p831358 | Epson Expression Home XP-310 Small-in-One All-in-One Printer |
| 11 | Aaron | Alexander, Russell | therealex123@gmail.com | NY | April | 2017 | X2TY032038 | WorkForce Pro WF-4740 All-in-One Printer |
| 12 | Aaron | Alford, Danny | alfordhp@embarqmail.com | NC | February | 2021 | X7Y9H09429 | WorkForce Pro WF-4830 All-in-One Printer |
| 13 | Aaron | Allen, Donna | donnacallen@gmail.com | NC | January | 2014 | QY6Y016632 | Epson Expression Premium XP-800 Small-in-One Printer |
| 14 | Aaron | Allen, Rick | rick15834@yahoo.com | PA | April | 2016 | VZWP219982 | Epson Expression Home XP-434 Small-in-One All-in-One Printer |
| 15 | Aaron | Alt, Suzanne | suzalt50@gmail.com | IL | November | 2021 | X5CT235807 | Expression Premium XP-6100 Small-in-One Printer |
| 16 | Aaron | Alvarez, Lourdes | elcoyote115@gmail.com | IL | August | 2012 | TNTY096301 | WORKFORCE WF-2540 WALMART AIO PRINTER |
| 17 | Aaron | Amin, Sanjil | sanjil@gmail.com | NJ | March | 2010 | Mcry115585 | Epson Artisan 835 All-in-One Printer |
| 18 | Aaron | Anaya, Arturo | armysoldja7t8@yahoo.com | IL | September | 2011 | Pjny066471 | Epson WorkForce 645 All-in-One Printer |
| 19 | Aaron | Anderson, Jean | jcenjoylife11@gmail.com | NY | October | 2007 | PJWY317501 | Epson WorkForce 545 All-in-One Printer |
| 20 | Aaron | Anderson, Kristin | skywalkerchick@gmail.com | IL | December | 2016 | vzvp139322 | Epson Expression Home XP-430 Small-in-One Printer |
| 21 | Aaron | Anderson, Marlin | marlin.anderson62@yahoo.com | TX | August | 2016 | UMAY538198 | Epson WorkForce WF-2630 All-in-One Printer |
| 22 | Aaron | Andrade, Daniel | dandrade2000@gmail.com | IL | March | 2019 | X6AZ115898 | WorkForce WF-2850 All-in-One Printer |
| 23 | Aaron | Aneyci, Sarah | sjaneyci@gmail.com | RI | March | 2020 | X6BR174397 | Expression Home XP-4105 Small-in-One Printer |
| 24 | Aaron | Angelet, Tasha | tangelet@gmail.com | NY | January | 2012 | QKEY117274 | Epson WorkForce WF-2540 All-in-One Printer |
| 25 | Aaron | Aramouni, Andrew | anaramouni@gmail.com | IL | July | 2021 | X6BR287779 | Expression Home XP-4105 Small-in-One Printer |
| 26 | Aaron | Arias, Juan | angel.arias63@yahoo.com | IL | March | 2019 | *X3Y9178771 | WorkForce Pro WF-4734 All-in-One Printer |
| 27 | Aaron | Arkush, Josephine | designervet@gmail.com | IL | January | 2021 | X2DZ093949 | Epson Expression Premium XP-640 Small-in-One All-in-One Printer |
| 28 | Aaron | Armstrong, Thomas | niflabnation5@gmail.com | IL | June | 2020 | x462265640 and x6m | 1. WorkForce WF-7720 Wide-format All-in-One Printer and 2. Work |
| 29 | Aaron | Arneson, Susan | sarneson60@hotmail.com | IL | June | 2020 | X5CT072428 | Expression Premium XP-6100 Small-in-One Printer |
| 30 | Aaron | Arnold, Selina | selinaarnold@hotmail.com | NC | January | 2017 | VZVP331445 | Epson Expression Home XP-430 Small-in-One Printer |
| 31 | Aaron | Arp, Charles | arpcharles@gmail.com | IL | March | 2016 | UD8P041544 | Epson Expression Home XP-420 Small-in-One All-in-One Printer |
| 32 | Aaron | Arsenault, Mark | sndchanz@msn.com | WA | October | 2019 | X2TY078335 | WorkForce Pro WF-4740 All-in-One Printer |
| 33 | Aaron | Arterberry, Candace | mscandy17@gmail.com | IL | June | 2020 | X5CT169340 | Expression Premium XP-6100 Small-in-One Printer |
| 34 | Aaron | Ash, Alisha | allyash84@gmail.com | NC | August | 2017 | X3G6041804 | Epson WorkForce Pro WF-4730 All-in-One Printer |
| 35 | Aaron | Asher, Craig | rasher10@optonline.net | NY | May | 2019 | x2ty060669 | WorkForce Pro WF-4740 All-in-One Printer |
| 36 | Aaron | Ashley, Lauren | laureneashleytx@gmail.com | NC | March | 2017 | X2mv587461 | Epson WorkForce WF-2750 All-in-One Printer |
| 37 | Aaron | Assaf, Yvette | saltine1989@yahoo.com | IL | December | 2019 | X6az193630 | WorkForce WF-2850 All-in-One Printer |
| 38 | Aaron | Atwood, David | davidjatwood@gmail.com | PA | September | 2018 | X2TF031411 | WorkForce Pro WF-3720 All-in-One Printer |
| 39 | Aaron | Avant, Keisha | keisha.avant@gmail.com | IL | March | 2017 | X2Dz115548 | Epson Expression Premium XP-640 Small-in-One All-in-One Printer |
| 40 | Aaron | Babcock, Beth | mommybab4@gmail.com | IL | July | 2019 | X462275808 | WorkForce WF-7720 Wide-format All-in-One Printer |
| 41 | Aaron | Bachman, Karen | kbrn99@hotmail.com | IL | April | 2022 | vzrp195946 | Epson Expression Home XP-330 Small-in-One All-in-One Printer |
| 42 | Aaron | Bagdasarian, Edith Kim | yoursong71386@aol.com | MA | December | 2014 | x2C6180599 | Epson Expression Home XP-446 Small-in-One Printer |
| 43 | Aaron | Bahr, Bobbie | jomain07@yahoo.com | IL | July | 2019 | Sedy558010 | Epson WorkForce WF-3620 All-in-One Printer |
| 44 | Aaron | Baker, David | bakeecld1@live.com | PA | April | 2020 | UD8P295911 | Epson Expression Home XP-420 Small-in-One All-in-One Printer |
| 45 | Aaron | Baker, Jessie | jessierbaker1982@gmail.com | MA | October | 2019 | X6BQ123045 | EXPRESSION HOME XP-4100 AIO PRINTER |
| 46 | Aaron | Baldwin, Shamara | diamondprincess7879@gmail.com | NY | February | 2016 | *s9dy111923* | WORKFORCE WF-7610 AIO PRINTER |
| 47 | Aaron | Bales, James | jimbales@hotmail.com | MA | September | 2013 | QZGY133762 | Epson WorkForce WF-3520 All-in-One Printer |
| 48 | Aaron | Banas, Jessica | jessdevice@gmail.com | IL | January | 2015 | UF8Y061674 | Epson Expression Premium XP-820 Small-in-One All-in-One Printer |
| 49 | Aaron | Banks, Tamuel | tamuelbanks@gmail.com | IL | February | 2021 | X6AZ302461 | WorkForce WF-2850 All-in-One Printer |
| 50 | Aaron | Banks, Tyrone | tyeb1341@yahoo.com | IL | May | 2018 | X2C6535658 | Epson Expression Home XP-446 Small-in-One Printer |
| 51 | Aaron | Barber, Arthur | art1barber@gmail.com | MA | April | 2018 | *PJNY018526* | Epson WorkForce 645 All-in-One Printer |
| 52 | Aaron | Bardon, Tiah | tiahrae79@gmail.com | NC | April | 2019 | *X2MV338202* | Epson WorkForce WF-2750 All-in-One Printer |
| 53 | Aaron | Barker, Kris | crucibled84@yahoo.com | NJ | June | 2020 | X2tf078990 | WorkForce Pro WF-3720 All-in-One Printer |
| 54 | Aaron | Barnett Powell, Mary | peacmar@sbcglobal.net | IL | April | 2019 | X3BJ000773 | WorkForce Pro WF-M5799 Workgroup Monochrome Multifunction |
| 55 | Aaron | Barnett, Rachael | rlbdirect@gmail.com | IL | September | 2018 | SEYY363276 | Epson WorkForce WF-3640 All-in-One Printer |
| 56 | Aaron | Barrett, Gary | gary.barrett@gmail.com | NJ | May | 2019 | PKFY120982 | Epson WorkForce 845 All-in-One Printer |
| 57 | Aaron | Bartlett, Amberly | abbartlett2017@yahoo.com | NC | October | 2020 | X46C018132 | WorkForce WF-7210 Wide-format Printer |
| 58 | Aaron | Bass, Philip | philip.d.bass@gmail.com | IL | July | 2022 | X6AZ543530 | WorkForce WF-2850 All-in-One Printer |
| 59 | Aaron | Bassen, Henry | pbassen@gmail.com | FL | October | 2014 | QKEY539727 | Epson WorkForce WF-2540 All-in-One Printer |
| 60 | Aaron | Beamish, Sharon | sharonlynb@gmail.com | NM | January | 2020 | X6AT066424 | Epson WorkForce WF-2830 All-in-One Printer |
| 61 | Aaron | Beck, Kristin | kbqt2@aol.com | NC | November | 2016 | Vzrp315617 | Epson Expression Home XP-330 Small-in-One All-in-One Printer |
| 62 | Aaron | Beck-azar, Barbara | rasama@aol.com | NM | September | 2020 | X2TY000920 | WorkForce Pro WF-4740 All-in-One Printer |
| 63 | Aaron | Beckenholdt, Timothy | timothybcknhldt@gmail.com | IL | January | 2021 | X6BR278908 | Expression Home XP-4105 Small-in-One Printer |
| 64 | Aaron | Beckman, Alan | albeck0728@gmail.com | MO | March | 2020 | X6M7000304 | WorkForce Pro WF-7840 Wireless Wide-format All-in-One Printer |
| 65 | Aaron | Bell, Michael | mike.bell1@aol.com | PA | February | 2021 | X6AZ215734 | WorkForce WF-2850 All-in-One Printer |
| 66 | Aaron | Bell, Theodore | kashg747@gmail.com | IL | May | 2020 | *X462229851* | WorkForce WF-7720 Wide-format All-in-One Printer |
| 67 | Aaron | Benigni, Patricia | papaspenny@comcast.net | IL | June | 2015 | X2C6148789 | Epson Expression Home XP-446 Small-in-One Printer |
| 68 | Aaron | Benjamin, Kim | k.benj@me.com | NY | May | 2019 | W57Y292644 | Epson Expression Premium XP-830 Small-in-One All-in-One Printer |
| 69 | Aaron | Bennett, Valerie | vbennett256@gmail.com | PA | April | 2016 | C11CK61201 | Expression Home XP-5200 Wireless Color Inkjet All-in-One Printer w |
| 70 | Aaron | Benson, Lora | lora.benson1975@gmail.com | IL | July | 2017 | X6AZ313917 | WorkForce WF-2850 All-in-One Printer |
| 71 | Aaron | Berenhaus, Edward | eberenhaus@aol.com | NY | June | 2018 | X2TS068359 | WorkForce Pro WF-4720 All-in-One Printer |
| 72 | Aaron | Bergstrand, Dennis | dbcasa2003@yahoo.com | NJ | October | 2021 | X7XNH42907 | WorkForce Pro WF-3820 Wireless All-in-One Printer |
| 73 | Aaron | Bernhard, Rosemary | stuntconnection@yahoo.com | FL | June | 2015 | PJNY058047 | Epson WorkForce 645 All-in-One Printer |
| 74 | Aaron | Bertolino, Melissa | bert6186@yahoo.com | IL | November | 2018 | W57y264261 | Epson Expression Premium XP-830 Small-in-One All-in-One Printer |
| 75 | Aaron | Beste, Steven | sbeste1966@gmail.com | NJ | August | 2019 | Vzvp280570 | Epson Expression Home XP-430 Small-in-One Printer |
| 76 | Aaron | Bicer, Maryellen | mare625@comcast.net | PA | April | 2018 | X6BR477849 | Expression Home XP-4105 Small-in-One Printer |
| 77 | Aaron | Biderman, Aaron | biderman@hotmail.com | NY | June | 2017 | SEYYA78270 | Epson WorkForce WF-3640 All-in-One Printer |
| 78 | Aaron | Biggs, Karen | kadamsbiggs@gmail.com | IL | June | 2021 | X6BQ216262 | Expression Home XP-4100 Small-in-One Printer |
| 79 | Aaron | Bishop, Kate | 1918.sempiternal@gmail.com | CO | July | 2019 | QEVY612178 | Epson Expression Home XP-400 Small-in-One All-in-One Printer |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

| No. | Original Ac | Petitioner Name (Last, First) | Petitioner Email | Petitioner State | Purchase Month | Purchase Year | Printer Serial Number | Printer Model Number |
|---|---|---|---|---|---|---|---|---|
| 2213 | Arnoff | Leeson, Scott | sleeson@aol.com | IL | APRIL | 2016 | X2TF547953 | WorkForce WF-3720 |
| 2214 | Arnoff | Leka, Jessica | jessie4hope915@gmail.com | IL | April | 2022 | X4WK215694 | WorkForce WF-2860 |
| 2215 | Arnoff | Lemire, Steve | slemire58@gmail.com | CA | | | | |
| 2216 | Arnoff | Leoncio, Cielito | cieloleoncio@yahoo.com | CA | | | | Expression Premium XP-4100 |
| 2217 | Arnoff | Lerma, Carlos | clerma8199@icloud.com | CA | | | | |
| 2218 | Arnoff | Lescrinier, Frank | frank253@hotmail.com | CA | | | | |
| 2219 | Arnoff | Leslie, Cole | lesliebaercole@aol.com | CA | June | 2021 | X6AZ421644 | WorkForce WF-2850 |
| 2220 | Arnoff | Levakis, Peter | 1oldshooter@gmail.com | CA | August | 2017 | X2C5143683 | Expression XP-440 |
| 2221 | Arnoff | Levine, Gail | gailslevine@gmail.com | CA | | | | |
| 2222 | Arnoff | Lewis, Bill | welewis@macomb.com | IL | January | 2017 | VZWP165545 | Expression XP-434 |
| 2223 | Arnoff | Lewis, Cornelius | celewis9124@yahoo.com | CA | March | 2018 | X6BQ176230 | Expression Home XP-4100 |
| 2224 | Arnoff | Lewis, John | misterlewisusa@gmail.com | IL | Before June | 2019 | X2MV341416 | WorkForce WF-2750 |
| 2225 | Arnoff | Lewis, Jolynne | sandi.ca@live.com | CA | | | | |
| 2226 | Arnoff | Lewis, Kevin | desertrunnr41@aol.com | CA | June | 2012 | SEDY628734 | WorkForce WF-3620 |
| 2227 | Arnoff | Lewis, Kristi | soaknitup5@msn.com | CA | | | | Epson XP-640 |
| 2228 | Arnoff | Lewis, Sean Patrick | lacameraguy@gmail.com | CA | December | 2014 | UGQY001312 | EXPRESSION PHOTO XP-860 PRINTER |
| 2229 | Arnoff | Lewis-Gregory, Suzanne | brilliantevents@earthlink.net | CA | | | | |
| 2230 | Arnoff | Libert, David | dlibert62@gmail.com | CA | January | 2018 | X5CT186706 | Expression XP-6100 |
| 2231 | Arnoff | Licht, Randall | borelfoto@aol.com | CA | Before Januar | 2016 | UF8Y045088 | Expression XP-820 |
| 2232 | Arnoff | Lick, Kristen | kristen.lick@gmail.com | CA | September | 2019 | X462146228 | WorkForce WF-7710 |
| 2233 | Arnoff | Lima, Max | kiso6015@gmail.com | CA | May | 2022 | X6BR461567 | Expression XP-4105 |
| 2234 | Arnoff | Lindsay, Jeffery | lightsounddimension@gmail.com | CA | October | 2019 | x6BR053982 | XP-4105 |
| 2235 | Arnoff | Lindsey, Deborah | lindseyodeborah@gmail.com | IL | December | 2018 | X2MV327717 | WorkForce WF-2750 |
| 2236 | Arnoff | Linnell, Amber | kikibud27@gmail.com | CA | Before Decem | 2021 | X6AT087698 | WorkForce WF-2830 |
| 2237 | Arnoff | Litman, Jane | janelitman@aol.com | CA | May | 2014 | X2TF566267 | WorkForce WF-3720 |
| 2238 | Arnoff | Litton, Janet | janet@janetlitton.com | CA | May | 2019 | X7x2005789 | sure color p700 |
| 2239 | Arnoff | Livingston, Maria | maria_lvngstn@yahoo.com | CA | | | | |
| 2240 | Arnoff | Lloyd, Jovana | jovanalloyd@lloydsoflaluna.com | CA | July | 2016 | Disposed | Expression XP 901 |
| 2241 | Arnoff | Locascio, Christie | christiel@peoplepc.com | CA | January | 2017 | X44Y110069 | Expression XP-6000 |
| 2242 | Arnoff | Lock, Michael | dodger0612@yahoo.com | CA | June | 2019 | CD958041P1954226 | Expression XP-820 |
| 2243 | Arnoff | Logrande, Angelo | alogrande90731@gmail.com | CA | | | | |
| 2244 | Arnoff | Loke, Chelsea | wailoke@hotmail.com | CA | | | CA690860PL30Y301 | WorkForce WF-840 |
| 2245 | Arnoff | Lombardo, Russell | rlombardo@cox.net | CA | December | 2016 | SEYY409538, SEYY88 | WorkForce WF-3640 |
| 2246 | Arnoff | Lominy, Jeanclaude | jeanclaudelominy@gmail.com | NY | May | 2016 | Disposed | WorkForce WF-4630 |
| 2247 | Arnoff | London, Julie | slowrap@aol.com | CA | March | 2020 | QZGY085896 | WorkForce WF-3520 |
| 2248 | Arnoff | Lonergan, James | jlonergan@gmail.com | IL | February | 2021 | SA4Y002879; X7XNJ2 | WorkForce WF-3820 |
| 2249 | Arnoff | Long, Fran | franandaj@gmail.com | CA | | | | |
| 2250 | Arnoff | Lopes, Michael | mnslopes93518@gmail.com | CA | | | | WorkForce WF-3720 |
| 2251 | Arnoff | Lopez, Gabriel | scubaprousa@yahoo.com | CA | | | | |
| 2252 | Arnoff | Lopez, Jose | hexis123@gmail.com | CA | | | | |
| 2253 | Arnoff | Lopez, Joseph | josephblopez@roadrunner.com | CA | | | | |
| 2254 | Arnoff | Lopez, Marcos | molopez1@gmail.com | CA | | | | |
| 2255 | Arnoff | Lopez, Mary | lilmary0802@yahoo.com | CA | June | 2021 | Disposed | ET Color All In One |
| 2256 | Arnoff | Lopez, Nadia | valladolidnadia@yahoo.com | CA | | | | |
| 2257 | Arnoff | Love, George | georgelove84@gmail.com | IL | | | | |
| 2258 | Arnoff | Lowery, Somer | somertime@gmail.com | CA | October | 2009 | | Unknown |
| 2259 | Arnoff | Loya, Nick | nickloya36@gmail.com | CA | January | 2015 | SEYY132175 | WorkForce WF-3640 |
| 2260 | Arnoff | Lozano, Humberto | bertlozano1957@gmail.com | CA | | | | |
| 2261 | Arnoff | Lozano, Nik | 6712black@gmail.com | CA | | | X46R040259 | Expression XP-000 |
| 2262 | Arnoff | Lubera, Sylvia | slubera223@aol.com | NY | February | 2013 | | Expression XP-440 |
| 2263 | Arnoff | Lucchesi, Marcy | lucchesi59@gmail.com | IL | | | X6BQ423743 | Expression Home XP-4100 |
| 2264 | Arnoff | Luft, Janis | janisluft@gmail.com | CA | February | 2022 | X6BR474263 | Expression XP-4100 |
| 2265 | Arnoff | Luna, Elizabeth | lunae128@yahoo.com | CA | Before Decem | 2022 | X5D5301274 | Expression Premium XP-7100 |
| 2266 | Arnoff | Luna, Susana | subtleysue@aol.com | CA | June | 2017 | X2C5570981 | Expression XP-440 |
| 2267 | Arnoff | Lund, John | jwlimages@mac.com | CA | November | 2016 | 53455959373933332 | WorkForce WF-3640 |
| 2268 | Arnoff | Lundy, Rene | hello_nae@yahoo.com | CA | | | | |
| 2269 | Arnoff | Lux, Craig | casmlux@yahoo.com | CA | February | 2017 | Disposed | Expression XP-330 |
| 2270 | Arnoff | Lyburtus, Margaret | mlyburtus@gmail.com | CA | June | 2016 | | Artisan 710C |
| 2271 | Arnoff | Macalma, Katherine | katmacalma@gmail.com | CA | July | 2020 | X5D5289596 | Expression Premium XP-7100 Small-in-One Printer |
| 2272 | Arnoff | Macaluso, Jean | jeanmac163@gmail.com | NY | March | 2021 | X5CL058374 | WorkForce WF-3730 |
| 2273 | Arnoff | Macgregor, William | billmac88@verizon.net | NY | | | | nx230 |
| 2274 | Arnoff | Macias, Adrian | macias12@msn.com | CA | | | | |
| 2275 | Arnoff | Macie, Walter | maciemaciemacie@hotmail.com | NY | September | 2016 | 2XCC108499 | Expression XP-340 |
| 2276 | Arnoff | Mack, Elizabeth | elizabethmack67@yahoo.com | CA | April | 2021 | x7ya026516 | WorkForce Pro WF-4833 |
| 2277 | Arnoff | Maclennan, Zeb | zmaclennan@comcast.net | CA | | | | |
| 2278 | Arnoff | Macmillan, Ernest | ehmlaw@aol.com | CA | May | Before 19 | NKLY025230 | WorkForce WF-7520 |
| 2279 | Arnoff | Macpherson, James | jamesmacpherson2000@yahoo.co | CA | November | 2019 | X6BQ400538 | Expression Home XP-4100 Small-in-One Printer |
| 2280 | Arnoff | Madden, Erica | e.madden722@gmail.com | IL | Before June | 2022 | X7YB019487 | WorkForce WF-4834 |
| 2281 | Arnoff | Madden, Sylvia | silvjean@aol.com | CA | Before Januar | 2015 | QYTY007815 | Expression XP-850 |
| 2282 | Arnoff | Maddock, Glenn | gfmsoccer@gmail.com | CA | May | 2018 | MDCZ102349 | Stylus NX-415 |
| 2283 | Arnoff | Madison, Kelly | kel2178@gmail.com | CA | September | 2016 | SCWY208313 | WorkForce WF-4630 |
| 2284 | Arnoff | Madnick, Judy | judyandstu@gmail.com | NY | May | 2021 | X4WK229687 | WorkForce WF-2860 |
| 2285 | Arnoff | Madrid, Marta | marta.aguilar209@gmail.com | CA | April | 2021 | | ET2760 |
| 2286 | Arnoff | Madsen, Charlene | cmadsen1@live.com | CA | | | | |
| 2287 | Arnoff | Madura, Bob | spcarlson@yahoo.com | IL | July | 2015 | MGTY097350; NQTY | WorkForce WF-630 |
| 2288 | Arnoff | Magallanes, Melissa | aquafina874@yahoo.com | CA | April | 2017 | | WorkForce |
| 2289 | Arnoff | Maidlow, Carol | califlimey@verizon.net | CA | June | 2015 | UD8P091589 | Expression Home XP-424 |
| 2290 | Arnoff | Majzel, Justin | nafdcaptain@gmail.com | IL | April | 2014 | QX2Y266446 | WorkForce WF-3540 |
| 2291 | Arnoff | Maki, Susan | ohplease257@yahoo.com | CA | | | | |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 11

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT L

Electronically Filed by Superior Court of California, County of Orange, 03/13/2023 04:00:51 PM.
30-2023-01315890-CU-MC-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By O. Lopez, Deputy Clerk.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (Bar No. 187736)
shonmorgan@quinnemanuel.com
Jack Baumann (Bar No. 288881)
jackbaumann@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Epson America, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| EPSON AMERICA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Graesen Arnoff, an individual, Suzanne Bonds, an individual, Matt Bozylinsky, an individual, Bill Bunkers, an individual, Erin Busse, an individual, Cindy Christensen, an individual, Michelle Churchill, an individual, Joshua Cook, an individual, Carolyn Dezutter, an individual, Brandy Dolderer, an individual, Jason Elkins, an individual, Cheryl Fulk, an individual, Denise Harrold, an individual, Rachel Hassett, an individual, Amy Hood, an individual, Kristi Jacobs, an individual, Michelle Jenkins, an individual, Christine Jonas, an individual, Megan Kline, an individual, Sara Koehnke, an individual, Kelly Kunz, an individual, Julie Lee, an individual, Margie Markevicius, an individual, Kevin Nameth, an individual, Adam Newman, an individual, Kelly Nielsen, an individual, Susan Nowinski, an individual, Glaiza O'Malley, an individual, Dino Pezzato Iii, an individual, Natalee Roseboom, an individual, Noreen Shambo, an individual, Jordan Sinwelski, an individual, Sabrina Stroud, an individual, Stella Volkman, an individual, Douglas Wagner, an individual, Marta Zachara, an individual, Richard Polich, an individual, Catherine Walker, an individual, Shelby Cooper, an individual, Evan Weightman, an individual, Shelbi Mcfarland, an individual, Lisa Colp, an individual, John Salidas, an | CASE NO. 30-2023-01315890-CU-MC-CXC<br>Judge Peter Wilson<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Action Filed: March 10, 2023<br>Trial Date: None Set |

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

individual, Hannah Hood, an individual, Marie Ortega, an individual, Brian Naydol, an individual, Nicole Reynolds, an individual, Ward Roney, an individual, Lisa Borel, an individual, Dawn Ferguson, an individual, Kinh Nguyen, an individual, Connie Fields, an individual, Max Lima, an individual, Debra Coe, an individual, Steven Wear, an individual, Lora Benson, an individual, Nick Martinez, an individual, Craig Lux, an individual, Cedric Nocon, an individual, Richard Steele, an individual, Crystal Gibson, an individual, Charlene Madsen, an individual, Angelica Hernandez, an individual, Hideki Hara, an individual, Jennifer Lecharoen, an individual, William Butler, an individual, Ronald Talley, an individual, Marianina Arredondo, an individual, Charmaine Contreras, an individual, K Poore, an individual, Cathy Steele, an individual, Manique English, an individual, Cynthia Jaramillo, an individual, Jonathan Mok, an individual, Penny Dahlberg, an individual, Demir Bracic, an individual, Vincent Ibanez, an individual, John Lahommedieu, an individual, Princess Hampton, an individual, James Lonergan, an individual, Michael Walton, an individual, Wynn Esclovon, an individual, Thomas Green, an individual, Orlando Malaluan, an individual, Alexandria Vazquez, an individual, Carey Hylton, an individual, Veronica Perkins, an individual, Derek Newman, an individual, Brandon Medow, an individual, Ronald Stout, an individual, Kevin Teichen, an individual, Katie Hart, an individual, Jill Pacho, an individual, Ronald Piner, an individual, Jennifer Culbertson, an individual, Joel Borja, an individual, Blanca Carrasco, an individual, William Kewley, an individual, Rubie Gillon, an individual, Marta Madrid, an individual, Jennifer Ashline, an individual, Vicki Mallard, an individual, Michelle Lavoy, an individual, Mabel Tsi, an individual, Maria Livingston, an individual, Shamarra Frazier, an individual, Tyrone Hazel, an individual, Andres Vitiosus, an individual, Joseph Miranda, an individual, Cielito Leoncio, an individual, Monica Mungary, an individual, Tracy Smith, an individual, Madisyn Hill, an individual, Kara Heuer, an individual, Katherine Simpson, an individual, Allie Beyer, an individual, Johnny Murphy, an individual, Sharon Young, an individual, Kali Massey, an individual, Michael Goldstein, an individual, Jennifer

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Toy, an individual, Kathy James, an individual, Vivian Mooers, an individual, Art Faelnar, an individual, Nidia Montoya, an individual, Daniel Wimberly, an individual, Bessie Brisco, an individual, Lucero Villa, an individual, Maria Brooks, an individual, Krzysztof Zachara, an individual, Shane Campbell, an individual, Freddy Juarez, an individual, William Deacon, an individual, Adrian Saldana, an individual, Nathan Gotten, an individual, Marissa Smith, an individual, Tyler Varela-Rivas, an individual, Manuel Rodriguez, an individual, Sandra Henderson, an individual, Marissa Mangold, an individual, Greg Prodigalidad, an individual, Martin Ackerson, an individual, William Sanchez, an individual, Marcus David, an individual, Cindi Metzger, an individual, John Bohen, an individual, Fernando Hernandez, an individual, Juanita Kennedy, an individual, Alfredo Felix, an individual, Tyler Ridge, an individual, Susan Tran, an individual, David Rayford, an individual, George Love, an individual, Dominique Powell, an individual, Anthony Graham, an individual, Eric Bianco, an individual, Miguel Rodriguez, an individual, Maribeth Harder, an individual, Jessica Calhoun, an individual, Matt Gruenwald, an individual, Sydney Zubeck, an individual, Jjimmie Gibbs, an individual, Rich Cafferkey, an individual, Timothy Weaver, an individual, Joanna Ammons, an individual, Kathie Swibaker, an individual, Paul Aguilar, an individual, Thomas Rees, an individual, Eric Piotrowski, an individual, Mark Messina, an individual, William Midgett, an individual, Anthony Willis, an individual, Murad Abu Hannoun, an individual, Gina Sangricoli, an individual, Ann Wright, an individual, Evangeline Lee, an individual, Bob Berg, an individual, Michelle Mitchell, an individual, Jean Macaluso, an individual, Kalena Bush, an individual, Ryan Hengel, an individual, Jacklyn Walker, an individual, Hale Knox, an individual, Karen Grano, an individual, Rabecca Broschat, an individual, Annette Vodola, an individual, Denise Anderson Mckay, an individual, Victor Varney, an individual, Sean Weerasinghe, an individual, Ray Covert, an individual, Elmer Orpilla, an individual, Carroll Montague, an individual, Delbert Hobson, an individual, Scott Adams, an individual, Linda Calvin, an individual, Shenise Mcknight, an individual, Cathy Abraham, an individual, Nick Loya, an

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

individual, Steven Polgar, an individual, Isaiah Robinson, an individual, Mike Sizemore, an individual, Tanisha Metcalf, an individual, Miguel Morales, an individual, Mary Hickey, an individual, Vishal Shah, an individual, Robert Hughes, an individual, Paris Gardner, an individual, Dana Lamb, an individual, Russel Savage, an individual, Donna Paul, an individual, Rickie Parks, an individual, Chantelle Adu-Berkoh, an individual, Rosa Casillas, an individual, Lance Groff, an individual, Tim Burman, an individual, Demetra Doss, an individual, Steve Chavez, an individual, Antwain Allen, an individual, Krystol Lamar, an individual, Marko Trajkovikj, an individual, Tina Cox, an individual, Adriana Montiel, an individual, Jorge Guzman, an individual, Larry Murphy, an individual, Connie Brown, an individual, Nicole Gomez, an individual, Kevin Rea, an individual, Patricia Hernandez, an individual, Caroline Garcia, an individual, Toya Kilgore, an individual, Maryjo Lawson, an individual, Kim Hands, an individual, Patrick Foley, an individual, Patricia Angenbroich, an individual, Billy Weeks, an individual, Danielle Davis Tucker, an individual, Ricardo Robledo, an individual, Pedro Rosas, an individual, Tequila Edwards, an individual, Andres Valdes, an individual, Griffin Jane, an individual, Ann Marie Yadegar, an individual, Nicole Diaz, an individual, Sylvia Nabong, an individual, Christina Buenaventura, an individual, Rokicki Brittney, an individual, Theresa Gould, an individual, William Powers, an individual, Dana Holgerson, an individual, Kristen Koerber, an individual, Delores Franks, an individual, Christopher Toney, an individual, Robert Kim, an individual, Jeremy Mccoy, an individual, Cynthia Conlin, an individual, Justin Thomas, an individual, Maurice Andrews, an individual, Marc Lee, an individual, Sydney Sabino, an individual, Sharon Brown, an individual, Elizabeth Luna, an individual, Nicholas Bowron, an individual, Jared Coleman, an individual, Jamul Jones, an individual, Ruchard Krieg, an individual, Nathaniel Joseph, an individual, Timothy Viane, an individual, Richard Goldberg, an individual, Moore Jeanette, an individual, Erma Johnson, an individual, Kimberley Gaul, an individual, Katherine Johnson, an individual, Sara Fiene, an individual, Michael Hirsch, an individual, Richard Schlosser, an individual, Veronica Drantz, an individual,

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Merelene Deo Chand, an individual, John Fremont, an individual, Michael Holcomb, an individual, Bianca Rizzo Gatto, an individual, Gretchen Fehling, an individual, Dean Steinbrenner, an individual, Elia Cervantes, an individual, Wendy Steinberg, an individual, Byerley Janna, an individual, Susan Gonzalez, an individual, Joycelyn Peete, an individual, Wallace Hudson, an individual, Christine Borovoy, an individual, Robert Hughes, an individual, Jacqueline Nitti-Silva, an individual, Edward Swiebocki, an individual, Aldena Beisen, an individual, Terry Boyd, an individual, Daniel Warner, an individual, Echols Sandra, an individual, Nicole Marte, an individual, Mary Kalafut, an individual, Steven Keca, an individual, Jerry Upchurch, an individual, Gary Klavans, an individual, Deborah Lindsey, an individual, Marilyn Gant, an individual, Sheila Chartier, an individual, Nicole Parrini, an individual, Reginald Woolston, an individual, Walter Ratajczak, an individual, Cole Leslie, an individual, Sharon Carwell, an individual, Penni Russell, an individual, Alan Dascottr, an individual, Alana Hannant, an individual, Mitchell Cottrell, an individual, Tonya Green, an individual, Teneka Shelton, an individual, Vladislav Jurenka, an individual, Townes Coates, an individual, Jeff Johnson, an individual, Tracy Knight, an individual, Carol Fritzgerald, an individual, Sharon Burgs, an individual, John Tenenbaum, an individual, Maria Yaou, an individual, Towanda Bell, an individual, Julie Clarke, an individual, Michael Atkinson-Leon, an individual, David Phorasavong, an individual, Gloria Miles, an individual, Susan Brook, an individual, Tiffany Scharringhausen, an individual, Debra Knight, an individual, Sandy Selesky, an individual, Elroy Johnson, an individual, Eric Pate, an individual, Regina Kelly, an individual, Brian Factor, an individual, Tanya Ray, an individual, Angel Collazo, an individual, Tammy Mcfeely, an individual, Patricia Medina, an individual, Demerette Kee, an individual, Marylou Obos, an individual, Olufunmilayo Ashiru, an individual, Ande Wegner, an individual, Eboney Bell, an individual, David Felix, an individual, Elbert Jordan, an individual, Shelby Peters, an individual, John Farringer, an individual, David Cassiere, an individual, Jerry Coonrod, an individual, Sandra Carcione, an individual, Dollicia Bell, an individual, Jose Gonzalez, an

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

individual, Michael Rose, an individual, Kecia Gaines, an individual, Tiffany Kilgore, an individual, Michelle Viruet, an individual, Deborah Taylor, an individual, Gundars Simanis, an individual, Frank Hauser, an individual, Mike Bowen, an individual, Shawn Passwater, an individual, Kari Meyer, an individual, Dawn Werner, an individual, Rachel Brauer, an individual, Rico Camacho, an individual, Len Faltin, an individual, Mark Moreno, an individual, Crystal Weatherspoon, an individual, Lois Dickens, an individual, Marcy Lucchesi, an individual, Patrick Ramos, an individual, Rico Adams, an individual, Pamela Purl, an individual, Eric Willis, an individual, Melinda Caudillo, an individual, Holly Grover, an individual, Rachel Galvin, an individual, Arturo Aragon, an individual, Jeanclaude Lominy, an individual, Candace Davis, an individual, Ryan Wasney, an individual, Yolanda Coler, an individual, Lasheena Williams, an individual, Amanda Anderson, an individual, Ann Mitchell, an individual, Kaavir Ramirez, an individual, Alan Wolmer, an individual, Kathleen Garcia, an individual, Jorge Pedroza, an individual, Glen Hamel, an individual, Dehlia Williamson, an individual, Mary Abegg Sanchez, an individual, Debra Kuen, an individual, Mary Young, an individual, Deborah Delaney, an individual, Tracy Hartley, an individual, Randall Licht, an individual, Donna Cox, an individual, Melissa Calvano, an individual, Paul Cohen, an individual, Kathy Mccloud, an individual, Garret Ambrosio, an individual, William Macgregor, an individual, Alexandra Camacho, an individual, Teresa Fajardo, an individual, Cathy Jackson, an individual, Jeffrey Chien, an individual, Wendy Waits, an individual, Stephen Alfon, an individual, Debbie Wilferling, an individual, Victor Castillo, an individual, Stephen Dobbins, an individual, Robert Evans, an individual, Howard Clark, an individual, Carol Weinberg, an individual, Alejandra Quiroz, an individual, Gary Allen, an individual, Paul Meyser, an individual, Patricia Jackson, an individual, Scott Gibson, an individual, Dee Kresge, an individual, Bob Vannini, an individual, Laurence Faulks, an individual, Janice Cope, an individual, Max Daniels, an individual, Debra Hill, an individual, Suzanne Guzman, an individual, Ninous Beitashour, an individual, Stephanie Seeley, an individual,

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Intr du t n**

1. Pursuant to Sections 525, 526 and 1060 *et se* . of the California Code of Civil Procedure, plaintiff Epson America, Inc. ("Epson") brings this suit for declaratory and injunctive relief against defendants Graesen Arnoff, Suzanne Bonds, Matt Bozylinsky, Bill Bunkers, Erin Busse, Cindy Christensen, Michelle Churchill, Joshua Cook, Carolyn Dezutter, Brandy Dolderer, Jason Elkins, Cheryl Fulk, Denise Harrold, Rachel Hassett, Amy Hood, Kristi Jacobs, Michelle Jenkins, Christine Jonas, Megan Kline, Sara Koehnke, Kelly Kunz, Julie Lee, Margie Markevicius, Kevin Nameth, Adam Newman, Kelly Nielsen, Susan Nowinski, Glaiza O'Malley, Dino Pezzato Iii, Natalee Roseboom, Noreen Shambo, Jordan Sinwelski, Sabrina Stroud, Stella Volkman, Douglas Wagner, Marta Zachara, Richard Polich, Catherine Walker, Shelby Cooper, Evan Weightman, Shelbi Mcfarland, Lisa Colp, John Salidas, Hannah Hood, Marie Ortega, Brian Naydol, Nicole Reynolds, Ward Roney, Lisa Borel, Dawn Ferguson, Kinh Nguyen, Connie Fields, Max Lima, Debra Coe, Steven Wear, Lora Benson, Nick Martinez, Craig Lux, Cedric Nocon, Richard Steele, Crystal Gibson, Charlene Madsen, Angelica Hernandez, Hideki Hara, Jennifer Lecharoen, William Butler, Ronald Talley, Marianina Arredondo, Charmaine Contreras, K Poore, Cathy Steele, Manique English, Cynthia Jaramillo, Jonathan Mok, Penny Dahlberg, Demir Bracic, Vincent Ibanez, John Lahommedieu, Princess Hampton, James Lonergan, Michael Walton, Wynn Esclovon, Thomas Green, Orlando Malaluan, Alexandria Vazquez, Carey Hylton, Veronica Perkins, Derek Newman, Brandon Medow, Ronald Stout, Kevin Teichen, Katie Hart, Jill Pacho, Ronald Piner, Jennifer Culbertson, Joel Borja, Blanca Carrasco, William Kewley, Rubie Gillon, Marta Madrid, Jennifer Ashline, Vicki Mallard, Michelle Lavoy, Mabel Tsi, Maria Livingston, Shamarra Frazier, Tyrone Hazel, Andres Vitiosus, Joseph Miranda, Cielito Leoncio, Monica Mungary, Tracy Smith, Madisyn Hill, Kara Heuer, Katherine Simpson, Allie Beyer, Johnny Murphy, Sharon Young, Kali Massey, Michael Goldstein, Jennifer Toy, Kathy James, Vivian Mooers, Art Faelnar, Nidia Montoya, Daniel Wimberly, Bessie Brisco, Lucero Villa, Maria Brooks, Krzysztof Zachara, Shane Campbell, Freddy Juarez, William Deacon, Adrian Saldana, Nathan Gotten, Marissa Smith, Tyler Varela-Rivas, Manuel Rodriguez, Sandra Henderson, Marissa Mangold, Greg Prodigalidad, Martin Ackerson, William Sanchez, Marcus David, Cindi

Case 8:24-cv-01712-FWS-DFM Document 28-1 Filed 11/25/24 Page 27 of 63 Page ID #:15124

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Metzger, John Bohen, Fernando Hernandez, Juanita Kennedy, Alfredo Felix, Tyler Ridge, Susan Tran, David Rayford, George Love, Dominique Powell, Anthony Graham, Eric Bianco, Miguel Rodriguez, Maribeth Harder, Jessica Calhoun, Matt Gruenwald, Sydney Zubeck, Jjimmie Gibbs, Rich Cafferkey, Timothy Weaver, Joanna Ammons, Kathie Swibaker, Paul Aguilar, Thomas Rees, Eric Piotrowski, Mark Messina, William Midgett, Anthony Willis, Murad Abu Hannoun, Gina Sangricoli, Ann Wright, Evangeline Lee, Bob Berg, Michelle Mitchell, Jean Macaluso, Kalena Bush, Ryan Hengel, Jacklyn Walker, Hale Knox, Karen Grano, Rabecca Broschat, Annette Vodola, Denise Anderson Mckay, Victor Varney, Sean Weerasinghe, Ray Covert, Elmer Orpilla, Carroll Montague, Delbert Hobson, Scott Adams, Linda Calvin, Shenise Mcknight, Cathy Abraham, Nick Loya, Steven Polgar, Isaiah Robinson, Mike Sizemore, Tanisha Metcalf, Miguel Morales, Mary Hickey, Vishal Shah, Robert Hughes, Paris Gardner, Dana Lamb, Russel Savage, Donna Paul, Rickie Parks, Chantelle Adu-Berkoh, Rosa Casillas, Lance Groff, Tim Burman, Demetra Doss, Steve Chavez, Antwain Allen, Krystol Lamar, Marko Trajkovikj, Tina Cox, Adriana Montiel, Jorge Guzman, Larry Murphy, Connie Brown, Nicole Gomez, Kevin Rea, Patricia Hernandez, Caroline Garcia, Toya Kilgore, Maryjo Lawson, Kim Hands, Patrick Foley, Patricia Angenbroich, Billy Weeks, Danielle Davis Tucker, Ricardo Robledo, Pedro Rosas, Tequila Edwards, Andres Valdes, Griffin Jane, Ann Marie Yadegar, Nicole Diaz, Sylvia Nabong, Christina Buenaventura, Rokicki Brittney, Theresa Gould, William Powers, Dana Holgerson, Kristen Koerber, Delores Franks, Christopher Toney, Robert Kim, Jeremy Mccoy, Cynthia Conlin, Justin Thomas, Maurice Andrews, Marc Lee, Sydney Sabino, Sharon Brown, Elizabeth Luna, Nicholas Bowron, Jared Coleman, Jamul Jones, Ruchard Krieg, Nathaniel Joseph, Timothy Viane, Richard Goldberg, Moore Jeanette, Erma Johnson, Kimberley Gaul, Katherine Johnson, Sara Fiene, Michael Hirsch, Richard Schlosser, Veronica Drantz, Merelene Deo Chand, John Fremont, Michael Holcomb, Bianca Rizzo Gatto, Gretchen Fehling, Dean Steinbrenner, Elia Cervantes, Wendy Steinberg, Byerley Janna, Susan Gonzalez, Joycelyn Peete, Wallace Hudson, Christine Borovoy, Robert Hughes, Jacqueline Nitti-Silva, Edward Swiebocki, Aldena Beisen, Terry Boyd, Daniel Warner, Echols Sandra, Nicole Marte, Mary Kalafut, Steven Keca, Jerry Upchurch, Gary Klavans, Deborah Lindsey, Marilyn Gant, Sheila Chartier, Nicole Parrini,

Case 8:24-cv-01412-DWS-DFM Document 28-1 Filed 11/25/24 Page 28 of 63 Page ID #:15125

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Reginald Woolston, Walter Ratajczak, Cole Leslie, Sharon Carwell, Penni Russell, Alan Dascottr, Alana Hannant, Mitchell Cottrell, Tonya Green, Teneka Shelton, Vladislav Jurenka, Townes Coates, Jeff Johnson, Tracy Knight, Carol Fritzgerald, Sharon Burgs, John Tenenbaum, Maria Yaou, Towanda Bell, Julie Clarke, Michael Atkinson-Leon, David Phorasavong, Gloria Miles, Susan Brook, Tiffany Scharringhausen, Debra Knight, Sandy Selesky, Elroy Johnson, Eric Pate, Regina Kelly, Brian Factor, Tanya Ray, Angel Collazo, Tammy Mcfeely, Patricia Medina, Demerette Kee, Marylou Obos, Olufunmilayo Ashiru, Ande Wegner, Eboney Bell, David Felix, Elbert Jordan, Shelby Peters, John Farringer, David Cassiere, Jerry Coonrod, Sandra Carcione, Dollicia Bell, Jose Gonzalez, Michael Rose, Kecia Gaines, Tiffany Kilgore, Michelle Viruet, Deborah Taylor, Gundars Simanis, Frank Hauser, Mike Bowen, Shawn Passwater, Kari Meyer, Dawn Werner, Rachel Brauer, Rico Camacho, Len Faltin, Mark Moreno, Crystal Weatherspoon, Lois Dickens, Marcy Lucchesi, Patrick Ramos, Rico Adams, Pamela Purl, Eric Willis, Melinda Caudillo, Holly Grover, Rachel Galvin, Arturo Aragon, Jeanclaude Lominy, Candace Davis, Ryan Wasney, Yolanda Coler, Lasheena Williams, Amanda Anderson, Ann Mitchell, Kaavir Ramirez, Alan Wolmer, Kathleen Garcia, Jorge Pedroza, Glen Hamel, Dehlia Williamson, Mary Abegg Sanchez, Debra Kuen, Mary Young, Deborah Delaney, Tracy Hartley, Randall Licht, Donna Cox, Melissa Calvano, Paul Cohen, Kathy Mccloud, Garret Ambrosio, William Macgregor, Alexandra Camacho, Teresa Fajardo, Cathy Jackson, Jeffrey Chien, Wendy Waits, Stephen Alfon, Debbie Wilferling, Victor Castillo, Stephen Dobbins, Robert Evans, Howard Clark, Carol Weinberg, Alejandra Quiroz, Gary Allen, Paul Meyser, Patricia Jackson, Scott Gibson, Dee Kresge, Bob Vannini, Laurence Faulks, Janice Cope, Max Daniels, Debra Hill, Suzanne Guzman, Ninous Beitashour, Stephanie Seeley, Linda Haworth, Lance Dalgart, Carlos Herrera, Mark Jones, Marjorie Heddinger, Samuel Brown, Jason Husted, Diane Richmond, Kathie Calhoun, Gisela Saenz, Denise Reed, Brian Oltman, Michael Stadie, Jovana Lloyd, Willie Davis, Stephen Ferri, Patti Mcdonald, Chris Higham, Norman Deorian, Cheryl Thomas, Douglas Mercer, Lydia Micheli, Lena Campos, Lisa Bernal, Sharon Peterson, Nick Burchett, Sharon Gonzalez, Erica Jones, Michael Callahan, Christian Melanese, Jose Del Campo, Melissa Del Rosario, Osvaldo Alvarado, Alana Jelinek, Suzanne Sule, Lissa Gates, Frederick Reckeweg, Kimberly Sinclair,

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Sevilla, Humberto Lozano, Diane Sullivan, Russell Gilliam, Michelle Huitron, Graham Jones, Karl Shultis, Juanita Hernandez, Jeffrey Valfer, Bill Vanhorn, Megan Akright, Leonilo De Leon, Robert Lawson, Jessica Boccia, Joan Giammarino, Linda Silacci-Smith, Michael Hoyt, John Mendez, Colleen Gray, Susan Berenson, James Carmany, Dimitrios Pardalis, Suzanne Whitford, Alejandra Zavala, Arthur Wilderman, Deana Nuxoll, Erin Riffel, Shelli Salles, Eric Brown, Ilisa Goldman, Kristen Mclaughlin, Judie Arriola, Tanya Heuges, Kimberley Deems, Katie Swanson, Linda Paolano, David Martin, Kevin Burch, Charles Bernacchi, Lameisha Sherri and Judy Cronin (collectively, "Defendants"). Defendants are purchasers of Epson printers who, on information and belief, have been roped into a frivolous mass arbitration scheme by their counsel (Labaton Sucharow LLP) that seeks to extort a large settlement based not on the merits of any consumer grievance against Epson, but rather on the threat of having to pay tens of millions of dollars in individual arbitration filing fees. Indeed, Defendants' counsel have threatened to file thousands of more arbitrations like those filed by Defendants in the wrong arbitral forum and without undertaking mandatory informal dispute resolution procedures to manufacture settlement leverage.

2. Epson has no interest in suing its customers and files this suit only as a last resort because, despite Epson's repeated efforts to convince their counsel to observe the basic requirements of their clients' binding arbitration agreements, Defendants' counsel persisted in filing individual arbitrations on behalf of Defendants and others[1] in the wrong arbitral forum. Epson brings this action solely to enforce the terms of the parties' arbitration agreements, which Defendants have violated through the arbitrations their counsel have filed, and to require Defendants to pursue their claims in the contractually-mandated forum, FedArb, a nationally-recognized arbitration provider.

3. According to the Labaton Sucharow law firm, Defendants are "individuals who purchased Epson printers and wish to use less expensive third-party ink," but allege that software

[1] Epson is filing this complaint against this initial group of Defendants while it investigates the claimants in the hundreds or thousands of additional arbitrations Defendants' counsel have filed concurrently or will file in the future (as counsel has threatened). Epson intends to promptly amend its complaint to substitute additional claimants for the Doe defendants based on that investigation.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

and firmware updates "disable" their printers "when non-Epson, replacement ink cartridges are installed." (In fact, as Epson discloses prominently on its packaging, in its instructions, and on the firmware update page itself, its printers are designed for use with Epson cartridges only and non-Epson cartridges may not continue to function after firmware updates. These updates keep the printer functioning as designed, prevent the inadvertent use of counterfeit cartridges, help to prevent damage that may not be covered by the limited warranty, maintain optimal printer performance, and promote overall customer satisfaction with Epson printers. Epson is also the leading manufacturer of EcoTank printers which do not use cartridges and deliver some of the lowest cost per printed page available in the industry today.)[2]

4. In 2022, Labaton Sucharow informed Epson that, absent a resolution it deemed acceptable, its 13,000-plus clients "intend[ed] to commence individual arbitrations," alleging a variety of claims, with the Judicial Arbitration and Mediation Services, Inc. ("JAMS"). On March 6, 2023, Labaton Sucharow proceeded with filing 3,994 individual arbitrations in JAMS, including those brought on behalf of the Defendants.

5. Epson does not seek to deprive its consumers access to the arbitration proceedings to which they are entitled, and it fully anticipates defending and vindicating itself on the merits in any properly-filed case. But Defendants have failed to comply with a material condition precedent to pursuing arbitration: Epson's End-User Software License Agreement ("EULA") expressly requires that a party wishing to pursue claims against the other party engage in a sixty-day period

[2] Third parties make efforts to "hack" Epson's patented cartridge and printer designs to offer non-genuine ink cartridges that purport to work with Epson printers. There is also a significant market presence of counterfeit ink cartridges. These counterfeit and other third-party cartridges are widely available on online marketplaces such as eBay and Amazon, but are not sold by traditional brick-and-mortar retailers such as Staples or Best Buy. Epson actively pursues counterfeiters through online and offline investigations, civil and criminal raids, and District Court actions. Epson has actively enforced its intellectual property rights, including by obtaining General Exclusion Orders and Cease and Desist Orders from the International Trade Commission, prohibiting patent-infringing cartridges from being imported, offered for sale, or sold in the United States, and through District Court actions against resellers of such cartridges. Still, some counterfeit and other non-genuine cartridges continue to make their way to the market, especially through online marketplaces. Epson firmware updates keep the printer functioning as designed, prevent the inadvertent use of counterfeit cartridges, help consumers prevent damage that may not be covered by the limited warranty, and promote overall customer satisfaction.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

of good-faith efforts at informal dispute resolution prior to filing an arbitration. Rather than comply with this requirement, Defendants have failed to engage in good faith efforts at informal dispute resolution. Indeed, Defendants have at most provided evidence that they *ay* have purchased an Epson printer (which is more than thousands of their counsel's threatened future claimants have done); none has provided any proof they received an allegedly "disabl[ing]" software or firmware update, much less any evidence supporting their claims under the Computer Fraud and Abuse Act claim and antitrust laws.

6. Further, although the EULA requires that "mass arbitrations"—such as those filed by Defendants and their co-clients—be filed with and administered by FedArb, Defendants' counsel have filed Defendants' arbitrations with JAMS.

7. The filing of individual arbitrations by Defendants and the remainder of Labaton Sucharow's 13,000-plus clients in JAMS may trigger requirements for Epson to pay filing fees in excess of $20,000,000 merely to prevent default, despite the fact that (i) none of these individuals has complied with the material condition precedent of engaging in good faith efforts at informal dispute resolution before filing claims and (ii) the EULA requires that mass arbitrations be filed with FedArb. (In many instances, filing fees are fully nonrefundable from JAMS five days after the arbitration demand has been filed, and, in consumer arbitrations, the fees cannot be recouped even where the company demonstrates the filing was frivolous or is completely victorious on the merits.) Epson brings this action for declaratory and injunctive relief against Defendants both to establish its rights under the EULA against these Defendants and to provide guidance to the remainder of Labaton's clients regarding the EULA's requirements regarding good faith pre-suit informal dispute resolution efforts and the proper arbitration venue for their claims.

8. In filing this action, Epson seeks to enforce the express provision in the EULA delegating to the Court any disputes concerning (i) compliance with the agreement's informal dispute resolution process, and (ii) failure to commence arbitration proceedings in the appropriate forum. Epson does not intend in any way to waive its right to arbitrate the claims Defendants have asserted against Epson and instead seeks to enforce its right to arbitrate those claims in the proper forum.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**T e Part es**

9. Epson is a corporation organized under the laws of the State of California, with its principal office located in Los Alamitos, California. Epson is a wholly-owned subsidiary of Seiko Epson Corporation. Epson sells, markets, and performs customer service for Epson printers and related software and/or firmware in North America.

10. Defendants are individuals who, on information and belief, reside in the States of California, Illinois and New York and who, through their counsel at Labaton Sucharow, served a demand on Epson in California, commenced binding arbitration against Epson in JAMS seeking (among other relief) to enjoin certain business practices Epson conducts in California, and served their arbitration demands on Epson in California.

11. On information and belief, Does 1-20,000, inclusive, are individuals who, through their counsel at Labaton Sucharow, have commenced or, through their counsel, have threatened to commence binding arbitration against Epson in JAMS in California. Epson will amend its complaint to identify these individuals as their arbitrations are filed and Epson is able to confirm that the individuals are, in fact, Epson consumers bound by Epson's EULA.

**T e End User S t are L ense A reement**

12. Epson printers include software and firmware that consumers can keep up-to-date with the latest upgrades, improvements, and patches through updates they can download over the Internet. In accepting these updates, Epson consumers are also asked to accept the then-current EULA. A true and correct copy of the operative EULA is attached to this Complaint as **E t** .

13. On information and belief, each of the Defendants accepted the terms of the operative EULA.

14. Among other terms, the EULA includes several provisions relating to arbitration for consumers living within the United States. With respect to any dispute between a consumer and Epson (excluding specified intellectual property claims and claims for public injunctive relief), the EULA requires the parties "to try, for sixty (60) days, to resolve any Dispute informally" before filing an arbitration. EULA § 22.2. The parties further agree that "engaging in this initial dispute resolution process is a material term" of the EULA "and a requirement that

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

must be fulfilled before commencing any arbitration." *d.* The parties acknowledge in the EULA that "either party's failure to comply with the provisions" of the section requiring the informal dispute resolution efforts "would irreparably harm the other" and that "a court may issue an order staying arbitration (and any obligation to pay arbitration fees) until the initial dispute resolution process . . . is complete." *d.*

15. The EULA further makes clear that any "disagreements regarding compliance" with the informal dispute resolution term "shall be decided by a court, not an arbitrator," and "pending resolution of any such disagreements by a court," the parties agree that "arbitration (as well as any obligation to pay arbitration fees) shall be stayed until the initial dispute resolution process . . . is complete." *d.*

16. The EULA also provides that "if 20 or more demands for arbitration are filed relating to the same or similar subject matter and sharing common issues of law or fact, and counsel for the parties submitting the demands are the same or coordinated," the parties "agree that this will constitute a 'Mass Arbitration.'" § 22.6(h). Under the EULA, the parties "agree that [a mass arbitration] shall ___ be governed by JAMS Rules or administered by JAMS," *id.* (emphasis original), and shall instead "be administered by FedArb, a nationally recognized arbitration provider" and "resolved using FedArb's Framework for Mass Arbitration Proceedings ADR-MDL." *d.*

17. As with the mandatory informal dispute resolution provisions, the EULA confirms that the parties agree that: "if either party fails or refuses to commence the Mass Arbitration before FedArb," the other "may seek an order from a court of competent jurisdiction compelling compliance . . . and compelling administration of the Mass Arbitration before FedArb"; "all arbitrations comprising the Mass Arbitration (and any obligation to pay arbitration fees) shall be stayed"; "either party's failure to comply" with the mass arbitration provision "would irreparably harm the other"; and "a court may issue an order staying the arbitrations (and any obligation to pay arbitration fees) until any disagreements over [the mass arbitration provision] are resolved by the court." *d.*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**Defendants' Arb trat ns**

18. On August 31, 2022, an attorney from Labaton Sucharow sent or caused to be sent to Epson's legal department a purported "Notice of Claims of 6,570 Individuals Against Epson America, Inc." In this letter, Labaton Sucharow claimed that it represented 6,570 individuals "who purchased Epson printers and wish to use less expensive third-party ink," but complained of Epson's alleged "pattern or practice of using unauthorized software and firmware updates to disable [their] printers when non-Epson, replacement ink cartridges are installed." Absent reaching a "satisfactory resolution" within 60 days, Labaton Sucharow represented that these 6,570 clients would "begin filing arbitrations" with JAMS. The only information Labaton Sucharow provided regarding each of its 6,570 clients was the client's name, phone number, and email address.

19. On September 16, 2022, Epson responded, noting that the minimal information provided by counsel was insufficient to enable Epson to make even threshold assessments of the validity of their clients' claims. Among other things, Labaton Sucharow provided no information as to whether each of its clients owns an Epson printer; if so, which printer the client purportedly bought (since not all Epson printers utilize the technology complained of in the August 31, 2022 letter); the date of purchase (to assess timeliness of claims); whether each client actually downloaded the challenged firmware or software; and whether each client in fact bought and tried to use any third-party ink cartridges. Accordingly, Epson requested additional information to further the informal dispute resolution process, including: (i) proof of printer purchase; (ii) printer model purchased; (iii) date of printer purchase; (iv) serial number of printer purchased; (v) date on which third-party ink cartridges were purchased; (vi) brand of third-party ink cartridges purchased; and (vii) the date of any firmware or software download.

20. On September 22, 2022, counsel at Labaton Sucharow sent or caused to be sent a further purported "Notice of Claims" against Epson, this time for an additional 6,802 clients, making the same substantive allegations as those levied in Labaton Sucharow's August 31, 2022 letter, and again stating that these clients would "begin filing arbitrations" with JAMS absent a "satisfactory resolution."

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

21. To date, none of the Defendants has provided the information requested by Epson on September 16, 2022. Indeed, Labaton Sucharow has provided verifiable serial number information for less than 9% of the 13,372 clients identified in its two formal "Notice of Claims" letters.

22. On behalf of its clients, including Defendants, Labaton Sucharow has taken the position that the operative EULA does not apply to their claims.

23. On March 6, 2023, Defendants, through their counsel, Labaton Sucharow, commenced individual binding arbitrations in JAMS in violation of the EULA. Doe Defendants 1-20,000, inclusive, have—through their counsel—filed or threatened to file identical arbitrations in JAMS in violation of the EULA.

**F rst Cause A t n**
**De arat ry Re e**
**A a nst A De endants**

24. Epson incorporates by reference and realleges paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Pursuant to Section 1060 *et se* . of the California Code of Civil Procedure, the Court may declare rights, duties, status, and other legal relations of the parties, regardless of whether further relief is or could be claimed, in the case of an actual controversy relating to the parties' legal rights and duties. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.

26. On information and belief, Epson and Defendants are parties to the EULA.

27. An actual controversy has arisen between Epson and Defendants regarding Defendants' duties and performance under the EULA, including, specifically, their non-compliance with the condition precedent that they engage in a 60-day period of good faith efforts at informal dispute resolution prior to filing any arbitration and their filing of more than 20 individual arbitrations raising the same or similar issues, through the same counsel, with JAMS instead of with FedArb.

28. Resolution of the parties' respective rights and duties under the EULA by declaration of the Court is necessary, as there exists no adequate remedy at law and Epson will be

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

irreparably harmed if Defendants maintain their arbitrations in the wrong arbitral forum and without first engaging in the good faith informal dispute resolution efforts required by the EULA.

29. Accordingly, Epson seeks a declaration from this Court that, *inter alia*: (i) Defendants are bound by the EULA; (ii) Defendants have not complied with the EULA's mandatory informal dispute resolution requirement; (iii) Defendants must dismiss their individual arbitrations filed in JAMS and, to the extent they refile their claims, must file them with FedArb, for resolution under its Framework for Mass Arbitration Proceedings ADR-MDL, instead of JAMS, and only after complying with the EULA's mandatory informal dispute resolution requirement; and (iv) Epson is entitled to a stay of arbitration proceedings filed by Defendants with JAMS, including a stay of any requirements to pay JAMS filing fees, under the EULA pending resolution of this action.

**Prayer r Re e**

WHEREFORE, Epson prays for judgment in its favor and against Defendants, as follows:

A. For a declaration adopting each of Epson's contentions set forth in the above Cause of Action for Declaratory Relief;

B. For injunctive relief requiring Defendants to dismiss the arbitrations they have filed with JAMS;

C. For Epson's attorneys' fees to the extent permitted by law or contract;

D. For Epson's costs of suit; and

E. For all such other relief as the Court may deem proper.

DATED: March 10, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By ______________________

Shon Morgan
Attorneys for Plaintiff Epson America, Inc.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

# EXHIBIT 12

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Trenton R. Kashima
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
T : (619) 810-7047
tkashima@milberg.com

[Additional counsel listed on signature page]

*Attorneys for Plaintiffs and the putative class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHERI HRAPOFF, JODY HESSEL, and MARCY LUCCHESI, individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

HISAMITSU AMERICA, INC.,

Defendant.

Case No. 4:21-cv-01943-JST

**SECOND AMENDED COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

Case 4:21-cv-01943-JST Document 100 Filed 09/15/21 Page 2 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Plaintiffs, Cheri Hrapoff, Jody Hessel, and Marcy Lucchesi, ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action against Defendant, Hisamitsu America, Inc., ("Defendant" or "Hisamitsu"), and allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

## INTRODUCTION

1. Defendant, Hisamitsu offers a variety of over-the-counter and prescription products including transdermal patches and skin care products. Defendant's over-the-counter, Salonpas-branded products include a range of external pain relieving patches and aerosols for pain associated with or caused by ailments such as arthritis, backache, muscle strains, sprains and bruises.

2. Particularly, Defendant markets, distributes, and sells Salonpas® Lidocaine Pain Relieving Gel-Patch ("the **Product**").[1]

3. Nearly every individual suffers muscle aches and pains and seeks relief for this common problem.

4. When consumers purchase pain-relieving products, the strength of the dose is an important purchasing consideration. In fact, consumers willingly pay a premium for pain-reliving products that represent and/or claim that they have strong doses and/or are maximum strength.[2]

5. Defendant takes advantage of this consumer preference for strong doses by prominently representing where the one place that every consumer looks when purchasing a product – the packaging and labels themselves. In fact, Defendant touts its representation and claim right on the front of its Product's label that the Product is a "Maximum Strength" lidocaine product.

---

[1] The Product is manufactured by Defendant's Japanese parent company.

[2] Defendant's non-lidocaine pain reliving patches sell for approximately $0.16 per patch while the lidocaine ones sell for $1.67. *See* https://www.walgreens.com/store/c/salonpas-pain-relieving-gel-patch-with-maximum-strength-lidocaine/ID=prod6334797-product (for lidocaine version) and https://www.amazon.com/Salonpas-Pain-Relieving-Patches-Count/dp/B01AB4U6PI/ref=pd_bxgy_img_2/143-6299856-0809858?_encoding=UTF8&pd_rd_i=B01AB4U6PI&pd_rd_r=7f53c71a-2bf2-4e66-952b-7737ecc79229&pd_rd_w=4XEWI&pd_rd_wg=q6AkY&pf_rd_p=f325d01c-4658-4593-be83-3e12ca663f0e&pf_rd_r=2RJPAYXKMXBZVPYRTKTB&psc=1&refRID=2RJPAYXKMXBZVPYRTKTB (for the non-lidocaine version). Plaintiffs only use this pricing information as an example to plausibly plead that Defendant does indeed charge a large premium for its Product. The specific premium on a granular level and the manner by which that price premium will be determined will be set forth in the case by an expert and after discovery. (Listings last accessed September 13, 2021).

Case 4:21-cv-01943-JST Document 100 Filed 09/06/23 Page 3 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

6. Consumers including Plaintiffs lack the scientific knowledge necessary to determine whether the Product is a "Maximum Strength" lidocaine product or to ascertain the true nature of the quality or strength of the Product. As such, reasonable consumers must and do rely on manufacturers, like Defendant, to be transparent and properly disclose on the packaging all material information regarding the Product and its dose and strength.

7. However, Defendant makes this "Maximum Strength" representation in a knowingly false and deceptive manner because Defendant's Product contains only 4% lidocaine while similar prescription patches manufactured by at least one of Defendant's competitors contains 5% lidocaine.

8. Moreover, Defendant has not only represented that its Product is a "Maximum Strength" lidocaine product, but has also omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%).

9. Defendant manufactures, sells, and distributes the Product employing a marketing and advertising campaign centered around claims that appeal to consumers who Defendant knows seek out strong doses of lidocaine to relieve their back pain and aches by touting its Product as "Maximum Strength". As such, reasonable consumers, like Plaintiffs, reasonably believe that they are purchasing a Lidocaine product which is at maximum strength, i.e. the highest dosage they can buy.

10. Defendant's multiple and prominent systematic mislabeling of the Product forms a pattern of unlawful and unfair business practices that deceives and harms consumers and the public.[3]

11. Accordingly, Plaintiffs bring this suit on behalf of themselves and similarly situated consumers who purchased Defendant's Product. Plaintiff and Class Members were damaged because they would not have purchased (or would not have paid a premium) for Defendant's Product had they known the true facts regarding the Product's "Maximum Strength" representations and omissions.

12. For all the reasons set forth herein, including but not limited to Defendant's misrepresentations and omissions regarding its "Maximum Strength" claims, Plaintiffs seek relief in this action individually, and as a class action on behalf of similarly situated purchasers of Defendant's

[3] *See Scilex Pharmaceuticals Inc. v. Sanofi-Aventis U.S. LLC, et al.*, 21-cv-01280-JST, Dkt No. 86, at 6 (N.D. Cal. Aug. 16, 2021) (Tigar, J.).

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Product, for: (i) breach of express warranty; (ii) breach of implied warranty of merchantability; (iii) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); (iv) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"); (v) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"); (vi) violation of New York's Deceptive Trade Act, General Business Law § 349, *et seq.*; (vii) violation of New York's Deceptive Sales Act, General Business Law § 350, *et seq.*; (viii) violation of Illinois' Consumer Fraud Act, 815 ILCS §§ 505/1, *et seq.*; (ix) violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/2, *et seq.*; (x) common law fraud; and (xi) unjust enrichment.

## PARTIES

13. Plaintiff Cheri Hrapoff is a citizen of California residing in Ben Lomond. She purchased Defendant's Product during the applicable statute of limitations periods. Notably, her most recent purchase was April 8, 2021 at a CVS Pharmacy in Scotts Valley, CA.

14. Plaintiff Jody Hessel is a citizen of New York residing in Smithtown. He purchased Defendant's Product during the applicable statute of limitations periods at his local CVS Pharmacy in and around Smithtown, New York.

15. Plaintiff Marcy Lucchesi is a citizen of Illinois residing in Palatine. She purchased Defendant's Product on numerous occasions during the applicable statute of limitations periods. Notably, her most recent purchase was on or about March 2023 at a Walgreens in Palatine, IL.

16. Hisamitsu is a California corporation, with its principal place of business at 100 Campus Drive, Suite 117, Florham Park, New Jersey 07932. Defendant markets, distributes, and sells the Product, which is manufactured by its parent company, Hisamitsu Pharmaceutical Co., Inc. Defendant Hisamitsu markets, distributes and sells the Product through drug stores, mass retailers, and online retailers throughout the United States.

17. Plaintiffs reserve the right to amend this First Amended Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

Case 4:21-cv-01943-JST Document 100 Filed 09/16/23 Page 5 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and some of the members of the proposed class are citizens of states different from the Defendant.

19. Defendant has sufficient minimum contacts with California to be subject to this Court's personal jurisdiction. Defendant is registered to do business here. Defendant also intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its Product and numerous other products, which renders this Court's exercise of jurisdiction necessary and proper.

20. In accordance with 28 U.S.C. § 1391, venue is proper in this District because a substantial part of the conduct giving rise to Plaintiffs' claims occurred in this District, Defendant transacts business in this District, and at least one Plaintiff resides in this District.

## FACTS COMMON TO ALL CLAIMS

21. Lidocaine is the active ingredient in Defendant's Product, and it forms the basis for Defendant's "Maximum Strength" misrepresentations on the Product's front labeling, omissions, and overall advertising and marketing campaign.

22. "Lidocaine belongs to the family of medicines called local anesthetics. This medicine prevents pain by blocking the signals at the nerve endings in the skin."[4]

23. Lidocaine is commonly used in products such as Defendant's Product to help with body soreness, aches and pain.

24. Lidocaine is also a non-narcotic pain reliever, which has led to a surge in the popularity of products that contain it.[5] Indeed, Defendant has benefitted immensely from selling the Product.

[4]https://www.mayoclinic.org/drugs-supplements/lidocaine-topical-application-route/description/drg-20072776 (Last Accessed September 13, 2021).

[5]https://www.globenewswire.com/en/news-release/2020/06/24/2052868/0/en/Topical-Pain-Relief-Market-to-Reach-13-276-million-by-2025-at-7-4-CAGR-Says-AMR.html ("The growth of the topical pain relief market include increase in prevalence of arthritis, diabetic neuropathy, and other bone disorders across the globe, rise in geriatric population, *fewer side effects caused by topical*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

For example, Defendant's sales in 2019 alone were approximately $121 million.[6]

***Defendant's Product Prominently Features the "Maximum Strength" Claim***

25. At all relevant times, Defendant has marketed its Product in a consistent and uniform manner nationwide. Defendant sells the Product in all 50 states in brick-and-mortar stores and through online retailers.

26. Aware of the consumer preference for strong doses of lidocaine in pain-relieving products to alleviate their pain, aches and soreness, Defendant specifically advertises its Product as a "MAXIMUM STRENGTH"[7] lidocaine product:




---

*pain relief as compared to oral medications*, and high adoption of topical pain relief products by sportsperson.") (emphasis added) (Last Accessed September 13, 2021).

[6] https://www.statista.com/statistics/326890/external-analgesic-rubs-brands-sales-in-the-us/ (Last Accessed September 13, 2021).

[7] Upon information and belief, after filing of the original Complaint in this case, Defendant attempted to correct its false and misleading representations and omissions by changing the Product's label. The label shown below represents the labeling present at the time of filing and that Plaintiffs and the proposed classes read and relied on. Since the filing of the initial Complaint in this case, Defendant, upon information and belief, now includes an asterix in the top left next to the "MAXIMUM STRENGTH" representation which reads: "OTC topical analgesics in patch category." *See* https://us.hisamitsu/product/salonpas-lidocaine-pain-relieving-gel-patch (Last Accessed September 13, 2021).

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

27. The "MAXIMUM STRENGTH" representation is prominently featured right on the front label of the Product in bold lettering with yellow highlight that instantly catches the eye of all reasonable consumers, including Plaintiffs and Class Members.

28. Defendant, however, is well aware that its Product is not a "Maximum Strength" lidocaine product and deceives trusting reasonable consumers like Plaintiffs to believe that they are in fact purchasing such a Product while omitting from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%).

29. Indeed, Defendant's over the counter Product contains only 4% lidocaine while competing prescription patches contain 5% lidocaine.[8]

30. So, consumers can actually obtain a stronger dose comparable lidocaine patch that is available in the market.

31. As such, Defendant's Product is not a "Maximum Strength" lidocaine product as advertised.

32. But rather than accurately advertise its Product through its labeling and advertising, Defendant preys on consumers' desire for maximum pain relief to drive substantial profits.[9]

33. All reasonable consumers, including Plaintiffs, read and relied on Hisamitsu's "Maximum Strength" representations when purchasing the Product.

34. Defendant's "Maximum Strength" representation was material to Plaintiffs' and Class Members' decision to purchase the Product.

---

[8] "This article discusses lidocaine 5% patch products available by your doctor's prescription. While there are similar over-the-counter (OTC) varieties available, those contain a lower percentage of lidocaine." *See* https://www.spineuniverse.com/treatments/medication/prescription-lidoderm-patches-may-help-relieve-back-pain (last accessed September 13, 2021).

[9] In a blog post on its website, Defendant employs a spokesperson, "Dr. Bob Arnot" who claims that its Product has" 4% of lidocaine which I'd argue is close to the 5% lidocaine patch you would get with a prescription." This admission that comparable and competitive back patch pain relief products exist with a higher lidocaine content shows that Defendant was aware that its Product was not "Maximum Strength" as Defendant advertised. Despite this blog posting's date of October 16, 2017, Defendant continued to knowingly advertise its less-than maximum strength, 4% lidocaine product as "Maximum Strength" for years afterward. Since the filing of the original Complaint in March 2021, Defendant has removed this blog posting from its website.

Case 4:21-cv-01943-JST Document 100 Filed 09/16/23 Page 8 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

35. Defendant's marketing efforts are made in order to—and do in fact—induce consumers to purchase the Product at a premium because consumers believe they are getting a lidocaine product with "Maximum Strength."

36. As shown throughout this First Amended Complaint, however, Defendant's Product is ***not*** a "Maximum Strength" lidocaine product. Defendant's representations and omissions are false and misleading.

37. Defendant intended for Plaintiffs and Class Members to be deceived or misled by its misrepresentations and omissions.

38. Defendant's deceptive and misleading practices proximately caused harm to Plaintiffs and the Class.

39. Plaintiffs and Class Members would not have purchased the Product, or would have not paid as much for the Product, had they known the truth about the mislabeled and falsely advertised Product.

***<u>Plaintiffs' Experiences Purchasing Defendant's Mislabeled Product</u>***

***Plaintiff Cheri Hrapoff***

40. Plaintiff Hrapoff is a resident and citizen of Ben Lomond, California who purchased Defendant's Product on a recurring basis throughout the class period. She purchased the Product at national retailers, including a CVS in Scotts Valley, CA. She last purchased the product on April 8, 2021 and paid approximately $8.69.

41. Prior to purchasing Defendant's Product, Plaintiff Hrapoff read and reviewed information about the Product, including the fact that the Product was being sold for personal use, and not resale.

42. When purchasing her Product, Plaintiff Hrapoff also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and omissions and warranties made by Defendant that the Product was a "Maximum Strength" lidocaine product. Plaintiff Hrapoff relied on these representations, omissions, and warranties in deciding to purchase Defendant's Product.

Case 4:21-cv-01943-JST Document 100 Filed 05/13/25 Page 9 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

43. Accordingly, these representations, omissions, and warranties were part of the basis of the bargain, in that she would not have purchased the Product on the same terms had she known these representations were not true.

44. However, Plaintiff Hrapoff has an intention to purchase the Product in the future if the products are truthfully labeled and not misleadingly advertised.

45. In making her purchases, Plaintiff Hrapoff paid a substantial price premium due to the false and misleading "Maximum Strength" representations and omissions.

46. However, Plaintiff Hrapoff did not receive the benefit of her bargain because Defendant's Product is not a "Maximum Strength" lidocaine product, and/or because Defendant omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%).

47. Plaintiff Hrapoff also understood that her Product came with packaging and other materials prepared by Defendant, including representations and warranties regarding the Product being a "Maximum Strength" lidocaine product.

48. Plaintiff Hrapoff also understood that in making the sale, her retailer was acting with the knowledge and approval of Defendant and/or as the agent of Defendant.

49. Plaintiff Hrapoff would not have purchased the Defendant's Product if she had been aware that its "Maximum Strength" representations and omissions were not true, or alternatively, she would have paid less for this Product.

50. Excluding tax, these Products cost between $8.69 and $9.99 and vary in price depending on quantity of patches per box. The price that Plaintiff Hrapoff paid, $8.69, is at a premium compared to other similar products.

***Plaintiff Jody Hessel***

51. Plaintiff Hessel is a resident and citizen of Smithtown, New York who purchased Defendant's Product on a recurring basis during the class period. He purchased the Product at various national retailers. He last purchased the product at a local CVS Pharmacy, in or around Smithtown, New York for approximately $9.99.

52. Prior to purchasing Defendant's Product, Plaintiff Hessel read and reviewed

Case 4:21-cv-01943-JST Document 100 Filed 07/21/23 Page 10 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

information about the Product, including the fact that the Product was being sold for personal use, and not resale.

53. When purchasing his Product, Plaintiff Hessel also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations, omissions and warranties made by Defendant that the Product was a "Maximum Strength" lidocaine product. Plaintiff Hessel relied on these representations, omissions, and warranties in deciding to purchase Defendant's Product.

54. Accordingly, these representations, omissions, and warranties were part of the basis of the bargain, in that he would not have purchased the Product on the same terms had she known these representations were not true.

55. However, Plaintiff Hessel has an intention to purchase the Product in the future if the products are truthfully labeled and not misleadingly advertised.

56. In making his purchases, Plaintiff Hessel paid a substantial price premium due to the false and misleading "Maximum Strength" representations and omissions.

57. However, Plaintiff Hessel did not receive the benefit of his bargain because Defendant's Product is not a "Maximum Strength" lidocaine product, and/or because Defendant omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%).

58. Plaintiff Hessel also understood that his Product came with packaging and other materials prepared by Defendant, including representations and warranties regarding the Product being a "Maximum Strength" lidocaine product.

59. Plaintiff Hessel also understood that in making the sale, his retailer was acting with the knowledge and approval of Defendant and/or as the agent of Defendant.

60. Plaintiff Hessel would not have purchased the Defendant's Product if he had been aware that his "Maximum Strength" representations and omissions were not true, or alternatively, he would have paid less for this Product.

Excluding tax, these Products cost between $8.69 and $9.99 and vary in price depending on quantity of patches per box. The price that Plaintiff Hessel paid, $9.99, is at a premium compared to other

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

similar products.

***Plaintiff Marcy Lucchesi***

61. Plaintiff Marcy Lucchesi is a citizen of Illinois residing in Palatine. She purchased Defendant's Product on numerous occasions during the applicable statute of limitations periods. Notably, her most recent purchase was on or about March 2023 at a Walgreens in Palatine, IL.

62. Prior to purchasing Defendant's Product, Plaintiff Lucchesi read and reviewed information about the Product, including the fact that the Product was being sold for personal use, and not resale.

63. When purchasing her Product, Plaintiff Lucchesi also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations, omissions and warranties made by Defendant that the Product was a "Maximum Strength" lidocaine product. Plaintiff Lucchesi relied on these representations, omissions, and warranties in deciding to purchase Defendant's Product.

64. Accordingly, these representations, omissions, and warranties were part of the basis of the bargain, in that she would not have purchased the Product on the same terms had she known these representations were not true.

65. However, Plaintiff Lucchesi has an intention to purchase the Product in the future if the products are truthfully labeled and not misleadingly advertised.

66. In making her purchases, Plaintiff Lucchesi paid a substantial price premium due to the false and misleading "Maximum Strength" representations and omissions.

67. However, Plaintiff Lucchesi did not receive the benefit of her bargain because Defendant's Product is not a "Maximum Strength" lidocaine product, and because Defendant omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%).

68. Plaintiff Lucchesi also understood that her Product came with packaging and other materials prepared by Defendant, including representations, omissions and warranties regarding the Product being a "Maximum Strength" lidocaine product.

69. Plaintiff Lucchesi also understood that in making the sale, her retailer was acting with

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

the knowledge and approval of Defendant and/or as the agent of Defendant.

70. Plaintiff Lucchesi would not have purchased the Defendant's Product if she had been aware that its "Maximum Strength" representations and omissions were not true, or alternatively, she would have paid less for this Product.

71. Excluding tax, these Products cost between $8.69 and $9.99 and vary in price depending on quantity of patches per box. The price that Plaintiff Lucchesi paid, $9.92, is at a premium compared to other similar products.

**FED. R. CIV. P. 9(b) ALLEGATIONS**

72. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiffs have satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

73. **WHO**: Defendant, Hisamitsu America, Inc., made material misrepresentations and/or omissions of fact in its labeling and marketing of the Product by representing that the Product is a "Maximum Strength" lidocaine product.

74. **WHAT**: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Product is a "Maximum Strength" lidocaine product. Defendant omitted from Plaintiffs and Class Members that the Product is not a "Maximum Strength" lidocaine product because other lidocaine products exist in the market that contain a higher amount (i.e. 5%) of lidocaine. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and contains to represent that the Product is a "Maximum Strength" lidocaine product when it is not, and has omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%).

75. **WHEN**: Defendant made material misrepresentations and/or omissions detailed herein, including that the Product is a "Maximum Strength" lidocaine product, continuously throughout the applicable Class period(s).

76. **WHERE**: Defendant's material misrepresentations and omissions, that the Product is

Case 4:21-cv-01943-JST Document 100 Filed 07/12/23 Page 13 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

a "Maximum Strength" lidocaine product were made on the front labeling and packaging of the Product and throughout Defendant's advertising. Defendant's "Maximum Strength" front label misrepresentations are written in blond font and highlighted in bright yellow, which instantly catches the eye of all reasonable consumers, including Plaintiffs, at the point of sale in every transaction. The Product is sold in brick and mortar and online retailers nationwide.

77. **HOW**: Defendant made written misrepresentations right on the front label of the Product that the Product was a "Maximum Strength" lidocaine product even though other stronger lidocaine products are available in the market. As such, Defendant's "Maximum Strength" representations are false and misleading. Moreover, Defendant omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%). And as discussed in detail throughout this First Amended Complaint, Plaintiffs and Class Members read and relied on Defendant's "Maximum Strength" representations and omissions before purchasing the Product.

78. **WHY**: Defendant misrepresented its Product as being a "Maximum Strength" lidocaine product and omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%) for the express purpose of inducing Plaintiffs and Class Members to purchase the Product at a substantial price premium. As such, Defendant profited by selling the misrepresented Product to at least thousands of consumers throughout the nation.

## CLASS ACTION ALLEGATIONS

79. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action on behalf of themselves and the members of the follow class (the "Nationwide Class"):

> All persons residing in the United States who, during the maximum period of time permitted by law, purchased the Product primarily for personal, family or household purposes, and not for resale.

80. Plaintiff Hrapoff also brings this action on behalf of herself and the members of the following subclass (the "California Subclass"):

> All persons residing in California who, during the maximum period of time permitted by law, purchased the Product primarily for personal,

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

family or household purposes, and not for resale.

81. Plaintiff Hessel also brings this action on behalf of himself and the members of the following subclass (the "New York Subclass"):

> All persons residing in New York who, during the maximum period of time permitted by law, purchased the Product primarily for personal, family or household purposes, and not for resale.

82. PlaintiffLucchesi also brings this action on behalf of herself and the members of the following subclass (the "Illinois Subclass"):

> All persons residing in Illinois who, during the maximum period of time permitted by law, purchased the Product primarily for personal, family or household purposes, and not for resale.

83. Plaintiffs reserve the right to amend the Class definitions or Subclass definitions at a later date as necessary to conform with facts learned through discovery.

84. Specifically excluded from the Class and Subclass definitions are (1) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

85. As used herein, "Class Members" shall mean and refer to the members of the Nationwide Class and all Subclasses, including Plaintiffs Hrapoff, Hessel, and Lucchesi

86. Plaintiffs seek only damages on behalf of themselves and the Class Members. Plaintiffs disclaim any intent or right to seek any recovery in this action for personal injuries, wrongful death, or emotional distress suffered by themselves and/or the Class Members.

87. <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. On information and belief, members of the Class number in at least the thousands. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

88. <u>Typicality</u>: The claims of the representative Plaintiffs are typical in that Plaintiffs, like all Class Members, purchased the Product that was marketed, distributed, and/or sold by Defendant. Plaintiffs, like all Class Members, have been damaged by Defendant's misconduct in that, *inter alia*,

Case 4:21-cv-01943-JST Document 100 Filed 07/21/23 Page 15 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

they purchased the Product that was represented as being a "Maximum Strength" lidocaine product when that representation is false and misleading. Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to Plaintiffs and all Class Members.

89. Commonality: There are numerous questions of law and fact common to Plaintiffs and Class Members that predominate over any individual questions. These common legal and factual issues include the following:

a. Whether Defendant's "Maximum Strength" representations and/or omissions regarding the Product are false and/or misleading;

b. Whether Defendant knowingly sold its Product which it knew did not contain maximum strength lidocaine;

c. Whether Defendant engaged in false and/or deceptive advertising;

d. Whether Plaintiffs and the Class Members did not receive the benefit of their bargain when purchasing the Product;

e. Whether Defendant was unjustly enriched by consumers paying a price premium for a less than "Maximum Strength" lidocaine product;

f. Whether Defendant's actions as described above violated the various state consumer protection laws as alleged herein;

g. Whether Defendant has breached express and implied warranties in the sale and marketing of the Product;

h. Whether Plaintiffs and Class Members have sustained monetary loss and the proper remedy for and measure of that loss;

i. Whether Defendant's conduct violated public policy; and

j. Whether Defendant should be required to pay damages as a result of the above-described practices.

90. Adequate Representation: Plaintiffs will fairly and adequately protect the interests of Class Members. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including mislabeled consumer product goods, and Plaintiffs intend to prosecute this action

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

vigorously.

91. Predominance and Superiority: Plaintiffs and Class Members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY
**(On Behalf of All Plaintiffs and the Nationwide Class, or Alternatively, the California, New York, and Illinois Subclasses)**

92. Plaintiffs repeat and re-allege all proceeding factual allegations above as if fully set forth herein.

93. Plaintiffs Cheri Hrapoff, Jody Hessel, and Marcy Lucchesi bring this count on behalf of themselves, the proposed Nationwide Class, California Subclass, New York Subclass, and Illinois Subclass against Defendant.

94. Express warranties by sellers of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description. *See*, *e.g.*, Cal. Com. Code § 2313(1)(a)-(b); N.Y. U.C.C. Law § 2- 313(1)(a)-(b); and 810 ICLS 5/2-313(1)(a)-(b).

95. Defendant, as the marketer, distributor and/or seller, expressly warranted that the Product was a "Maximum Strength" lidocaine product.

Case 4:21-cv-01943-JST Document 100 Filed 07/12/23 Page 17 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

96. Each of the Plaintiffs formed a contract with Defendant at the time they purchased the Products. The terms of that contract include the promises and affirmations of fact that Defendant makes through an extensive, uniform, nationwide marketing campaign, and on its product labels. Among other affirmations of fact and promises described herein, Defendant represents that the Product is a "Maximum Strength" lidocaine product.

97. Defendant's express warranties, and its affirmations of fact and promises made to Plaintiffs and Class Members regarding the Product became the basis of the bargain between Defendant and Plaintiffs and the Classes, thereby creating an express warranty that the Product would conform to those affirmations of fact, representations, promises, and descriptions.

98. Contrary to Defendant's affirmations of fact and promises, the Product is not a "Maximum Strength" lidocaine product. Defendant breached the express warranties and/or contract obligations by placing the Product into the stream of commerce and selling the Product to consumers, when the Product is not a "Maximum Strength" lidocaine product, because other comparable lidocaine products exist in the market that contain more lidocaine than Defendant's product.

99. As such, Defendant's Product does not conform to the express warranties because the representations are false or misleading.

100. At all times relevant herein, Defendant was aware, or should have been aware, of the misrepresentations regarding the Product.

101. Defendant made the "Maximum Strength" representation with the intention that Plaintiffs and Class members would rely on the "Maximum Strength" representation. Plaintiffs and Class members did, in fact, rely on Defendant's "Maximum Strength" representation when deciding to purchase the Product.

102. Where required, Defendant's affirmations of fact and promises were material to Plaintiffs and Class Members decisions to purchase the Product.

103. All conditions precedent to Defendant's liability for its breach of express warranty have been performed by Plaintiffs or Class Members.

104. Defendant received direct electronically mailed notice from Plaintiffs' counsel related to the claims at issue in this First Amended Complaint, and specifically Defendant's breaches of its

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

warranties. Specifically, as early as March 19, 2021, the original Complaint filed in this matter operated as sufficient notice to Defendant to inform it of its breaches of express warranties. Moreover, Plaintiffs' counsel served via e-mail Defendant's counsel with pre-suit notice of its breaches of warranties on behalf of Plaintiffs and Class Members: on August 13, 2021 by Plaintiff Hrapoff; and on August 16, 2021 by Plaintiff Hessel.

105. Defendant's counsel acknowledged receipt of Plaintiffs' pre-suit notice letters by responding to Plaintiffs' counsel's email(s) regarding service of the pre-suit notice letters.

106. Defendant also has notice of the conduct related to its breach of warranties by way of the lawsuit that was filed: *Scilex Pharmaceuticals, Inc. v. Sanofi-Aventis U.S. LLC, et al.*, 4:21-cv-01280 (N.D. Cal.) (filed on February 23, 2021).

107. As a direct and proximate result of Defendant's breaches of express warranty, Plaintiffs and Class Members have been damaged because they did not receive the Product as specifically warranted by Defendant. Plaintiffs and Class Members did not receive the benefit of the bargain and suffered damages by purchasing the misrepresented Product.

**COUNT II**
**VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT**
**Cal. Civ. Code § 1750 et seq. ("CLRA")**
**(On Behalf of Plaintiff Hrapoff and the California Subclass)**

108. Plaintiff Hrapoff repeats and re-alleges all proceeding factual allegations above as if fully set forth herein.

109. Plaintiff Hrapoff brings this count on behalf of herself and the California Subclass against Defendant.

110. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes. Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff Hrapoff and California Subclass Members, and violated and continues to violate the following sections of the CLRA:

a. § 1770(a)(5): representing that goods have characteristics, uses, or

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

benefits which they do not have;

b. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c. § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d. § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

111. Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers.

112. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

113. On August 13, 2021, Plaintiff Hrapoff, on behalf of herself and all California Subclass Members sent a Consumer Legal Remedies Notice letter via email, pursuant to Cal. Civ. Code § 1782, to counsel for Defendant, who represented that service upon Defendant via email was acceptable.

114. Defendant also has notice of the conduct related to its violation of the CLRA by way of the lawsuit that was filed: *Scilex Pharmaceuticals, Inc. v. Sanofi- Aventis U.S. LLC, et al.*, 4:21-cv-01280 (N.D. Cal.) (filed on February 23, 2021).

115. Pursuant to California Civil Code § 1780, Plaintiff Hrapoff, on behalf of herself and the California Subclass Members, reasonable attorney fees and costs, damages, and any other relief that the Court deems proper.

**COUNT III**
**VIOLATIONS OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT**
**New York Gen. Bus. Law § 349, *et seq.* ("GBL")**
**(On Behalf of Plaintiff Hessel and the New York Subclass)**

116. Plaintiff Hessel repeats and re-alleges all proceeding factual allegations above as if fully set forth herein.

117. Plaintiff Hessel brings this count on behalf of himself and the New York Class against Defendant.

118. The New York Deceptive Acts and Practices Act makes unlawful "[d]eceptive acts or

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349.

119. Defendant engaged in deceptive acts or practices in the conduct of its business, trade, and commerce or furnishing of services, in violation of N.Y. Gen. Bus. Law § 349, as described herein.

120. Defendant's foregoing acts and practices, including its omissions, as alleged herein, were directed at consumers.

121. Defendant's representations and omissions were material, in part, because they concerned an essential part of the Products' composition and also because they were likely to deceive reasonable consumers.

122. Defendant's foregoing deceptive acts and practices, including its omissions, were and are deceptive acts or practices in violation of New York's General Business Law section 349, Deceptive Acts and Practices, N.Y. Gen. Bus. Law 349, *et. seq*., in that:

- Defendant represented to Plaintiff Hessel and New York Subclass Members that the Product had approval or characteristics that it did not have;
- Defendant represented to Plaintiff Hessel and New York Subclass Members that the Product was of a particular standard, quality, or grade when it was actually of another;
- Defendant advertised to Plaintiff Hessel and New York Subclass Members goods with intent not to sell them as advertised;
- Defendant engaged in other fraudulent or deceptive conduct creating a likelihood of confusion or misunderstanding; and
- Defendant represented that consumers' purchases of the Product conferred or involved rights that the transactions did not have or involve.

123. Plaintiff Hessel and New York Subclass Members suffered damages when they purchased the Product. Defendant's unconscionable, deceptive and/or unfair practices caused actual damages to Plaintiff Hessel and New York Subclass Members.

124. Defendant's foregoing deceptive acts and practices, including its omissions, as discussed herein, were likely to deceive, and did deceive, consumers acting reasonably under the circumstances.

Case 4:21-cv-01943-JST Document 100 Filed 07/01/23 Page 21 of 35

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

125. Plaintiff Hessel reserves the right to allege other violations of the law, which constitute other unlawful business acts and practices. As alleged herein, Defendant continues to misrepresent the Product's abilities and continues to represent that the Product is a "Maximum Strength" lidocaine product. Further, Defendant has not provided any remedial efforts to Plaintiff Hessel and New York Subclass Members, and Defendant's conduct is ongoing and continues to this date.

126. Defendant recklessly disregarded Plaintiff Hessel's and New York Subclass Members' rights.

127. Defendant's knowledge of the Product's deceptive claims put it on notice that Defendant's Product was not as it advertised.

128. As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff Hessel and the New York Subclass Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Product.

129. By reason of the foregoing, Plaintiff Hessel and the New York Subclass Members also seek actual damages or statutory damages of $50 per violation, whichever is greater, as well as punitive damages. N.Y. Gen. Bus. Law § 349(h).

**COUNT IV**
**VIOLATIONS OF THE NEW YORK**
**DECEPTIVE SALES PRACTICE ACT**
**New York Gen. Bus. Law § 350, *et seq*. ("GBL")**
**(On Behalf of Plaintiff Hessel and the New York Subclass)**

130. Plaintiff Hessel repeats and re-alleges all proceeding factual allegations above as if fully set forth herein.

131. Plaintiff Hessel brings this count on behalf of himself and the New York Subclass against Defendant for violation of New York General Business Law § 350.

132. Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 350.

133. New York General Business Law § 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect." N.Y. Gen. Bus. Law § 350-a. The

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

section also provides that advertising can be false by omission, as it further defines "false advertising" to include "advertising [that] fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates." *Id*.

134. Defendant's labeling, marketing, and advertising of the Product, as alleged herein, are "misleading in a material respect," and are thus "false advertising." As described herein, Defendant repeatedly advertised, both on the Product labels and through a national advertising campaign, *inter alia*, that the Product was a "Maximum Strength" lidocaine product.

135. As alleged herein, contrary to its representations and omissions, the Product is not a "Maximum Strength" lidocaine product. Despite being advertised as a "Maximum Strength" lidocaine product, comparable lidocaine products exist in the marketplace that contain more lidocaine than Defendant's Product.

136. Defendant had exclusive knowledge of material facts concerning the deceptive nature of the labeling and marketing of the Product.

137. Defendant's conduct caused and continues to cause injury to consumers, including Plaintiff Hessel and New York Subclass Members, in that they were misled to believe that they were purchasing a "Maximum Strength" lidocaine product.

138. In making and disseminating the false labeling and statements alleged herein, Defendant knew, or should have known, that its practices were materially deceptive and misleading in violation of N.Y. Gen. Bus. Law § 350, *et seq*.

139. Plaintiff Hessel and the New York Subclass Members based their decision to purchase the Product in substantial part on Defendant's labeling, advertisements, material representations. The revenue to Defendant attributable to the sale of the Product likely amounts to millions of dollars.

140. Based on all the foregoing, Defendant has violated New York General Business Law § 350, causing Plaintiff Hessel and the New York Subclass Members to sustain injury in fact – the loss of monies paid for the Product.

141. The misrepresentations by Defendant of the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute violations of N.Y. Gen. Bus. Law § 350, *et seq*.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

142. As a direct and proximate result of Defendant's violation of New York General Business Law § 350, Plaintiff Hessel and the New York Subclass Members have also suffered an ascertainable loss of monies. By reason of the foregoing, Plaintiff Hessel and the New York Subclass Members also seek actual damages or statutory damages of $500 per violation, whichever is greater, as well as punitive damages. N.Y. Gen. Bus. Law § 350-e (3).

**COUNT V**
**VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT**
**815 ILCS 505/1, *et seq.* ("ICFA")**
**(On Behalf of Plaintiff Marcy Lucchesi and the Illinois Subclass)**

143. Plaintiff Lucchesi repeats and re-alleges all proceeding factual allegations above as if fully set forth herein.

144. The Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/1, *et seq*., prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce. The ICFA is to be liberally construed to effectuate its purpose.

145. Plaintiff Lucchesi and other members of the Illinois Subclass, as purchasers of the Product, are consumers within the meaning of the ICFA given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

146. Defendant's conduct in misrepresenting the benefits of its Product constitute the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

147. Defendant also knowingly concealed, suppressed, and consciously omitted material facts to Plaintiff Lucchesi and other members of the Illinois Subclass knowing that consumers would rely on the advertisements and packaging and Defendant's uniform representations to purchase the Product.

148. Consumers (Plaintiff Lucchesi and other members of the Illinois Subclass) were entitled to disclosure of the fact that Defendant's 4% lidocaine Product is not a "Maximum Strength" lidocaine Product, as represented by Defendant, because the strength of lidocaine in a pain relief product, as advertised, would be a material fact in a consumer's decision-making process, and,

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

without Defendant's disclosure consumers would not necessarily know that they were not receiving a "Maximum Strength" lidocaine product.

149. Defendant intended that Plaintiff Lucchesi and the Illinois Subclass members would rely on the continued deception by purchasing the Product, unaware of the material facts and omissions described above. Defendant knew that its customers would continue to rely on its representations that the Product was a "Maximum Strength" lidocaine product in purchasing the Product. This conduct constitutes consumer fraud within the meaning of the ICFA.

150. Defendant's material non-disclosure set forth above constitutes an unconscionable commercial practice, deception, fraud, false promise, misrepresentation and/or omission of material facts as to the nature of the goods, in violation of the ICFA.

151. Plaintiff Lucchesi and the other members of the Illinois Subclass suffered damages as a proximate result of the unfair acts or practices of Defendant alleged herein. Defendant's misrepresentations and/or omissions of material fact were done knowingly, intentionally, willfully or with reckless disregard for the consequences of its actions.

152. Plaintiff Lucchesi and other members of the Illinois Subclass would not have purchased the Product (or would have paid less for the Product) but for the promised benefits and concealment of any risk of harm because the Product as sold had no intrinsic value to them.

153. Defendant knowingly accepted the benefits of its deception and improper conduct in the form of profits from the increased sale of the Product.

154. As a proximate result of the above-described violations of the ICFA, Plaintiff Lucchesi and other members of the Illinois Subclass: (a) purchased and used the Product when they would not otherwise have done so; and (b) suffered economic losses consisting of the cost of purchasing the Product.

155. Defendant's conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

Case 4:21-cv-01943-JST Document 100 Filed 07/21/23 Page 25 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**COUNT VI**
**VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**815 ILCS §§ 510/2, *et seq.***
**(On Behalf of Plaintiff Lucchesi and the Illinois Subclass)**

156. Plaintiff Lucchesi repeats and re-alleges all proceeding factual allegations above as if fully set forth herein.

157. Plaintiff Lucchesi brings this claim on behalf of herself and the Illinois Subclass against Defendant for violations of the Illinois Uniform Deceptive Trade Practices Act, ILCS §§ 510/2, *et seq*.

158. Defendant constitutes a "person" as defined by 815 ILCS §§ 510/1(5).

159. Defendant engaged in deceptive trade practices in the conduct of its business, in violation of 815 ILCS §§ 510/2(a), including:

- Defendant represented to Plaintiff Lucchesi and the Illinois Subclass that the Product had approval or characteristics that it did not have;
- Defendant represented to Plaintiff Lucchesi and the Illinois Subclass that the Product was of a particular standard, quality, or grade when it was actually of another;
- Defendant advertised to Plaintiff Lucchesi and the Illinois Subclass goods with intent not to sell them as advertised;
- Defendant engaged in other fraudulent or deceptive conduct creating a likelihood of confusion or misunderstanding; and
- Defendant represented that consumers' purchases of the Product conferred or involved rights that the transactions did not have or involve.

160. As described herein, Defendant repeatedly advertised, both on the Product labels and through a national advertising campaign, *inter alia*, that the Product is a "Maximum Strength" lidocaine product.

161. Contrary to its representations and omissions as discussed herein, the Product is not a "Maximum Strength" lidocaine product because Defendant's Product only contains a 4% concentration of lidocaine when other comparable lidocaine products exist in the marketplace that contain a greater amount of lidocaine (and thus, are stronger) than Defendant's Product.

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

162. Defendant had exclusive knowledge of material facts concerning the deceptive nature of the Product's labeling and advertising, including that the Product was not a "Maximum Strength" lidocaine product, as discussed herein.

163. Defendant's representations and omissions were material because they were likely to deceive reasonable consumers, including Plaintiff Lucchesi and Illinois Subclass Members.

164. The above unfair and deceptive practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff Lucchesi and Illinois Subclass Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

165. As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff Lucchesi and Illinois Subclass Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing Defendant's Product.

166. Plaintiff Lucchesi and Illinois Subclass Members seek all monetary and non-monetary relief allowed by law, including reasonable attorney's fees.

**COUNT VII**
**FRAUD**
**(On Behalf of All Plaintiffs and the Nationwide Class)**

167. Plaintiffs repeat and re-allege all proceeding factual allegations above as if fully set forth herein.

168. Plaintiffs Cheri Hrapoff, Jody Hessel, and Marcy Lucchesi bring this count on behalf of themselves, the Nationwide Class, California Subclass, New York Subclass, and Illinois Subclass against Defendant, Hisamitsu.

169. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiffs have satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

- **WHO**: Defendant, Hisamitsu America, Inc., made material misrepresentations and/or omissions of fact in its labeling and marketing of the Product by representing that the

Case 4:21-cv-01943-JST Document 100 Filed 07/01/23 Page 27 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Product is a "Maximum Strength" lidocaine product.

- **WHAT**: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Product is a "Maximum Strength" lidocaine product. Defendant omitted to Plaintiffs and Class Members that the Product is not a "Maximum Strength" lidocaine product because other lidocaine products exist in the market that contain a higher amount (i.e. 5%) of lidocaine. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and contains to represent that the Product is a "Maximum Strength" lidocaine product when it is not, and has omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%).
- **WHEN**: Defendant made material misrepresentations and/or omissions detailed herein, including that the Product is a "Maximum Strength" lidocaine product, continuously throughout the applicable Class period(s).
- **WHERE**: Defendant's material misrepresentations and omissions, that the Product is a "Maximum Strength" lidocaine product were made on the front labeling and packaging of the Product and throughout Defendant's advertising. Defendant's "Maximum Strength" front label misrepresentations are written in blond font and highlighted in bright yellow, which instantly catches the eye of all reasonable consumers, including Plaintiffs, at the point of sale in every transaction. The Product is sold in brick and mortar and online retailers nationwide.
- **HOW**: Defendant made written misrepresentations right on the front label of the Product that the Product was a "Maximum Strength" lidocaine product even though other stronger lidocaine products are available in the market. As such, Defendant's "Maximum Strength" representations are false and misleading. Moreover, Defendant omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%). And as discussed in detail throughout this First Amended Complaint, Plaintiffs and Class Members read and relied on

Case 4:21-cv-01943-JST Document 100 Filed 07/01/23 Page 29 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Defendant's "Maximum Strength" representations before purchasing the Product.

- **WHY**: Defendant misrepresented its Product as being a "Maximum Strength" lidocaine product and omitted from the Product's labeling the fact that there are other prescription products available in the market that contain a higher percentage of lidocaine (i.e. 5%) for the express purpose of inducing Plaintiffs and Class Members to purchase the Product at a substantial price premium. As such, Defendant profited by selling the misrepresented Product to at least thousands of consumers throughout the nation.

170. As alleged herein, Defendant Hisamitsu made these material "Maximum Strength" representations and omissions in order to induce Plaintiffs and Class Members to purchase the Product.

171. As alleged in detail herein, Hisamitsu knew the misrepresentations and omissions regarding the Product were false and misleading but nevertheless made such representations and omissions through the marketing, advertising and on the Product's labeling. In reliance on these representations and omissions, Plaintiffs and Class Members were induced to, and did, pay monies to purchase the Product.

172. Had Plaintiffs and the Class known the truth about the Product, they would not have purchased the Product.

173. As a proximate result of the fraudulent conduct of Defendant, Hisamitsu, Plaintiffs and Class Members paid monies to Defendant, through its regular retail sales channels, to which Defendant is not entitled, and have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek a judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and/or Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class Members;

b. For an order declaring that Defendant's conduct violated the laws referenced herein;

Case 4:21-cv-01943-JST Document 100 Filed 09/12/23 Page 29 of 31

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

c. For an order finding in favor of Plaintiffs and the Class and/or Subclass on all counts asserted herein;

d. For statutory and compensatory damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order awarding Plaintiffs and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit;

g. Damages in an amount to be determined at trial; and

h. For such other and further relief as the Court may deem proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all claims and issues so triable.

Dated: September 12, 2023

Respectfully submitted,

*/s/ Trenton R. Kashima*

Trenton R. Kashima
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
T : (619) 810-7047
tkashima@milberg.com

Jonathan Shub (Sate Bar No. 237708)
**SHUB LAW FIRM LLC**
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
F: 856-210-9088
jshub@shublawyers.com

Nick Suciu*
**BARBAT MANSOUR SUCIU & TOMINA PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, Michigan 48301
Tel: (313) 303-3472
Email: nicksuciu@bmslawyers.com

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

Charles E. Schaffer*
David C. Magagna Jr.*
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com
dmagagna@lfsblaw.com

Susan S. Brown (State Bar No. 287986)
**SUSAN BROWN LEGAL SERVICES**
388 Market Street, Suite 1300
San Francisco, CA 94111
Phone: (415) 712-3026
susan@susanbrownlegal.com

**Pro Hac Vice* Application Submitted or Granted

*Attorneys for Plaintiffs*
*and Putative Class Members*

FILED DATE: 7/8/2026 3:18 PM 2024CH00079

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 13, 2023, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on the following ECF-registered counsel of record.

*/s/ Trenton R. Kashima*
Trenton R. Kashima